1   MATTHEW L. LARRABEE (No. 97147)     C. CRAIG BRIDWELL (No. 246124)
    matthew.larrabee@dechert.com         SCHIFF HARDIN LLP
2   DAVID A. KOTLER (*pro hac vice*)       cbridwell@schiffhardin.com
    david.kotler@dechert.com          One Market, Spear Street Tower
3   MURIEL M. KOROL (No. 261909)      Thirty-Second Floor
    muriel.korol@dechert.com          San Francisco, CA  94105
4   DECHERT LLP                  Telephone:  415.901.8798
    One Maritime Plaza, Suite 2300       Facsimile:   415.901.8701
5   San Francisco, California  94111-3513
    Telephone:  415.262.4500
6   Facsimile:   415.262.4555

7   Counsel for Defendants           Counsel for Defendants
    RYDEX SERIES FUNDS; PADCO     JOHN O. DEMARET; COREY A.
8   ADVISORS INC. d/b/a RYDEX      COLEHOUR; J. KENNETH DALTON;
    INVESTMENTS, INC.; RYDEX       WERNER E. KELLER; THOMAS F.
9   DISTRIBUTORS, INC.; NICK BONOS;  LYDON; PATRICK T. MCCARVILLE;
    MICHAEL P. BYRUM; RICHARD M.   and ROGER SOMERS
10  GOLDMAN; and CARL G. VERBONCOEUR

11

12

13               UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15                SAN FRANCISCO DIVISION

16

| | |
|---|---|
| 17  JAMES RAFTON, TRUSTEE OF THE JAMES AND CYNTHIA RAFTON 18  TRUST, | Case No. 10cv1171 CRB |
| 19        Plaintiff, | Action filed: March 19, 2010 |
| 20  v. | **MOTION, NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF** |
| 21  RYDEX SERIES FUNDS; PADCO ADVISORS INC. d/b/a RYDEX | **MOTION TO TRANSFER VENUE TO DISTRICT OF MARYLAND PURSUANT** |
| 22  INVESTMENTS, INC.; RYDEX DISTRIBUTORS, INC.; RICHARD M. | **TO 28 U.S.C. § 1404(a)** |
| 23  GOLDMAN; CARL G. VERBONCOEUR; JOHN O. DEMARET; | Date:      June 25, 2010 |
| 24  NICK BONOS; MICHAEL P. BYRUM; COREY A. COLEHOUR; J. KENNETH | Time:     10:00 a.m. Dept:     Courtroom 8, 19th Floor |
| 25  DALTON; WERNER E. KELLER; THOMAS F. LYDON; PATRICK T. | Judge:    Hon. Charles R. Breyer |
| 26  MCCARVILLE; ROGER SOMERS; and DOES 1 through 25, inclusive, | |
| 27 | |
| 28        Defendants. | |

## NOTICE OF MOTION AND MOTION TO TRANSFER

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE THAT, on June 25, 2010, at 10:00 a.m or as soon thereafter as the matter may be heard in the courtroom of the Honorable Charles H. Breyer, United States District Court for the Northern District of California, San Francisco Division, 450 Golden Gate Ave., Courtroom 8, 19th Floor, San Francisco, California, defendants Rydex Series Funds, PADCO Advisors Inc. d/b/a Rydex Investments, Rydex Distributors, Inc., Nick Bonos, Michael P. Byrum, Richard M. Goldman, Carl G. Verboncoeur, John O. Demaret, Corey A. Colehour, J. Kenneth Dalton, Werner E. Keller, Thomas F. Lydon, Patrick T. McCarville and Roger Somers (collectively, "Defendants") will and hereby do move for an order transferring the above-captioned action to the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1404(a).

This motion is based upon this notice of motion, the memorandum set forth below, the accompanying declaration of Amy J. Lee, Exhibit A to this memorandum, and such other written or oral arguments as may be presented to the Court.

## STATEMENT OF THE ISSUE
(Civil Local Rule 7-4)

For the convenience of the parties and witnesses and in the interest of justice, should this case be transferred to the District of Maryland pursuant to 28 U.S.C. § 1404(a)?

1

## <u>TABLE OF CONTENTS</u>

2

Page

3    PRELIMINARY STATEMENT...................................................................................................... 1

4    STATEMENT OF RELEVANT FACTS ........................................................................................ 2

5    ARGUMENT .................................................................................................................................. 4

6    I.      EVERY FACTOR IN THE SECTION 1404(a) ANALYSIS DICTATES THAT
             THIS CASE SHOULD BE TRANSFERRED TO THE DISTRICT OF
7            MARYLAND. .................................................................................................................... 4

8            A.      The Center Of Gravity Of This Case Is The District of Maryland, Not The
                     Northern District of California............................................................................... 5
9
             B.      The District of Maryland Is A Much More Convenient Forum For The
10                   Likely Witnesses Than The Northern District Of California................................... 6

11           C.      The District Of Maryland Is A Much More Convenient Forum For The
                     Parties Than The Northern District Of California.................................................... 7
12
             D.      The Potentially Relevant Documents Will Be Located In The District Of
13                   Maryland; None Will Be Located In The Northern District Of California............. 8

14           E.      The District of Maryland Is Less Congested And Has A Greater Interest In
                     The Controversy Than The Northern District Of California. ................................. 8
15
             F.      Plaintiff's Forum Choice Is Not Entitled To Any Deference. ............................... 9
16
      II.    THIS CASE UNDOUBTEDLY "MIGHT HAVE BEEN BROUGHT" IN THE
17           DISTRICT OF MARYLAND. .......................................................................................... 10

18    CONCLUSION............................................................................................................................ 10

19

20

21

22

23

24

25

26

27

28

1

## <u>TABLE OF AUTHORITIES</u>

2

### CASES

3

*In re Amkor Tech., Inc. Sec. Litig.*,
    No. 06-298, 2006 WL 3857488 (E.D. Pa. Dec. 28, 2006)...................................................7

4

*Alexander v. Franklin Res., Inc.*,
    No. C 06-7121 SI, 2007 WL 518859 (N.D. Cal. Feb. 14, 2007) .....................................10

5

6

*Cardoza v. T-Mobile USA Inc.*,
    No. 08-5120 SC, 2009 WL 723843 (N.D. Cal. Mar. 18, 2009).........................................7

7

*In re Choice Hotels Inc. Sec. Litig.*,
    Nos. 07-cv-00734-REB-BNB, 2008 WL 793621 (D. Colo. Mar. 24, 2008)....................8

8

9

*Cohn v. Oppenheimerfunds, Inc.*,
    09cv1656-WQH-BLM, 2009 WL 3818365 (S.D. Cal. Nov. 12, 2009).........................5, 9

10

*David v. Alphin*,
    No. C 06-04763 WHA, 2007 WL 39400 (N.D. Cal. Jan. 4, 2007)....................................7

11

12

*Foster v. Nationwide Mut. Ins. Co.*,
    No. C 07-04928 SI, 2007 WL 4410408 (N.D. Cal. Dec. 14, 2007)...................................8

13

*Garcia v. 3M Co.*,
    No. C-09-01943 RMW, 2009 WL 3837243 (N.D. Cal. Nov. 16, 2009) ...........................8

14

*Gerin v. Aegon USA, Inc.*,
    No. C 06-5407 SBA, 2007 WL 1033472 (N.D. Cal. Apr. 4, 2007)...............................5, 8

15

16

*In re Hangar Orthopedic Group,Inc.*,
    418 F. Supp. 2d 164 (E.D.N.Y. 2006) .............................................................................6

17

*Kaloghlian v. Best Buy Stores, L.P.*,
    2008 WL 4890895 (N.D. Cal. Nov. 12, 2008)..................................................................5

18

19

*Koster v. Lumbermans Mut. Cas. Co.*,
    330 U.S. 518 (1947)..........................................................................................................9

20

*Lou v. Belzberg*,
    834 F.2d 730 (9th Cir. 1987)............................................................................................9

21

22

*Maxon v. Jefferson Pilot Secs. Corp.*,
    No. C 01-02668 CRB, 2002 WL 523575 (N.D. Cal. Apr. 2, 2002) .................................4

23

*Shalaby v. Newell Rubbermaid, Inc*
    No. C06-07026 MJJ, 2007 WL 3144357 (N.D. Cal. Oct. 24, 2007) ..............................10

24

25

*Shulof v. Westinghouse Elec. Corp.*,
    402 F. Supp. 1262 (S.D.N.Y. 1975)................................................................................9

26

*Stewart v. Jos. A. Bank Clothiers, Inc.*,
    No. C 09-5348 PJH, 2010 WL 545846 (N.D. Cal. Feb. 10, 2010)..............................4, 10

27

28

*In re Stillwater Mining Co. Sec. Litig.*,
    No. 02 Civ. 2806(DC), 2003 WL 21087953 (S.D.N.Y. May 12, 2003)............................. 6

*Tropos Networks, Inc. v. IPCO LLC*,
    No. C 05-04281 JSW, 2006 WL 1883316 (N.D. Cal. July 7, 2006) .................................. 9

*In re Yahoo! Inc.*,
    No. CV 07-3125 CAS (FMOx), 2008 WL 707405 (C.D. Cal. Mar. 10, 2008) .. 4, 5, 6, 8, 9

## FEDERAL STATUTES

15 U.S.C. § 77v ....................................................................................................................... 10

28 U.S.C. § 1391(b) ................................................................................................................ 10

28 U.S.C. § 1404(a) ......................................................................................................... 1, 4, 5, 10

Dechert LLP
Attorneys At Law
San Francisco

MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)

10CV1171

**PRELIMINARY STATEMENT**

This is a putative nationwide securities class action alleging that the registration statements in effect for the Rydex Inverse Government Long Bond Strategy Fund ("Fund") between March 2007 and March 2010 were false and misleading, in violation of sections 11 and 12(a)(2) of the Securities Act of 1933 (the "Securities Act").  Liability of the Defendants is said to arise variously from these provisions and Section 15 of the Securities Act.  Specifically, Plaintiff alleges that the registration statements failed to disclose a so-called mathematical "compounding effect" that is inherent in benchmark funds that "reset" their objective daily and that can cause investor results to deviate from the fund benchmark over long time periods or during volatile markets.  Plaintiff alleges the Fund is therefore inappropriate for investors who do not understand the inherent functioning of these funds and who maintain long term investments in the Fund without monitoring the Fund's performance in relation to the benchmark.  Defendants vigorously contest these allegations, which seriously mischaracterize the Fund's disclosures.  The purpose of this motion, however, is to ensure that this vigorous dispute is resolved in the most appropriate and convenient forum, the District of Maryland.  As we explain below, this case presents a textbook example of litigation that should be transferred, pursuant to 28 U.S.C. § 1404(a), for the convenience of the parties and witnesses, and in the interest of justice.

Under any rational legal standard, the center of gravity of Plaintiff's securities claims is the District of Maryland, not the Northern District of California (or anywhere else).  The Fund itself is a series of the Defendant Rydex Series Funds, a business trust headquartered in Maryland.  The Defendant investment adviser (PADCO Advisors Inc. d/b/a Rydex Investments) manages the Fund's investments and is incorporated and headquartered in Maryland.  The Fund's distributor (Rydex Distributors, Inc.), which is also a Defendant, is also incorporated and headquartered in Maryland.  The remaining Defendants are the members of the Board of Trustees of the Maryland-based Trust and certain officers of the investment adviser, who live in, work in, and/or most often travel for Fund business to, the District of Maryland.

Accordingly, it is also necessarily true that the alleged wrongdoing -- the issuance of the allegedly misleading disclosures and the management of the Fund's assets -- occurred in the

District of Maryland.  Moreover, substantially all knowledgeable witnesses, *e.g.*, the individuals responsible for issuing the disclosures or for managing the Fund's assets, are based in the District of Maryland.  By the same token, the documentary evidence likely to be relevant to this case is located almost exclusively in the District of Maryland.

The Northern District of California, on the other hand, has no meaningful connection to the critical issues in this case:  none of the alleged wrongdoing occurred here; none of the individual Defendants lives here, works here, or regularly travels here on Fund business; and few if any of the witnesses or documents that are likely to be relevant are located here (with the sole exception of Plaintiff if he is ultimately appointed as lead plaintiff by the Court[1]).  Thus, the convenience of the parties and witnesses and the interest of justice overwhelmingly favor transferring this case to the District of Maryland.  Plaintiff's choice of a forum that may be convenient only to himself does not come close to upsetting this result, particularly because Plaintiff is attempting to represent a putative nationwide class of investors and is complaining about allegedly wrongful conduct that undeniably occurred in the District of Maryland, not this District.

## STATEMENT OF RELEVANT FACTS

The Fund is a series of Defendant Rydex Series Funds (the "Trust"), a Delaware statutory trust that is registered as an open-end management investment company -- in common parlance, a "mutual fund" -- under the Investment Company Act of 1940.  Compl. ¶ 8; Declaration of Amy J. Lee filed herewith ("Lee Decl.") ¶ 3.  The Trust is based in Rockville, Maryland.  Compl. ¶ 8; Lee Decl. ¶ 3.  The Trust does not have any employees nor does it have its own office space, whether in the Northern District of California or elsewhere.  Lee Decl. ¶ 4.  Rather, as is true of almost all mutual funds, the Trust, governed by a Board of Trustees, enters into contracts with

---

[1]    On May 18, 2010, Plaintiff filed a motion to be appointed co-lead plaintiff along with his business partner, who also is alleged to be a resident of California.  (Dkt. 12)  Like the present motion, Plaintiff's motion is scheduled for hearing on June 25, 2010.  For reasons that Defendants will set forth in their response to Plaintiff's lead plaintiff motion, Defendants respectfully submit that as a matter of judicial efficiency, the venue motion should be decided before the lead plaintiff motion is decided.

1   third-party vendors -- *e.g.*, investment adviser, distributor, transfer agent -- to provide all the

2   services to the Fund that it needs to conduct its business and that it cannot provide for itself.  *Id.*

3        The Trust's principal day-to-day activities are carried out by Defendant PADCO Advisors

4   Inc. d/b/a Rydex Investments (referred to in the complaint as the "Manager") pursuant to a

5   management contract that, as required by law, has been approved by the Trust's Board of

6   Trustees and its shareholders.  *Id.* ¶ 9.  The Manager performs a range of Trust functions, chief

7   among them making the day to day investment decisions for funds of the Trust, including the

8   Fund.  *Id.*  The Manager is incorporated and headquartered in Maryland and has been there since

9   its inception in 1993.  Compl. ¶ 9; Lee Decl. ¶ 10.  Any of the 46 total employees of the Manager

10  who either were responsible for managing the Fund's assets during the putative class period or

11  were involved in the preparation of the registration statements at issue in this case work in the

12  District of Maryland.  Lee Decl. ¶ 10.  Likewise, all potentially relevant documents within the

13  Manager's possession related to the investment decisions made on behalf of the Fund by the

14  Manager, along with all potentially relevant documents related to the preparation of the

15  registration statements at issue in this case, are maintained by the Manager in the District of

16  Maryland.  *Id.*  The Manager has no offices or employees anywhere in California, and none of the

17  Manager's documents relevant to this case is located anywhere in California.  *Id.*

18       Defendant Rydex Distributors, Inc. (referred to in the complaint as the "Distributor") is a

19  registered broker-dealer that acts as the principal underwriter and distributor for the Fund, among

20  other mutual funds.  Compl. ¶ 10; *see* Lee Decl. ¶ 11.  The Distributor is incorporated and

21  headquartered in Maryland.  Lee Decl. ¶ 11.  The potentially relevant witnesses and documents of

22  the Distributor are also located in the District of Maryland.  *Id.*[2]

23       The individually-named Defendants in this case are all either present or former Trustees of

24  the Fund, with the exception of Defendant Bonos who is an officer of the Trust.  Compl. ¶¶ 11-

25  21; Lee Decl. ¶ 7.[3]  At all times during the putative class period, the Board of Trustees met

---

[2]      The Distributor does have three employees and two branch offices in California, including one in this District.  Lee Decl. ¶ 11.

[3]      Defendants Goldman, Bonos, Byrum and Verboncouer also are or were officers of the Manager and the Trust.  Compl. ¶¶ 11, 12, 14, 15; Lee Decl. ¶ 7.

primarily in the District of Maryland, and at several other locations all of which are outside the Northern District of California.  Lee Decl. ¶ 5.[4]  None of the individually-named Defendants resides now, nor did any reside at any time during the putative class period, in the Northern District of California.  *Id.* ¶ 6.[5]  In addition, the individual Defendants each worked in or regularly travelled to the District of Maryland as part of his business activities on behalf of the Trust.  *Id.* ¶ 8.  None of the individual Defendants worked in or regularly travelled to the Northern District of California as part of his regular business activities on behalf of any entity Defendant.  *Id.*

In sum, the potential defendant witnesses overwhelmingly reside in or have strong business connections to the District of Maryland and their potentially relevant documents are located there.  In contrast, the only apparent connection between this case and the Northern District of California is the fact that Plaintiff and his business partner -- two of thousands of Fund shareholders -- appear to reside in this District.  As demonstrated below, on these facts, well-settled precedent dictates that this case should be transferred to the District of Maryland.

## ARGUMENT

### I.   EVERY FACTOR IN THE SECTION 1404(a) ANALYSIS DICTATES THAT THIS CASE SHOULD BE TRANSFERRED TO THE DISTRICT OF MARYLAND.

The Court should transfer this case to the District of Maryland if "it might have been brought" there and "the convenience of the parties and witnesses" and the "interest of justice" weigh in favor of litigating the case there.  28 U.S.C. § 1404(a); *see Stewart v. Jos. A. Bank Clothiers, Inc.*, No. C 09-5348 PJH, 2010 WL 545846, at *2 (N.D. Cal. Feb. 10, 2010) (motion to transfer granted).  The well-recognized factors to be considered in this analysis include: (1) the center of gravity of the case, *i.e.*, the relationship of plaintiff's cause of action to the chosen forum; (2) convenience of the witnesses; (3) convenience of the parties; (4) relative court congestion; (5) any local interest in the controversy; and (6) plaintiff's choice of forum.  *See*

---

[4]     During the putative class period, the Board of Trustees held a total of 17 meetings.  Six of those meetings occurred in the District of Maryland, *i.e.*, at the Rockville, Maryland headquarters of the Manager.  Two of the meetings occurred in California but well outside the Northern District (Newport Beach, Santa Barbara).  The remaining meetings occurred either in Kansas, New York, Illinois, Texas, or Florida.  Lee Decl. ¶ 5.

[5]     While two of the trustees live in Southern California, the remaining nine individual Defendants either live in Maryland or outside of California.  Lee Decl. ¶ 6.

1    *Stewart*, 2010 WL 545846, at \*2; *Maxon v. Jefferson Pilot Secs. Corp.*, No. C 01-02668 CRB,

2    2002 WL 523575, at \*2 (N.D. Cal. Apr. 2, 2002) (Breyer, J.) (motion to transfer granted); *In re*

3    *Yahoo! Inc.*, No. CV 07-3125 CAS (FMOx), 2008 WL 707405, at \*2 (C.D. Cal. Mar. 10, 2008)

4    (motion to transfer granted).[6]  As we explain below, because the center of gravity of this putative

5    securities fraud class action clearly is the District of Maryland, it is not surprising that every

6    factor in the section 1404(a) analysis overwhelmingly favors transferring the case to that District,

7    warranting transfer notwithstanding Plaintiff's choice of this forum.

8         **A.**      **The Center Of Gravity Of This Case Is The District of Maryland, Not The**
9             **Northern District of California.**

10       The basic principle underlying the section 1404(a) analysis is that "litigation should

11    proceed where the case finds its center of gravity." *Kaloghlian v. Best Buy Stores, L.P.*, 2008 WL

12    4890895, at \*4 (N.D. Cal. Nov. 12, 2008) (granting motion to transfer) (internal quotations

13    omitted).  The center of gravity of this case is undoubtedly the District of Maryland.

14       In Securities Act cases, courts consistently have recognized that the "factual center" of the

15    case is where the allegedly misleading documents originated, rather than where the plaintiff may

16    have received them.[7]  *In re Yahoo!*, 2008 WL 707405 at \*8; *accord Cohn v. Oppenheimerfunds,*

17    *Inc.*, 09cv1656-WQH-BLM, 2009 WL 3818365, at \*5 (S.D. Cal. Nov. 12, 2009) (granting

18    transfer in a Section 11 case and finding that "operative conduct alleged . . . revolves around

19    documents and statements that were transmitted from outside of California"); *Gerin v. Aegon*

20    *USA, Inc.*, No. C 06-5407 SBA, 2007 WL 1033472, at \*6 (N.D. Cal. Apr. 4, 2007) (granting

21    transfer in a Section 11 case because "the prospectuses and marketing materials about which

22    Plaintiffs complain, and which are the centerpiece of this litigation, were drafted, reviewed, edited

23    and approved in [the transferee forum] and thus the operative facts on which the complaint is

---

24
25    [6]    Courts occasionally consider other factors, including each forum's familiarity with the applicable law; the feasibility of consolidation with other cases; the location where any relevant contracts were negotiated and executed; and the availability of compulsory process for unwilling non-party witnesses.

26
27    [7]    Plaintiff's sole venue allegations are that Defendants "disseminat[ed]" the allegedly misleading registration statements to Fund shareholders in this District, and that "several of the Defendants are found, inhabitants of or transact business in this District".  Compl. ¶ 4.  These general allegations are only true in the broadest sense, largely because some Fund shareholders inevitably reside in this District.  However, as discussed above, that fact is

28    immaterial to the transfer analysis.

based transpired in [the transferee forum]").  Courts have reached this conclusion by recognizing that the ultimate factual inquiry (assuming that the claims survive a motion to dismiss) generally will "focus on [D]efendants' conduct and do[es] not appear to implicate involved questions of fact regarding plaintiffs' behavior."  *In re Yahoo! Inc.*, 2008 WL 707405, at *3; *accord In re Hangar Orthopedic Group, Inc.*, 418 F. Supp. 2d 164, 169 (E.D.N.Y. 2006) (transferring action and finding that "locus of operative facts" is where the alleged misrepresentations originated from); *In re Stillwater Mining Co. Sec. Litig.*, No. 02 Civ. 2806(DC), 2003 WL 21087953, at *4 (S.D.N.Y. May 12, 2003) (granting transfer motion after recognizing that the facts giving rise to a securities fraud class action "lie within the knowledge of the officers and employees of [defendants] who participated in creating and disseminating the allegedly false and misleading statements.").  This body of law is particularly applicable to cases like this one, where the only claims are under the Securities Act and do not require proof of reliance by the plaintiff.

Here, the allegedly misleading registration statements were issued by a Fund that is headquartered in the District of Maryland, and the management of the Fund's assets pursuant to those registration statements occurred in the District of Maryland.  Moreover, all of the actions by the individual officers of the Manager who have been named as Defendants occurred in the District of Maryland.  On the other hand, not one of the numerous named Defendants took any action in the Northern District of California with respect to the allegedly misleading Fund offering materials or the management of the Fund's assets.  Thus, the center of gravity of this case clearly is the District of Maryland, not the Northern District of California.

**B.      The District of Maryland Is A Much More Convenient Forum For The Likely Witnesses Than The Northern District Of California.**

Because the center of gravity of this case is in the District of Maryland, it is not surprising that the District of Maryland would be a much more convenient forum for all potentially relevant fact witnesses other than Plaintiff.  As discussed above, in Securities Act cases like this one, the key witnesses -- and thus the witnesses whose convenience must be considered -- are generally certain employees of the entity Defendants and certain of the individual Defendants; the named Plaintiff is *not* a meaningful witness for purposes of assessing the convenience of a forum in the

1    face of these circumstances.  *See Cardoza v. T-Mobile USA Inc.*, No. 08-5120 SC, 2009 WL

2    723843, at *5 (N.D. Cal. Mar. 18, 2009) (convenience of forum to plaintiff not an important

3    factor where "the allegations in th[e] case focus on defendant's conduct").

4           The District of Maryland clearly is much more convenient for potential witnesses than the

5    Northern District of California.  *All* of the Manager's employees who either were responsible for

6    preparing the allegedly misleading disclosures in the Fund's registration statements or who made

7    investment decisions on behalf of the Fund work in the District of Maryland, not the Northern

8    District of California.  The Defendant Trustees met (and continue to meet) in the District of

9    Maryland or outside of the Northern District of California.  Moreover, the majority of the

10   Trustees either live in the District of Maryland or on the East Coast; none lives in the Northern

11   District of California.  Indeed, other than Plaintiff (assuming he is appointed as lead plaintiff) it is

12   not presently conceivable that any significant fact witness will reside or work in this District,

13   while it is quite conceivable that every other significant fact witness will reside, work, or at least

14   regularly be present in the District of Maryland.  Therefore, the District of Maryland is a far more

15   convenient forum for the witnesses, which weighs heavily in favor of transfer.  *See David v.*

16   *Alphin,* No. C 06-04763 WHA, 2007 WL 39400, at *5 (N.D. Cal. Jan. 4, 2007) (placing

17   "considerable weight on the fact that so many trial witnesses" were located in the transferee

18   forum and finding that this factor outweighed plaintiff's choice of forum).

19          **C.     The District Of Maryland Is A Much More Convenient Forum For The
                     Parties Than The Northern District Of California.**

20

21          The District of Maryland is a much more convenient forum for the parties as well.

22   Needless to say, this case may require the testimony of senior executives of the Manager and the

23   Distributor, as well as the Trustees of the Fund.  Thus, adjudicating the case near the entity

24   Defendants' headquarters in Maryland would help reduce disruptions to the entity Defendants'

25   businesses and help avoid the potentially significant costs that Defendants might incur if critical

26   personnel were forced to travel or were unable to work for any lengthy period of time.  *See, e.g.,*

27   *In re Amkor Tech., Inc. Sec. Litig.*, No. 06-298, 2006 WL 3857488, at *4 (E.D. Pa. Dec. 28, 2006)

28   (transferring a case to, among other things, avoid "disruption" of the daily activities of the

1   defendant corporation); *Garcia v. 3M Co.*, No. C-09-01943 RMW, 2009 WL 3837243, at *4

2   (N.D. Cal. Nov. 16, 2009) (taking into account the potential disruption of defendants' business

3   activities); *Foster v. Nationwide Mut. Ins. Co.*, No. C 07-04928 SI, 2007 WL 4410408 (N.D. Cal.

4   Dec. 14, 2007) (granting transfer after finding that transferee forum where corporate headquarters

5   and employee witnesses are located is more convenient).

6          On the other hand, Plaintiff and his business partner are but two of thousands of Fund

7   shareholders.  Under these circumstances, courts routinely find that the convenience of

8   defendants' witnesses is paramount to the convenience of a shareholder plaintiff who seeks to

9   represent a nationwide class of investors.  *See Gerin*, 2007 WL 1033472, at **7-8 (granting

10  transfer in Section 11 case and finding location of named plaintiffs unpersuasive).

11         **D.     The Potentially Relevant Documents Will Be Located In The District Of
            Maryland; None Will Be Located In The Northern District Of California.**

12

13         As many courts have noted, securities class actions are "document intensive." *In re*

14  *Choice Hotels Inc. Sec. Litig.*, Nos. 07-cv-00734-REB-BNB, 2008 WL 793621, at *2 (D. Colo.

15  Mar. 24, 2008) (granting transfer and finding that this factor "augurs heavily in favor of transfer"

16  to the forum where the documents are located).  The documents likely to be relevant to this case

17  relate to the drafting of the Fund's disclosures, the Fund's investments, and the management of

18  the Fund.  These documents are located in the District of Maryland, not the Northern District of

19  California.  *See In re Yahoo!*, 2008 WL 707405 at *9 (discussing location of defendants'

20  documents and databases and finding that these considerations weigh in favor of transfer).  Thus,

21  the location of all of the relevant documents in the District of Maryland also confirms why that

22  District is the more convenient forum for this case.  *See, e.g., Foster*, 2007 WL 4410408, at *6

23  ("[T]he cost of litigation will be substantially lessened if the action is venued in the same district

24  where most of the documentary evidence is found.").

25         **E.     The District of Maryland Is Less Congested And Has A Greater Interest In
            The Controversy Than The Northern District Of California.**

26

27         The District of Maryland is less congested than the Northern District of California.  In the

28  District of Maryland, the median time interval from filing to disposition in civil cases is 7.0

1    months, compared to 9.4 months in the Northern District of California.  *See* Exhibit A filed

2    herewith (U.S. District Courts—Median Time Intervals From Filing to Disposition of Civil Cases

3    Sept. 30, 2009).

4          In addition, the alleged wrongdoing in this case was committed by two Maryland-based

5    corporations in the District of Maryland and nine individual Defendants who live in, work in,

6    and/or regularly travel for Fund business to, the District of Maryland.  The Northern District of

7    California, by contrast, is just one of the many fora in which investors in the Fund happen to be

8    located.  Thus, the District of Maryland has a much greater interest in adjudicating this case.  *See*

9    *Tropos Networks, Inc. v. IPCO LLC*, No. C 05-04281 JSW, 2006 WL 1883316, at *4 (N.D. Cal.

10   July 7, 2006) (granting motion to transfer because, among other things, the transferee forum had a

11   greater interest in adjudicating disputes involving the conduct of local corporations).

12          **F.      Plaintiff's Forum Choice Is Not Entitled To Any Deference.**

13          Plaintiff's choice of a Northern District of California forum does not outweigh all of the

14   other factors that favor the District of Maryland.  Although a plaintiff's choice of forum is

15   sometimes given deference on a transfer motion, the Court should give no deference to Plaintiff's

16   choice in this case because:  (1) he seeks to represent a nationwide class; and (2) he is

17   complaining about conduct that occurred nearly 3,000 miles outside of this District.

18          First, the Supreme Court has explained that where there are numerous potential plaintiffs,

19   "all of whom could with equal show of right go into their many home courts, the claim of any one

20   plaintiff that a forum is appropriate merely because it is his home is considerably weakened."

21   *Koster v. Lumbermans Mut. Cas. Co.*, 330 U.S. 518, 524 (1947); *see also Lou v. Belzberg*, 834

22   F.2d 730, 739 (9th Cir. 1987) ("when an individual . . . represents a class, the named plaintiff's

23   choice of forum is given less weight").[8]  This principle is particularly relevant in securities class

24   actions, which focus on the Defendants' conduct, not the plaintiff's actions.  *See, e.g., In re*

25   *Yahoo!*, 2008 WL 707405, at *8; *Cohn*, 2009 WL 3818365, at *5.

26   _____

     [8]      Although *Koster* was a shareholder derivative action, its logic applies equally to shareholder class actions.
27   *See, e.g., In re Yahoo!*, 2008 WL 707405, at *6 ("[B]ecause this case is a class action, the usual reasons for deferring
     to a plaintiff's choice of forum do not apply.") (citing *Koster*, 330 U.S. at 524); *Shulof v. Westinghouse Elec. Corp.*,
     402 F. Supp. 1262, 1263 (S.D.N.Y. 1975) (relying on *Koster* to conclude that plaintiff's choice of forum in a
28   shareholder class action is entitled to essentially no deference).

1    Second, "a plaintiff's choice of forum should be given less weight when it is not the place

2    where the operative facts of the action occurred." *Shalaby v. Newell Rubbermaid, Inc.*, No. C06-

3    07026 MJJ, 2007 WL 3144357, at *6 (N.D. Cal. Oct. 24, 2007) (granting transfer) (internal

4    quotations omitted).  As discussed above, the "operative facts" of this case did not occur in the

5    Northern District of California.  None of the allegedly misleading documents was drafted,

6    reviewed, nor approved here and correspondingly none of the Fund's investment decisions was

7    made here.  These facts further undermine Plaintiff's choice of forum. Therefore, this Court

8    should decide this motion based on the convenience of witnesses and parties and the interest of

9    justice factors discussed above, which uniformly dictate that this case be transferred to the

10   District of Maryland.

11   **II.    THIS CASE UNDOUBTEDLY "MIGHT HAVE BEEN BROUGHT" IN THE**
         **DISTRICT OF MARYLAND.**
12

13   Defendants believe that the District of Maryland could properly exercise jurisdiction over

14   them with respect to the claims alleged in Plaintiff's complaint.  Venue also would lie in that

15   court under either 15 U.S.C. § 77v or 28 U.S.C. § 1391(b). *See* Compl. ¶ 4.  Under Section

16   1391(b), venue would lie in Maryland because the alleged conduct "giving rise to the claim"--

17   issuance of the allegedly misleading offering documents -- occurred in Maryland. *Stewart*, 2010

18   WL 545846, at *1 *quoting* 28 U.S.C. § 1391(b).  Likewise, under Section 77v, venue would lie in

19   Maryland because Defendants are found there, they transact business there, and the alleged

20   wrongdoing occurred there. *See, e.g., Alexander v. Franklin Res., Inc.,* No. C 06-7121 SI, 2007

21   WL 518859, at *2 (N.D. Cal. Feb. 14, 2007) (granting transfer).  Thus, this case clearly "might"

22   have been brought in the District of Maryland.

23                                    **CONCLUSION**

24   For the reasons set forth above, this case should be transferred to the District of Maryland

25   pursuant to 28 U.S.C. § 1404(a).

26

27

28

1    Dated:  May 21, 2010

DECHERT LLP
MATTHEW L. LARRABEE
DAVID A. KOTLER
MURIEL M. KOROL

By:_____/S/_____
    MATTHEW L. LARRABEE
    One Maritime Plaza, Suite 2300
    San Francisco, California  94111-3513
    Telephone:       415.262.4500
    Facsimile: 415.262.4555
    matthew.larrabee@dechert.com

    Counsel for Defendants
    RYDEX SERIES FUNDS; PADCO
    ADVISORS INC. d/b/a RYDEX
    INVESTMENTS, INC.; RYDEX
    DISTRIBUTORS, INC.; NICK BONOS;
    MICHAEL P. BYRUM; RICHARD M.
    GOLDMAN; and CARL G.
    VERBONCOEUR

SCHIFF HARDIN LLP
CRAIG BRIDWELL

By:_____/S/_____
    C. CRAIG BRIDWELL
    One Market, Spear Street Tower
    Thirty-Second Floor
    San Francisco, CA  94105
    Telephone:  415.901.8798
    Facsimile:   415.901.8701

    Counsel for Defendants
    JOHN O. DEMARET; COREY A.
    COLEHOUR;  J. KENNETH DALTON;
    WERNER E. KELLER; THOMAS F.
    LYDON; PATRICK T. MCCARVILLE; and
    ROGER SOMERS