1  ALAN W. SPARER (No. 104921)
   MARC HABER (No. 192981)
2  KEVIN H. LEWIS (No. 197421)
   JAMES S. NABWANGU (No. 236601)
3  SPARER LAW GROUP
   100 Pine Street, 33rd Floor
4  San Francisco, California  94111-5128
   Telephone:    415/217-7300
5  Facsimile:    415/217-7307
   asparer@sparerlaw.com
6  mhaber@sparerlaw.com
   klewis@sparerlaw.com
7  jnabwangu@sparerlaw.com

8  Attorneys for Plaintiff
   JAMES RAFTON, TRUSTEE
9  OF THE JAMES AND CYNTHIA
   RAFTON TRUST

10

11                           UNITED STATES DISTRICT COURT

12                          NORTHERN DISTRICT OF CALIFORNIA

13                                 SAN FRANCISCO DIVISION

14

| 15 | JAMES RAFTON, TRUSTEE OF THE JAMES AND CYNTHIA RAFTON TRUST, | No. CV 10-01171 CRB |
|---|---|---|
| 16 |  | Action Filed:  March 19, 2010 |
| 17 | Plaintiff, v. |  |
| 18 | RYDEX SERIES FUNDS; PADCO ADVISORS INC. d/b/a RYDEX INVESTMENTS, INC.; RYDEX DISTRIBUTORS, INC.; RICHARD M. GOLDMAN; CARL G. VERBONCOEUR; JOHN O. DEMARET; NICK BONOS; MICHAEL P. BYRUM; COREY A. COLEHOUR; J. KENNETH DALTON; WERNER E. KELLER; THOMAS F. LYDON; PATRICK T. MCCARVILLE; ROGER SOMERS; and DOES 1 through 25, inclusive, Defendants. | PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO APPOINT RYDEX LITIGATION GROUP AS LEAD PLAINTIFFS AND TO APPOINT PROPOSED LEAD PLAINTIFFS' SELECTION OF COUNSEL |
| 19 |  |  |
| 20 |  |  |
| 21 |  | Date:    June 25, 2010 |
| 22 |  | Time:    10:00 a.m. |
| 23 |  | Dept:    Courtroom 8, 19th Floor |
| 24 |  | Judge:   Hon. Charles R. Breyer |

25

26

27

28

**INTRODUCTION**

The "Rydex Litigation Group submits this Reply in support of their Motion To Appoint Rydex Litigation Group As Lead Plaintiffs And To Approve Proposed Lead Plaintiffs' Selection Of Counsel (the "Motion"). Although Defendants have filed a Statement Of Non-Opposition, Defendants have also asked the Court to continue the Motion without offering any persuasive reason for such delay. The Rydex Litigation Group's Motion is unopposed and satisfies the requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Postponing its resolution will only prejudice the Plaintiffs and delay the resolution of the action.

**ARGUMENT**

The Rydex Litigation Group's Motion and supporting declarations demonstrate that the Plaintiffs are "most capable of adequately representing the interests of class members" under the requirements of the PSLRA. *See* 15 U.S.C. §§77z-1(a)(3)(A), (B). The Rydex Litigation Group timely moved the Court for appointment as lead plaintiffs, its members are the only applicants and therefore have the largest financial interest in the relief sought by the class, and the typicality and adequacy requirements of Federal Rule of Civil Procedure 23 have been satisfied. Motion at 5-10. The moving papers also demonstrate that the Rydex Litigation Group has appropriately selected Sparer Law Group as lead counsel for the class. *Id*. at 11-12. No other plaintiffs have sought appointment as the lead plaintiff.

Defendants' Statement Of Non-Opposition takes no position on any of these issues or on the submissions that were made in connection with the Motion. Rather, Defendants contend that the Court should defer ruling on this Motion until the Court has ruled on Defendants' Motion To Transfer Venue to the District of Maryland. For all of the reasons set forth in Plaintiffs' Opposition to Defendants' Motion, a transfer would not be more convenient or more efficient for any party or third party while it would materially disadvantage Plaintiffs. But regardless of how Defendants' motion to transfer is resolved, there is no reason to postpone appointment of the Rydex Litigation Group as lead plaintiffs and the Sparer Law Group as lead counsel. Judicial efficiency and economy will not be furthered by deferring a decision on the Rydex Litigation Group's unopposed Motion. Instead, the Motion should be granted so that the litigation may

1  proceed in an orderly and expeditious manner.

2  The only legal issues that Defendants identify as potential reasons for deferring a decision
3  are that the Court must determine whether the Rydex Litigation Group has made a *prima facie*
4  showing that it can satisfy the typicality and adequacy requirements of Rule 23 and that
5  "important questions" are raised by the Motion regarding the appropriateness of a lead plaintiff
6  group and the calculation of the proposed lead plaintiff's losses. Stmt. Of Non-Opp. at 1 n.1.
7  None of these issues presents a genuine controversy. Further, although Defendants have raised
8  these as *potential* issues, they do not argue that the Rydex Litigation Group is inadequate. They
9  do not oppose the Motion at all.

10  As a matter of fact, The Rydex Litigation Group has made its *prima facie* showing for
11  purposes of Rule 23 in its Motion and supporting declarations.[1] In addition, the PSLRA
12  expressly recognizes that groups of individuals may serve as lead plaintiffs. *See In re*
13  *Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (appointment of a lead plaintiff group is
14  permissible under the PSLRA). Although some courts have refused to appoint lead plaintiff
15  groups under different circumstances, there is no reason to do so here where no party is disputing
16  that the Rydex Litigation Group are appropriate lead plaintiffs. The Rydex Litigation Group is
17  made up of two members with a pre-existing relationship and has the sophistication to oversee
18  the litigation. *Contra In re Advanced Tissue Scis. Sec. Litig.*, 184 F.R.D. 346, 352 (S.D. Cal.
19  1998) (refusing to appoint a group consisting of "over 250 unrelated investors. Similarly, there is
20  no debate about how the Rydex Litigation Group calculated its financial interest in the case
21  because no other potential lead plaintiff has filed an application challenging its loss calculation
22  methodology.

23  In short, there is no compelling reason to defer resolving this motion for appointment of
24  Lead Plaintiff and selection of Lead Counsel where the application is straightforward and

---

[1] The Rydex Litigation Group's claims are "typical" for purposes of Rule 23 because they arise from the same course of conduct that affects all members of the class—namely that Defendants violated Sections 11 and 12(a)(2) of the Securities Act by making uniform misrepresentations in offering materials. The requirements of Rule 23(a) relating to adequate representation are satisfied by the certifications submitted by the two members of the Rydex Litigation Group in connection with the Motion. *See* Lewis Decl. Exs. B, C.

unopposed. The cases Defendants cite for postponing the decision generally involve situations where courts were faced with multiple lead plaintiff applications or questions about the consolidation of different cases.[2] Ultimately, the only argument Defendants have made is that this Court should not decide the lead plaintiff motion if it intends to transfer. This is not a legal basis for denying an otherwise unopposed motion.

Deferring the resolution of this Motion will only prejudice the plaintiffs and prevent the litigation from moving forward. Under the Stipulation And Order For Extension Of Time And Rescheduling Of Initial Case Management Conference (Dkt. No. 10), Defendants are not required to file an answer or a motion to dismiss the Complaint until after the lead plaintiff is appointed. Accordingly, a delay would not serve the interests of justice.

## CONCLUSION

For the foregoing reasons and for the reasons set forth in Plaintiffs' Motion, the Rydex Litigation Group respectfully requests this Court confirm the Rydex Litigation Group as Lead Plaintiff and confirm their selection of Lead Counsel as soon as practicable following the hearing on this matter scheduled for June 25, 2010.

Dated: June 11, 2010

                Respectfully submitted,

                SPARER LAW GROUP

                By: */s/ Kevin H. Lewis*
                    KEVIN H. LEWIS

                Attorneys for Plaintiffs JAMES RAFTON and JAMES DARST, JR.

---

[2] *See Laborers Local 100 & 397 Pension Fund v. Bausch & Lomb, Inc.*, 2006 U.S. Dist. LEXIS 36018 (S.D.N.Y. June 5, 2006) (lead plaintiff motions filed by four separate parties); *Elec. Workers Pension Fund, Local 103 v. Nuvelo, Inc.*, 2007 U.S. Dist. LEXIS 52246 (S.D.N.Y. July 17, 2007) (involving four consolidated class actions and multiple lead plaintiffs); *Wayne County Employees' Ret. Sys. v. MGIC Inv. Corp.*, 604 F. Supp. 2d 969, 970 (E.D. Mich. 2009) (ordering transfer, in part, to consolidate case with four other actions filed in neighboring district).

## CERTIFICATE OF SERVICE

I hereby certify that the following documents were filed with this Court on June 11, 2010 through the CM/ECF system and will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants: PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO APPOINT RYDEX LITIGATION GROUP AS LEAD PLAINTIFFS AND TO APPOINT PROPOSED LEAD PLAINTIFFS' SELECTION OF COUNSEL.

I declare under penalty of perjury that the foregoing is true and correct.  Executed at San Francisco, California on June 11, 2010.

/s/ *Philip Layzer*
PHILIP LAYZER