**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   JAMES RAFTON,                               No. C 10-1171 CRB

12          Plaintiff,                           **ORDER**

13      v.

14   RYDEX SERIES FUNDS, et al.,

15          Defendants.

16   _____/

17       In this nationwide securities class action lawsuit, Plaintiff alleges that Defendants

18   violated securities laws by disseminating prospectuses and other documents that contained

19   false and misleading information about the Rydex Inverse Government Long Bond Strategy

20   Fund.  Defendants have moved to transfer the case to the District of Maryland, where the

21   Fund's operations are located and where the allegedly misleading documents were drafted.

22   The Rydex Litigation Group and its counsel have moved to be appointed lead plaintiff and

23   lead counsel, a motion Defendants do not oppose.

24       For the reasons discussed below, the Court DENIES Defendants' Motion to Transfer

25   and GRANTS the Rydex Litigation Group's motion to be appointed lead plaintiff and lead

26   counsel.

27

28

<div style="float:left">**United States District Court**
For the Northern District of California</div>

1

**FACTS**

2    Plaintiff James Rafton, a resident of Northern California, seeks to represent a class of

3 investors in the Rydex Inverse Government Long Bond Strategy Fund (the "Fund"), a mutual

4 fund whose performance was advertised as being inversely correlated to the price of the 30-

5 year U.S. Treasury Bond. Compl. ¶¶ 7, 29. Defendants are the Rydex Series Funds, the

6 entity that issued the Fund's shares; PADCO Adivsors Inc., the Fund's manager; Rydex

7 Distributors, Inc., the Fund's distributor; and various officers and directors of these entities.

8 Compl. ¶¶ 8-22. All three entities are headquartered in Rockville, Maryland. Compl. ¶¶ 8-

9 10.

10    Plaintiff alleges that, between March 2007 and March 2010, Defendants disseminated

11 Registration Statements and Prospectuses for the Fund that contained false and misleading

12 statements, in violation of sections 11, 12(a)(2), and 15 of the Securities Act of 1933.

13 Compl. at 21-23. Specifically, Plaintiffs assert that Defendants failed to disclose that the

14 Fund was subject to a "mathematical compounding effect" that could have adverse

15 consequences for investors who owned the Fund for more than one day. Compl. ¶¶ 29-37.

16    Defendants have moved to transfer the case to the District of Maryland, where the

17 Defendants are headquartered and where the documents at issue were prepared. The Rydex

18 Litigation Group, of which Plaintiff is a member, has separately moved to be appointed lead

19 plaintiff and lead counsel.

20

**DISCUSSION**

21 **A.    Defendants' Motion to Transfer**

22    "For the convenience of parties and witnesses, in the interest of justice, a district court

23 may transfer any civil matter to any other district or division where it might have been

24 brought." 28 U.S.C. § 1404(a). "Once venue is determined to be proper in both districts,

25 courts use the following factors to evaluate whether a transfer of venue would be more

26 convenient to the parties and the witnesses and would promote the interests of justice: (1)

27 plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses,

28 (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6)

2

**United States District Court**
For the Northern District of California

1 feasibility of consolidation with other claims, (7) any local interest in the controversy, and

2 (8) the relative court congestion and time of trial in each forum." *See Vu v. Ortho-McNeil*

3 *Pharmaceutical, Inc.*, 602 F.Supp.2d 1151, 1155-56 (N.D.Cal.2009).[1]

4      As explained below, the Court finds that transferring this case to the District of

5 Maryland is not in the interest of justice. Plaintiff resides in this District, received the

6 relevant materials here, and purchased his shares here. As a result of these significant

7 connections to the Northern District, his choice of forum is entitled to substantial weight.

8 *See Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal 2001). Moreover,

9 Defendants have not made a sufficiently strong showing of inconvenience to overcome

10 Plaintiff's forum choice. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834,

11 843 (9th Cir. 1986) (holding that a "defendant must make a strong showing of inconvenience

12 to warrant upsetting the plaintiff's choice of forum."). Accordingly, Defendants' motion is

13 DENIED.

14      **1.    Plaintiff's Choice of Forum**

15      The Plaintiff's choice of forum is generally entitled to substantial weight, particularly

16 where, as here, the Plaintiff resides in the district and the district has a significant connection

17 to the events giving rise to the action. *See Williams*, 157 F. Supp. 2d at 1106. In addition to

18 Plaintiff's residence in the district, the Northern District's connections to the case include the

19 following:

20      •    Plaintiff received the relevant materials and purchased his shares here;

21      •    Defendants marketed the Fund in the District; and

22      •    One of the named Defendants, Rydex Distributors, operates an office in the
          Northern District.

23

24      In the Court's view, these ties to the Northern District are significant because they

25 demonstrate that the harm to Plaintiff, if it occurred at all, occurred in this District and that

26 the Defendants could foresee that harm to Plaintiff would accrue here. In addition, these

27

28      [1] The parties do not dispute that venue is proper in both this District and the District of
Maryland.

3

1  linkages indicate that this is not a case that involves forum shopping.  *See Banga v. First*

2  *USA, NA*, 2010 WL 727749 (E.D. Cal March 2, 2010) (noting that "plaintiff's chosen forum

3  will be accorded little deference" where plaintiff has engaged in "blatant forum shopping").

4  In short, the Court finds that, due to the significant connections between the litigation and

5  this District, Plaintiff's choice of forum is entitled to substantial deference.

6        Arguing to the contrary, Defendants assert that Plaintiff's choice of forum should be

7  accorded little or no weight, for two reasons.  First, Defendants maintain that Plaintiff's

8  choice is entitled to little deference because Plaintiff seeks to represent a nationwide class.

9  Mtn. at 9.  Consistent with Defendant's position, the Ninth Circuit has held that, "when an

10  individual brings a derivative suit or represents a class, the named plaintiff's choice of forum

11  is given less weight."  *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).  However, in the

12  very next sentence in *Lou* the court stated, "[i]n judging the weight to be accorded Lou's

13  choice of forum, consideration must be given to the extent of both Lou's and [defendant's]

14  contacts with the forum, including those relating to Lou's cause of action."  *Id.*   In *Lou*, the

15  plaintiff's chosen district lacked significant connections to the litigation – the relevant

16  transactions, for example, had occurred in New York.  *Id.*  As a result, the plaintiff's forum

17  choice was entitled to little weight.

18        In contrast, the Northern District has significant connections to the litigation at issue

19  in this case.  As noted, Plaintiff resides here, received the relevant materials here, and

20  purchased his Fund shares here.  In addition, Defendants disseminated the relevant

21  documents in the District, marketed the Fund here and operated an office in the District.

22  Thus, even though this is a class action, Plaintiff and Defendants have sufficient connections

23  to this District to warrant giving Plaintiff's choice of forum significant weight.  *See Wade v.*

24  *Industrial Funding Corp.*, 1992 WL 207926 (N.D. Cal. 1992) (declining to transfer securities

25  class action where "there [were] significant contacts with the forum and the issues raised in

26  the litigation relate[d] to those contacts").

27        Defendants next argue that Plaintiffs' choice of forum should be given little weight

28  because the "operative facts of this case did not occur in the Northern District."  Mtn. at 10.

United States District Court
For the Northern District of California

4

**United States District Court**
For the Northern District of California

1  According to Defendants, the "center of gravity" of this case is in Maryland, where the

2  allegedly misleading documents originated.  Mtn. at 5 (citing *In re Yahoo!*, 2008 WL

3  707405, at \*8 (C.D. Cal. March 10, 2008) (stating that "defendants' alleged

4  misrepresentations and omissions . . . are deemed to 'occur' in the district where they are

5  transmitted or withheld, not where they are received")).  In support of their position,

6  Defendants cite several district court cases in which the court transferred a securities class

7  action case to the district where the defendant was headquartered and where the allegedly

8  misleading documents were drafted.  *See* Mtn. at 5; Reply at 4.

9       Defendants' argument is unavailing for three reasons. First, in almost all of the cases

10 cited by Defendants, the named Plaintiff was *not* a resident of the district in which the case

11 was filed, a fact the relevant court considered significant.  *See, e.g., in re Yahoo!*, 2008 WL

12 707405 at \*8; *Gerin v. Aegon USA, Inc.*, 2007 WL 1033472 (N.D. Cal. 2007); *Baldwin v.*

13 *Nat'l Safety Assocs., Inc.*, No. 1194 WL 139267 (N.D. Cal. 2007); *In re Hanger Orthopedic*

14 *Group, Inc. Securities Litigation*, 418 F. Supp. 2d 164 (E.D.N.Y. 2006); *Horwitz v.*

15 *Southwest Forest Indus. Inc.*, 612 F. Supp. 179, 182 (D. Nev. 1985).  In this case, Plaintiff is

16 a resident of his chosen forum.

17      Second, although Defendants' alleged misrepresentations and omissions may have

18 occurred in the District of Maryland, Plaintiff's reliance on those misrepresentations, and the

19 resulting harm, occurred here.  Thus, not all of the "operative facts" in this case took place in

20 Maryland.

21      Third, by choosing to market and sell shares of the Fund nationwide, rather than just

22 in the state of Maryland, Defendants exposed themselves to the risk of being sued in the

23 districts in which the Fund's shares were sold.  The interests of justice do not favor allowing

24 Defendants, the alleged malfeasors, to evade the consequences of their decision and, in so

25 doing, to receive the benefit of their preferred forum.

26      In sum, Plaintiff's choice of forum is entitled to substantial weight, despite the fact

27 that this is a securities class action.  As a result, Defendants must make a "strong showing of

28

5

**United States District Court**
For the Northern District of California

1   inconvenience to warrant upsetting" Plaintiff's choice.  *See Decker Coal Co.*, 805 F.2d at

2   843.  They have not done so.

3               **2.      The Convenience of Parties and Witnesses and the Remaining
                         Factors**

4               Maryland undoubtedly provides the more convenient forum for potential witnesses

5   and for access to evidence.  Defendants do not dispute that Plaintiff resides in this forum, that

6   he purchased his shares in this District, and that they marketed Fund shares here.  Defendants

7   do, of course, dispute that the documents at issue contained false or misleading information.

8   Given this narrow range of disputed issues, most, if not all, of the relevant witnesses and

9   documents will be located in Maryland, where the Fund's operations and employees are

10  located and where the purportedly misleading documents were drafted.  Plaintiff's fairly

11  weak argument  that there are "potential" third party witnesses who are located outside of

12  Maryland does not alter this conclusion.

13              Nonetheless, Maryland is not significantly more convenient than this District.

14  Plaintiffs have offered to depose all employees and officers of the Fund in Maryland.  In

15  addition, the relevant documents presumably can be copied on to electronic media and

16  mailed or emailed to California, rendering the physical location of the documents a less

17  important consideration.  *See In re Hangar*, 418 F. Supp. 2d at 170 (noting that the location

18  of physical evidence "is of diminished importance in the modern age of copying"). The main

19  inconvenience to Defendants, then, is the travel time and expense Defendants would incur as

20  a result of their employees having to travel from Maryland to San Francisco for trial.

21  Defendants have failed to establish that such inconvenience is particularly consequential in

22  this case.

23              The remaining factors likewise fail to strongly favor a transfer.  The District of

24  Maryland's docket is somewhat less congested than the Northern District's, but not

25  substantially so.  Mtn. at 8 (noting that the median time from filing to disposition in a civil

26  case in the District of Maryland is 7.0 months, while the median time in the Northern District

27  is 9.4 months).  Moreover, this Court is as familiar with the relevant federal securities laws as

28  the courts in the District of Maryland, and there are apparently no other actions with which

**United States District Court**
For the Northern District of California

1  this case could be joined.  Finally, this District's interest in protecting its citizens from those

2  who violate securities laws is identical to that of the District of Maryland.

3     In sum, the main factors weighing in favor of transfer are the convenience of potential

4  witnesses and the physical location of relevant evidence.  The Court finds, however, that the

5  possible inconvenience that Defendants and their witnesses will suffer is not sufficiently

6  strong to overcome the substantial weight given Plaintiff's choice of forum.  Defendants'

7  motion to transfer is therefore DENIED.

8  **B.**   **Plaintiff's Motion to be Appointed Lead Plaintiff and Lead Counsel**

9     The Court GRANTS the Rydex Litigation Group and their counsel's motion to be

10  appointed lead plaintiff and lead counsel.  The Private Securities Litigation Reform Act

11  "provides a simple three-step process for identifying the lead plaintiff" in a securities

12  litigation class action.  *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002).  "The first step

13  consists of publicizing the pendency of the action, the claims made and the purported class

14  period."  *Id.*  At step two, the "district court must consider the losses allegedly suffered by

15  the various plaintiffs," and select as the "presumptively most adequate plaintiff . . . the one

16  who has the largest financial interest in the relief sought by the class and [who] otherwise

17  satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  *Id.* at 730.  In

18  the third and final step, the court must "give other plaintiffs an opportunity to rebut the

19  presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy

20  requirements."  *Id.*

21     In this case, Plainitff James Rafton published an appropriate notice of this action on

22  March 19, 2010, satisfying step one.  Lewis Decl. ¶ 2 & Ex. A.  With respect to step two, the

23  Court finds that the Rydex Litigation Group is the presumptively most adequate plaintiff.[2]

24  The Group is the only potential plaintiff that responded to the notice, and it has presented

25  evidence indicating that it suffered substantial financial losses as a result of its investment in

26  shares of the Fund.  *See* Lewis Decl. Exs. B & C.  The Court also finds that Rydex Litigation

27

28     [2]  The Rydex Litigation Group is composed of named Plaintiff James Rafton and another individual investor, James Darst, Jr.

1   Group otherwise satisfies the requirements of Fed. R. Civ. Pro. 23.   The Group is comprised

2   of two sophisticated investors whose claims are typical of those of the class.

3        Regarding step three, no other potential plaintiffs have come forward to challenge the

4   Rydex Litigation Group's status as the presumptively most adequate plaintiff.  Accordingly,

5   the Court finds that the Rydex Litigation Group is the most adequate plaintiff.  The Court

6   also approves the Rydex Litigation Group's choice of counsel, the Sparer Law Group.

7   <div align="center">**CONCLUSION**</div>

8        For the reasons discussed above, the Court DENIES Defendants' Motion to Transfer

9   and GRANTS the Rydex Litigation Group's Motion to be Appointed Lead Plaintiff and Lead

10  Counsel.

11       **IT IS SO ORDERED.**

12

13

14  Dated: June 29, 2010                    CHARLES  R. BREYER
                                            UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*United States District Court*
For the Northern District of California