| | |
|---|---|
| 1 | SCHIFF HARDIN LLP |
| | MICHAEL K. WOLENSKY (*pro hac vice*) |
| 2 | mwolensky@schiffhardin.com |
| | C. CRAIG BRIDWELL (Bar No. 246124) |
| 3 | cbridwell@schiffhardin.com |
| | One Market, Spear Street Tower |
| 4 | Thirty-Second Floor |
| | San Francisco, CA 94105 |
| 5 | Telephone: (415) 901-8700 |
| | Facsimile: (415) 901-8701 |
| 6 | |
| | Counsel for Defendants |
| 7 | |
| | COREY A. COLEHOUR; J. KENNETH DALTON; |
| 8 | JOHN O. DEMARET; WERNER E. KELLER; |
| | THOMAS F. LYDON; PATRICK T. |
| 9 | MCCARVILLE; and ROGER SOMERS |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES RAFTON, *et al.* | Case No. 10cv1171 LHK |
| Plaintiffs, | **DEFENDANTS COREY A. COLEHOUR; J. KENNETH DALTON; JOHN O. DEMARET; WERNER E. KELLER; THOMAS F. LYDON; PATRICK T. MCCARVILLE; AND ROGER SOMERS'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT** |
| v. | |
| RYDEX SERIES FUNDS, *et al.*, | |
| Defendants. | |

Defendants Corey A. Colehour, J. Kenneth Dalton, John O. Demaret, Werner E. Keller, Thomas F. Lydon, Patrick T. McCarville, and Roger Somers (collectively, the "Independent Trustees") answer Plaintiffs James Rafton ("Mr. Rafton") and James Darst, Jr.'s ("Mr. Darst") (collectively, "Plaintiffs") First Amended Class Action Complaint ("Complaint"), filed August 13, 2010, as follows:

**DEFENSES**

The Independent Trustees adopt by reference all preliminary statements in other defendants' answers to Plaintiffs' Complaint.

///

1.

Insofar as the following paragraphs in Plaintiffs' Complaint relate to the Independent Trustees, the Independent Trustees deny the allegations set forth in these paragraphs, as limited and qualified by the parenthetical phrases: 1 (first sentence, except the portions admitted), 2, 3, 4 (first and third sentences only), 5, 6, 7 (first sentence, insofar as Mr. Rafton alleges damages), 8 (first sentence, insofar as Mr. Darst alleges damages), 9 (second sentence only), 10 (except the portions admitted), 11 (except the portions admitted), 12 (except the portions admitted), 13 (except the portions admitted), 16 (except the portions admitted), 23, 24 (first sentence, except the portions admitted), 25 (first sentence only), 26, 27 (only insofar as it alleges the propriety of class status), 28 (first sentence; second sentence, only insofar as it alleges the propriety of class status), 29, 33, 35 (except the portions admitted), 36, 37, 38 (second and fifth sentences only), 39 (except the portions admitted), 40 (except the portions admitted), 41, 42 (except the portions admitted), 43, 44 (first, fourth, and fifth sentences; sixth sentence, except the portions admitted), 45, 46, 47, 48 (to the extent that Plaintiffs allege the disclosures in the 2007 and 2008 Registration Statements were inaccurate or inadequate), 59 (except the portions admitted), 60 (except the portions admitted), 61 (except the portions admitted), 62, 64, 65 (except the portions admitted), 67, 68, 69 (except the portions admitted), 70 (except the portions admitted), 71, 72 (second and third sentences only), 73, 74, 75 (first sentence only), 76, 77, 78 (first sentence, insofar as it alleges the propriety of class status; second sentence), 79, 80, 81 (except the portions admitted), 82 (except the portions admitted), 83, 84, 85, 86 (first, second, and third sentences only), 87, 88 (except the portions admitted), 89 (except the portions admitted), 90, 91, 92.

2.

Insofar as the following paragraphs in Plaintiffs' Complaint relate to the Independent Trustees, the Independent Trustees admit the allegations contained in these paragraphs, as limited and qualified by the parenthetical phrases: 1 (first sentence, admit only that Plaintiffs purport to bring a federal class action; second sentence, only insofar as Plaintiffs state their own act), 8 (except the portions denied), 9 (first and third sentences only), 10 (insofar as PADCO Advisors Inc. was the investment adviser for the Trust during the alleged class period; thereafter, PADCO

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

IND. TRUSTEES' ANSWER TO FIRST AM. COMPLAINT

was merged into a new entity, which in turn was merged into Security Investors, LLC), 11 (insofar as Rydex Distributors, Inc. was responsible for distributing shares of the Fund and served as the principal underwriter for the Trust during the alleged class period until it was merged into Rydex Distributors, LLC), 12 (insofar as Mr. Goldman became CEO and President of Rydex Distributors, Inc. on January 13, 2009), 13 (insofar as Mr. Verboncoeur was the President of the Trust until August 25, 2009 and was a Fund Trustee until November 20, 2009, and signed the 2007, 2008 and 2009 Registration Statements), 14 (insofar as "Chairman of the Board of Trustees of the Trust" acknowledges Mr. Demaret's independent-trustee status), 15, 16 (insofar as Mr. Byrum is the President, Chief Investment Officer, and Secretary of the Manager, and became a director of the Manager after February 4, 2008, and that Mr. Byrum was a Trustee until October 13, 2009, and is Vice President of the Trust, and signed the 2007, 2008 and 2009 Registration Statements), 17 (insofar as "Trustee of the Trust" acknowledges Mr. Colehour's independent-trustee status), 18 (insofar as "Trustee of the Trust" acknowledges Mr. Dalton's independent-trustee status), 19 (insofar as "Trustee of the Trust" acknowledges Mr. Keller's independent-trustee status), 20 (insofar as "Trustee of the Trust" acknowledges Mr. Lydon's independent-trustee status), 21 (insofar as "Trustee of the Trust" acknowledges Mr. McCarville's independent-trustee status), 22 (insofar as "Trustee of the Trust" acknowledges Mr. Somers's independent-trustee status), 24 (first sentence, admit only that Plaintiffs purport to bring a federal class action; second sentence), 35 (except insofar as it alleges the propriety of class status), 39 (except for the emphases), 40 (except for the emphases), 42 (admit only the accuracy of the quoted passage), 44 (second and third sentences; sixth sentence, admit only the accuracy of the quoted passage), 48 (except the portions denied), 59 (admit only the accuracy of the quoted passage), 60 (admit only the accuracy of the quoted passage, except for the emphases), 61 (second sentence, admit only the accuracy of the quoted passage, except for the emphases), 65 (first sentence; second sentence, admit only the accuracy of the quoted passage except for the emphases), 69 (only insofar as Plaintiffs state their own act), 70 (only insofar as Plaintiffs state their own act), 72 (first sentence only), 80, 81 (only insofar as Plaintiffs state their own act), 82 (only insofar as Plaintiffs state their own act), 86 (fourth and fifth sentences, only insofar as Plaintiffs state their own act), 87, 88

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**IND. TRUSTEES' ANSWER TO FIRST AM. COMPLAINT**

(only insofar as Plaintiffs state their own act), 89 (only insofar as Plaintiffs state their own act).

3.

Insofar as the following paragraphs in Plaintiffs' Complaint relate to the Independent Trustees, the Independent Trustees are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in these paragraphs, and this has the effect of a denial, as limited and qualified by the parenthetical phrases: 4 (second sentence only), 7 (first sentence, except the portions denied; second sentence), 8 (first sentence, except the portions denied), 25 (second and third sentences only), 27 (except the portions denied), 28 (second sentence, except the portions denied), 30, 31, 32, 34, 38 (first sentence, insofar as the Independent Trustees do not understand Plaintiffs' characterization of the marketing and selling of the Inverse Long Bond Fund; third, fourth, sixth, and seventh sentences), 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 63, 66, 75 (second sentence only), 78 (first sentence, except the portions denied).

4.

Insofar as the captions in Plaintiffs' Complaint are deemed allegations and relate to the Independent Trustees, the Independent Trustees deny the allegations contained in these captions.

## AFFIRMATIVE DEFENSES

The Independent Trustees adopt by reference all applicable affirmative defenses stated in other defendants' answers to Plaintiffs' Complaint. Additionally, the Independent Trustees state the following:

### First Affirmative Defense

Without admitting any violation of Sections 11 or 12 of the Securities Act of 1933 by any defendant, the Independent Trustees, collectively or individually, did not control any person liable under these sections for purposes of Section 15 of the Securities Act of 1933.

### Second Affirmative Defense

Without admitting any violation of Sections 11 or 12 of the Securities Act of 1933 by any defendant, the Independent Trustees, collectively or individually, did not have knowledge of or reasonable ground to believe in the existence of the facts by reason of which the liability of any controlled person is alleged to exist.

**Third Affirmative Defense**

Without admitting any violation of Section 11 of the Securities Act of 1933, the Independent Trustees, as outside directors, did not knowingly violate this section, collectively or individually.

**RESERVATION**

The Independent Trustees reserve the right to supplement this answer as facts presently not known are discovered during the course of this litigation.

**PRAYER FOR RELIEF**

Having completely and fully provided their answer, the Independent Trustees also deny Plaintiffs' prayer for relief.

WHEREFORE, the Independent Trustees pray for relief as follows:

1. That class certification be denied;
2. That the Complaint be dismissed with prejudice;
3. That the Independent Trustees be awarded their attorney's fees and costs, including expert fees; and
4. That the Independent Trustees be awarded such other and further relief as the Court deems just and proper.

Dated: January 19, 2011          SCHIFF HARDIN LLP


By: /s/
   Michael K. Wolensky
   C. Craig Bridwell
   Attorneys for Defendant
   Corey A. Colehour, J. Kenneth Dalton,
   John O. Demaret, Werner E. Keller,
   Thomas F. Lydon, Patrick T. McCarville,
   and Roger Somers

CH2\9534360.1

# PROOF OF SERVICE

I, the undersigned, declare:

I am a resident of the State of California, employed in San Francisco County, California. I am over the age of eighteen (18) years, and not a party to the within action. I am an employee of Schiff Hardin LLP, and my business address is One Market, Spear Street Tower, Thirty Second Floor, San Francisco, California 94105.

On the date below, I caused to be served the following document(s):

**DEFENDANTS COREY A. COLEHOUR; J. KENNETH DALTON; JOHN O. DEMARET; WERNER E. KELLER; THOMAS F. LYDON; PATRICK T. MCCARVILLE; AND ROGER SOMERS'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT**

on the parties involved addressed as follows:

☒  BY E-FILING: By electronically serving the document(s) listed above via CM/ECF on the recipients designed on the Transaction Receipt located on the CM/ECF website.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 19, 2011, at San Francisco, California.

                                                                         */s/ Dawn m. Bierman*
                                                                        Dawn M. Bierman

SF\9404771.1

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO