MATTHEW L. LARRABEE (No. 97147)
matthew.larrabee@dechert.com
DAVID A. KOTLER (*pro hac vice*)
david.kotler@dechert.com
MURIEL M. KOROL (No. 261909)
muriel.korol@dechert.com
DECHERT LLP
One Maritime Plaza, Suite 2300
San Francisco, California 94111-3513
Telephone: 415.262.4500
Facsimile: 415.262.4555

Counsel for Defendants
RYDEX SERIES FUNDS; PADCO
ADVISORS INC. d/b/a RYDEX
INVESTMENTS, INC.; RYDEX
DISTRIBUTORS, INC.; NICK BONOS;
MICHAEL P. BYRUM; RICHARD M.
GOLDMAN; and CARL G. VERBONCOEUR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES RAFTON, TRUSTEE OF THE JAMES AND CYNTHIA RAFTON TRUST,<br>Plaintiff,<br>v.<br>RYDEX SERIES FUNDS; PADCO ADVISORS INC. d/b/a RYDEX INVESTMENTS, INC.; RYDEX DISTRIBUTORS, INC.; RICHARD M. GOLDMAN; CARL G. VERBONCOEUR; JOHN O. DEMARET; NICK BONOS; MICHAEL P. BYRUM; COREY A. COLEHOUR; J. KENNETH DALTON; WERNER E. KELLER; THOMAS F. LYDON; PATRICK T. MCCARVILLE; ROGER SOMERS; and DOES 1 through 25, inclusive,<br>Defendants. | Case No. 10cv1171 LHK<br>Action filed: March 19, 2010<br><br>**THE RYDEX DEFENDANTS' ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT** |

    Defendants Rydex Series Funds (the "Trust"), PADCO Advisors Inc. d/b/a Rydex Investments, Inc. ("PADCO"), Rydex Distributors, Inc., Nick Bonos, Michael P. Byrum, Richard M. Goldman, and Carl G. Verboncoeur (collectively, the "Rydex Defendants") hereby answer the First Amended Class Action Complaint ("FAC") filed by James Rafton and James Darst, Jr. (collectively "Plaintiffs"). The Court's January 5, 2011 Order dismissed all claims based on the

1

2009 registration statement filed by Rydex Series Funds on July 29, 2009 and effective August 1, 2009 ("2009 Registration Statement"). Therefore, no response to any claims or allegations concerning the 2009 Registration Statement is required. Subject to the foregoing, the Rydex Defendants answer Plaintiffs' FAC as follows:

## PRELIMINARY STATEMENT

The FAC contravenes the Federal Rules of Civil Procedure by improperly mixing factual averments with argumentative rhetoric so as to make admissions or denials of such averments difficult, and at times, impossible. In addition, many of the FAC's allegations are overly broad, vague, conclusory, and/or include terms which are undefined and susceptible to different meanings. Accordingly, by way of general response, all allegations in the FAC are denied unless specifically admitted. Moreover, any factual averment that is admitted below is admitted only as to the specific facts as so stated herein and not as to any conclusions, characterizations, implications, or speculation that are contained in the averment or the FAC as a whole. The comments and objections of this preliminary statement are incorporated, to the extent appropriate, in each numbered paragraph of this Answer.

1. Admitted in part and denied in part. Rydex Defendants admit that Plaintiffs purport to bring a putative class action on behalf of investors who purchased shares in the Rydex Inverse Government Long Bond Strategy Fund (the "Fund"). All other allegations in this paragraph are denied.

2. Denied. The allegations in this paragraph call for a legal conclusion to which no response is required. To the extent that this paragraph is deemed to allege any facts, they are denied.

3. Denied. The allegations in this paragraph call for a legal conclusion to which no response is required. To the extent this paragraph is deemed to allege any facts, they are denied.

4. Denied. In addition, the first sentence of this paragraph calls for a legal conclusion to which no response is required.

5. Denied.

6. Admitted in part and denied in part. The Rydex Defendants deny that this is a class

action and deny that this case meets the requirements of Rule 23 of the Federal Rules of Civil Procedure. The remaining allegations in this paragraph are admitted.

7. Denied. The Rydex Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

8. Denied. The Rydex Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

9. Admitted in part and denied in part. The second sentence of this paragraph is denied; the remaining allegations in this paragraph are admitted.

10. Admitted in part and denied in part. The Rydex Defendants admit that PADCO was the investment adviser for the Trust during the alleged putative class period; thereafter, PADCO was merged into a new entity, which in turn was merged into Security Investors, LLC.

11. Admitted in part and denied in part. The Rydex Defendants admit that Rydex Distributors, Inc. was responsible for distributing shares of the Fund and that it served as the principal underwriter for the Trust during the alleged putative class period until it was merged into Rydex Distributors, LLC.

12. Admitted in part and denied in part. The Rydex Defendants admit that Richard M. Goldman signed the 2007 and 2008 Registration Statements and became CEO and President of Rydex Distributors, Inc. on January 13, 2009 and became a Fund Trustee in October 2009, but deny that Mr. Goldman signed the 2009 Registration Statement.

13. Admitted in part and denied in part. The Rydex Defendants admit that Carl G. Verboncoeur signed the 2007, 2008, and 2009 Registration Statements. The Rydex Defendants also admit that Mr. Verboncoeur was the President of the Trust until August 25, 2009 and was a Fund Trustee until November 20, 2009, but deny that Mr. Verboncoeur was a CEO, director, and Treasurer of the Manager after January 13, 2009.

14. Admitted.

15. Admitted.

16. Admitted in part and denied in part. The Rydex Defendants admit that Michael P. Byrum is the President, Chief Investment Officer, and Secretary of the Manager, and became a

1  director of the Manager after February 4, 2008.  The Rydex Defendants also admit that Mr.
2  Byrum was a Trustee until October 13, 2009, and is Vice President of the Trust and signed the
3  2007, 2008, and 2009 Registration Statements.

4        17.  Admitted.

5        18.  Admitted.

6        19.  Admitted.

7        20.  Admitted.

8        21.  Admitted.

9        22.  Admitted.

10        23.  Denied.  The allegations in this paragraph characterize the FAC, a written document
11  that speaks for itself.

12        24.  Admitted in part and denied in part.  The Rydex Defendants admit that Plaintiffs
13  purport to bring this lawsuit as a putative class action and purport to exclude certain entities and
14  individuals from the putative class.  The remaining allegations in this paragraph are denied.

15        25.  Denied.  The allegations in this paragraph call for a legal conclusion to which no
16  response is required.  To the extent that this paragraph is deemed to allege any facts, they are
17  denied.

18        26.  Denied.  The allegations in this paragraph call for a legal conclusion to which no
19  response is required.  To the extent that this paragraph is deemed to allege any facts, they are
20  denied.

21        27.  Denied.  The allegations in this paragraph call for a legal conclusion to which no
22  response is required.  To the extent that this paragraph is deemed to allege any facts, they are
23  denied.

24        28.  Denied.  The allegations in this paragraph call for a legal conclusion to which no
25  response is required.  To the extent that this paragraph is deemed to allege any facts, they are
26  denied.

27        29.  Denied.  The allegations in this paragraph call for a legal conclusion to which no
28  response is required.  To the extent that this paragraph is deemed to allege any facts, they are

denied.

30. Admitted in part and denied in part. The Rydex Defendants admit that mutual funds generally are regulated by the SEC under the Investment Company Act of 1940. All other allegations in this paragraph are denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied. By way of further answer, the Trust issues shares of the Fund; the Fund itself is not a legal entity. The Rydex Defendants admit that the Trust issues Advisor, Investor, A and C Class shares that have the respective ticker symbols RYJAX, RYJUX, RYAQX, RYJCX.

35. Admitted in part and denied in part. The Rydex Defendants admit that the Fund's shares were issued to investors pursuant to Registration Statements filed with the SEC in 2007, 2008, and 2009. All other allegations in this paragraph are denied.

36. Denied. The allegations in this paragraph call for legal conclusions to which no response is required. To the extent that this paragraph is deemed to allege any facts, they are denied.

37. Denied. The allegations in this paragraph call for a legal conclusion to which no response is required. To the extent that this paragraph is deemed to allege any facts, they are denied.

38. Denied.

39. Denied. The allegations in the paragraph characterize a written document that speaks for itself.

40. Denied. The allegations in the paragraph characterize a written document that speaks for itself.

41. Denied. In addition, a portion of the allegations in this paragraph characterize a written document that speaks for itself.

42. Denied. In addition, a portion of the allegations in this paragraph characterize a written document that speaks for itself.

1  43. Denied. The allegations in this paragraph call for a legal conclusion to which no
2  response is required. To the extent that this paragraph is deemed to allege any facts, they are
3  denied.

4  44. Denied. In addition, a portion of the allegations in this paragraph characterize a
5  written document that speaks for itself.

6  45. Denied. The allegations in this paragraph call for a legal conclusion to which no
7  response is required. To the extent that this paragraph is deemed to allege any facts, they are
8  denied.

9  46. Denied. The allegations in this paragraph call for a legal conclusion to which no
10  response is required. To the extent that this paragraph is deemed to allege any facts, they are
11  denied.

12  47. Denied. The allegations in this paragraph call for a legal conclusion to which no
13  response is required. To the extent that this paragraph is deemed to allege any facts, they are
14  denied.

15  48. Denied.

16  49. Denied. The allegations in the paragraph characterize a written document that speaks
17  for itself.

18  50. Denied. The Rydex Defendants lack knowledge or information sufficient to form a
19  belief about the truth of the allegations in this paragraph.

20  51. Denied. The Rydex Defendants lack knowledge or information sufficient to form a
21  belief about the truth of the allegations in this paragraph.

22  52. Denied. The allegations in the paragraph characterize a written document that speaks
23  for itself.

24  53. Denied. The allegations in the paragraph characterize a written document that speaks
25  for itself.

26  54. Denied. The allegations in the paragraph characterize a written document that speaks
27  for itself.

28  55. Denied. The Rydex Defendants lack knowledge or information sufficient to form a

1  belief about the truth of the allegations in this paragraph. In addition, the allegations in this

2  paragraph characterize a written document that speaks for itself.

3      56. Denied. The Rydex Defendants lack knowledge or information sufficient to form a

4  belief about the truth of the allegations in this paragraph. In addition, a portion of the allegations

5  in this paragraph characterize a written document that speaks for itself.

6      57. Denied. The allegations in the last sentence of this paragraph are denied. The Rydex

7  Defendants lack knowledge or information sufficient to form a belief about the truth of the

8  remaining allegations in this paragraph. In addition, a portion of the allegations in this paragraph

9  characterize written documents that speak for themselves.

10      58. Denied. The allegations in the paragraph characterize a written document that speaks

11  for itself.

12      59. No response is required because the Court dismissed all claims related to the 2009

13  Registration Statement. To the extent a response is required, the allegations in this paragraph are

14  denied. In addition, the allegations in this paragraph characterize a written document that speaks

15  for itself.

16      60. No response is required because the Court dismissed all claims related to the 2009

17  Registration Statement. To the extent a response is required, the allegations in this paragraph are

18  denied. In addition, the allegations in this paragraph characterize a written document that speaks

19  for itself.

20      61. No response is required because the Court dismissed all claims related to the 2009

21  Registration Statement. To the extent a response is required, the allegations in this paragraph are

22  denied. In addition, the allegations in this paragraph characterize a written document that speaks

23  for itself.

24      62. No response is required because the Court dismissed all claims related to the 2009

25  Registration Statement. To the extent a response is required, the allegations in this paragraph are

26  denied. In addition, the allegations in this paragraph characterize a written document that speaks

27  for itself.

28      63. No response is required because the Court dismissed all claims related to the 2009

1   Registration Statement.  To the extent a response is required, the allegations in this paragraph are
2   denied.  In addition, the allegations in this paragraph characterize a written document that speaks
3   for itself.

4       64.  No response is required because the Court dismissed all claims related to the 2009
5   Registration Statement.  To the extent a response is required, the allegations in this paragraph are
6   denied.  In addition, the allegations in this paragraph characterize a written document that speaks
7   for itself.

8       65.  No response is required because the Court dismissed all claims related to the 2009
9   Registration Statement.  To the extent a response is required, the allegations in this paragraph are
10  denied.  In addition, the allegations in this paragraph characterize a written document that speaks
11  for itself.

12      66.  No response is required because the Court dismissed all claims related to the 2009
13  Registration Statement.  To the extent a response is required, the allegations in this paragraph are
14  denied.  In addition, the allegations in this paragraph characterize a written document that speaks
15  for itself.

16      67.  No response is required because the Court dismissed all claims related to the 2009
17  Registration Statement.  To the extent a response is required, the allegations in this paragraph are
18  denied.  In addition, the allegations in this paragraph call for a legal conclusion to which no
19  response is required.

20      68.  No response is required because the Court dismissed all claims related to the 2009
21  Registration Statement.  To the extent a response is required, the allegations in this paragraph are
22  denied.  In addition, a portion of the allegations in this paragraph characterize a written document
23  that speaks for itself.

24      69.  Denied.  In response to the first sentence in this paragraph, Defendants incorporate by
25  reference their responses to paragraphs 1-68 of the FAC as if fully set forth herein.  The other
26  allegations in this paragraph call for a legal conclusion to which no response is required.  To the
27  extent that these allegations are deemed to allege any facts, they are denied.

28      70.  Denied.  The allegations in this paragraph call for a legal conclusion to which no

1 response is required. By way of further answer, the Rydex Defendants deny that the FAC states a
2 claim against any of them under Section 11 of the 1933 Act.

3     71. Denied. The allegations in this paragraph call for a legal conclusion to which no
4 response is required. To the extent that these allegations are deemed to allege any facts, they are
5 denied.

6     72. Admitted in part and denied in part. The Rydex Defendants admit that the Trust is the
7 issuer of shares of the Fund. The remaining allegations of this paragraph call for a legal
8 conclusion to which no response is required. To the extent that the remaining allegations are
9 deemed to allege any facts, they are denied.

10     73. Denied. The allegations in this paragraph call for a legal conclusion to which no
11 response is required. To the extent that these allegations are deemed to allege any facts, they are
12 denied.

13     74. Denied. The allegations in this paragraph call for a legal conclusion to which no
14 response is required. To the extent that these allegations are deemed to allege any facts, they are
15 denied.

16     75. Denied. The allegations in this paragraph call for a legal conclusion to which no
17 response is required. To the extent that these allegations are deemed to allege any facts, they are
18 denied.

19     76. Denied. The allegations in this paragraph call for a legal conclusion to which no
20 response is required. To the extent that these allegations are deemed to allege any facts, they are
21 denied.

22     77. Denied. The allegations in this paragraph call for a legal conclusion to which no
23 response is required. To the extent that these allegations are deemed to allege any facts, they are
24 denied.

25     78. Denied. The Rydex Defendants lack knowledge or information sufficient to form a
26 belief as to the truth of the allegations in the first sentence of this paragraph. The remaining
27 allegations in this paragraph are denied.

28     79. Denied.

1    80. Denied.  The allegations in this paragraph call for a legal conclusion to which no
2 response is required.  To the extent that these allegations are deemed to allege any facts, they are
3 denied.

4    81. Denied.  In response to the first sentence in this paragraph, Defendants incorporate by
5 reference their responses to paragraphs 1-80 of the FAC as if fully set forth herein.  The other
6 allegations in this paragraph call for a legal conclusion to which no response is required.  To the
7 extent that these allegations are deemed to allege any facts, they are denied.

8    82. Denied.  The allegations in this paragraph call for a legal conclusion to which no
9 response is required.  By way of further answer, the Rydex Defendants deny that the FAC states a
10 claim against any of them under Section 12 of the 1933 Act.

11    83. Denied.  The allegations in this paragraph call for a legal conclusion to which no
12 response is required.  To the extent that these allegations are deemed to allege any facts, they are
13 denied.

14    84. Denied.  The allegations in this paragraph call for a legal conclusion to which no
15 response is required.  To the extent that these allegations are deemed to allege any facts, they are
16 denied.

17    85. Denied.  The allegations in this paragraph call for a legal conclusion to which no
18 response is required.  To the extent that these allegations are deemed to allege any facts, they are
19 denied.

20    86. Denied.  The allegations in this paragraph call for a legal conclusion to which no
21 response is required.  To the extent that these allegations are deemed to allege any facts, they are
22 denied.

23    87. Denied.  The allegations in this paragraph call for a legal conclusion to which no
24 response is required.  To the extent that these allegations are deemed to allege any facts, they are
25 denied.

26    88. Denied.  In response to the first sentence in this paragraph, Defendants incorporate by
27 reference their responses to paragraphs 1-87 of the FAC as if fully set forth herein.  The other
28 allegations in this paragraph call for a legal conclusion to which no response is required.  To the

1  extent that these allegations are deemed to allege any facts, they are denied.

2       89. Denied.  The allegations in this paragraph call for a legal conclusion to which no

3  response is required.  By way of further answer, the Rydex Defendants deny that the FAC states a

4  claim against any of them under Section 15 of the 1933 Act.

5       90. Denied.  The allegations in this paragraph call for a legal conclusion to which no

6  response is required.  To the extent that these allegations are deemed to allege any facts, they are

7  denied.

8       91. Denied.  The allegations in this paragraph call for a legal conclusion to which no

9  response is required.  To the extent that these allegations are deemed to allege any facts, they are

10 denied.

11      92. Denied.  The allegations in this paragraph call for a legal conclusion to which no

12 response is required.  To the extent that these allegations are deemed to allege any facts, they are

13 denied.

## AFFIRMATIVE DEFENSES

Without conceding that the Rydex Defendants bear any burden of proof, persuasion, or production not otherwise legally assigned to them, or that the Rydex Defendants are obliged to set forth the defenses below as affirmative defenses, the Rydex Defendants allege as follows:

### First Affirmative Defense

Plaintiffs and the members of the putative class are not entitled to any recovery under the Securities Act because the offering documents at issue in the FAC did not contain any untrue statement of material fact, nor did they omit to state any material fact required to be stated or necessary to make the statements made not misleading.

### Second Affirmative Defense

Any allegedly untrue statements of material fact, omissions of material fact, misleading statements, or other allegedly actionable conduct attributed to any of the Rydex Defendants (all of which are denied) were not material to the investment decisions of a reasonable investor and/or were non-actionable opinions.

### Third Affirmative Defense

The FAC fails to state a claim upon which relief can be granted.

### Fourth Affirmative Defense

Plaintiffs and the members of the putative class had actual knowledge of the purported misstatements and omissions alleged in the FAC.

### Fifth Affirmative Defense

The matters claimed by the FAC to be the subject of misrepresentations and omissions, which are denied, were, in fact, publicly disclosed or were in the public domain and, as such, were available to Plaintiffs and members of the putative class.

### Sixth Affirmative Defense

The Rydex Defendants are not liable for any damages because they had, after reasonable investigation, reasonable grounds to believe and did believe, at the time the registration statements became effective, that the statements contained in the registration statements were true and that there was no omission of any material fact required to be stated in the registration statements or necessary to make the statements contained in the registration statements not misleading.

### Seventh Affirmative Defense

Some or all of the Plaintiffs or putative class members received a greater amount with respect to their transactions in the Fund than any recovery they would receive if they prevailed in this lawsuit.

### Eighth Affirmative Defense

Some or all of Plaintiffs' or putative class members' alleged damages did not result from the portions of the registration statements alleged to be untrue or misleading.

### Ninth Affirmative Defense

Without conceding that the FAC states a claim, Defendants Goldman, Verboncouer, Bonos and Byrum did not know, and in the exercise of reasonable care could not have known, of any of the purported misrepresentations or omissions alleged in the FAC.

### Tenth Affirmative Defense

Plaintiffs' and putative class members' claims are barred in whole, or in part, by the applicable statute of limitations and/or statute of repose.

### Eleventh Affirmative Defense

Plaintiffs' and putative class members' claims under Section 15 of the Securities Act of 1933 against Defendants Goldman, Verboncouer, Bonos and Byrum are barred in whole or in part because Plaintiffs cannot establish, inter alia, an underlying violation of the Securities Act of 1933.

### Twelfth Affirmative Defense

Plaintiffs and putative class members are barred by the doctrines of laches and unclean hands from obtaining any recovery in this action.

### Thirteenth Affirmative Defense

Plaintiffs' and putative class members' claims are barred in whole or part because, to the extent that Plaintiffs or putative class members incurred injury or damages as alleged in the FAC, which is denied, any such injury or damages was caused in whole or in party by the negligent conduct of Plaintiffs and putative class members.

### Fourteenth Affirmative Defense

Plaintiffs and putative class members are estopped by reason of their acts, conduct, and omissions from obtaining any recovery in this action.

### Fifteenth Affirmative Defense

Plaintiffs' and putative class members' claims are barred in whole or in part because no conduct attributable to any of the Rydex Defendants was the cause in fact or proximate cause of the losses or damages Plaintiffs seek to recover in this action.

### Sixteenth Affirmative Defense

Plaintiffs and putative class members would be unjustly enriched if they were permitted to obtain any recovery in this action.

### Seventeenth Affirmative Defense

Without admitting that the FAC states a claim, any remedies are limited to the extent that

1  Plaintiffs or putative class members seek an overlapping or duplicative recovery pursuant to the
2  various claims against the Rydex Defendants or others.

### Eighteenth Affirmative Defense

Plaintiffs' and putative class members' claims are barred in whole or in part because they lack standing.

### Nineteenth Affirmative Defense

Plaintiffs' and putative class members' claims are barred in whole or in part because they failed to make reasonable efforts to mitigate their alleged injury or damage, which efforts would have prevented all or part of any such alleged injury or damage.

### Twentieth Affirmative Defense

The Rydex Defendants are absolved from any and all liability for the wrongs alleged in the FAC by reason of their full compliance with all statutes, regulations or other laws in effect at the time of the conduct alleged in the FAC.

### Twenty-First Affirmative Defense

The Rydex Defendants are not liable under Section 11 of the Securities Act of 1933 for damages in excess of the total price at which the securities were offered to the public.

### Twenty-Second Affirmative Defense

Plaintiffs' putative class does not satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

### Twenty-Third Affirmative Defense

The Rydex Defendants adopt and incorporate by reference all defenses asserted by any other defendant to the extent such a defense may be available to any of the Rydex Defendants.

The Rydex Defendants reserve the right to supplement their affirmative defenses as discovery in this action proceeds and reveals new facts not currently known to them.

## **PRAYER**

WHEREFORE, the Rydex Defendants pray for judgment as follows:

1. That the Court refuse to certify this suit as a class action;

2. That Plaintiffs and putative class members take nothing by reason of the claims asserted herein;

3. That judgment be entered in favor of the Rydex Defendants on all claims asserted herein;

4. That the Rydex Defendants be awarded their attorneys' fees and costs, including expert fees; and

5. For such other and further relief as the Court may deem just and proper.

Dated: January 19, 2011

DECHERT LLP
MATTHEW L. LARRABEE
DAVID A. KOTLER
MURIEL M. KOROL

By: _____/S/_____
MATTHEW L. LARRABEE
One Maritime Plaza, Suite 2300
San Francisco, California 94111-3513
Telephone: 415.262.4500
Facsimile: 415.262.4555
matthew.larrabee@dechert.com

Counsel for Defendants
RYDEX SERIES FUNDS; PADCO ADVISORS INC. d/b/a RYDEX INVESTMENTS, INC.; RYDEX DISTRIBUTORS, INC.; NICK BONOS; MICHAEL P. BYRUM; RICHARD M. GOLDMAN; and CARL G. VERBONCOEUR