1  ALAN W. SPARER (No. 104921)
   MARC HABER (No. 192981)
2  KEVIN H. LEWIS (No. 197421)
   JAMES S. NABWANGU (No. 236601)
3  SPARER LAW GROUP
   100 Pine Street, 33rd Floor
4  San Francisco, California 94111-5128
   Telephone:   415/217-7300
5  Facsimile:   415/217-7307
   asparer@sparerlaw.com
6  mhaber@sparerlaw.com
   klewis@sparerlaw.com
7  jnabwangu@sparerlaw.com

8  Attorneys for Plaintiff
   JAMES RAFTON, TRUSTEE
9  OF THE JAMES AND CYNTHIA
   RAFTON TRUST and JAMES DARST, JR.,
10 TRUSTEE OF THE JAMES & HILLARY
   DARST TRUST

MATTHEW L. LARRABEE (No. 97147)
DAVID A. KOTLER (*pro hac vice*)
MURIEL M. KOROL (No. 261909)
DECHERT LLP
One Maritime Plaza, Suite 2300
San Francisco, California 94111-3513
Telephone: 415/262-4500
Facsimile: 415/262-4555
matthew.larrabee@dechert.com
david.kotler@dechert.com
muriel.korol@dechert.com

Counsel for Defendants
RYDEX SERIES FUNDS; PADCO
ADVISORS INC. d/b/a RYDEX
INVESTMENTS, INC.; RYDEX
DISTRIBUTORS, INC.; NICK BONOS;
MICHAEL P. BYRUM; RICHARD M.
GOLDMAN; and CARL VERBONCOEUR

MICHAEL K. WOLENSKY (*pro hac vice*)
CRAIG BRIDWELL (No. 246124)
SCHIFF HARDIN LLP
One Market, Spear Street Tower
Thirty-Second Floor
San Francisco, CA 94105
Telephone: 415/901-8798
Facsimile: 415/901-8701
mwolensky@schiffhardin.com
cbridwell@schiffhardin.com

Counsel for Defendants
JOHN O. DEMARET; COREY A.
COLEHOUR; J. KENNETH DALTON;
WERNER E. KELLER; THOMAS F.
LYDON; PATRICK T. MCCARVILLE; AND
ROGER SOMERS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES RAFTON,<br><br>                 Plaintiff,<br>     v.<br><br>RYDEX SERIES FUNDS, et al.,<br><br>                 Defendants. | No. CV 10-01171 LHK (HRL)<br><br>JOINT CASE MANAGEMENT STATEMENT AND REPORT OF THE PARTIES' DISCOVERY PLANNING MEETING PURSUANT TO RULE 26(f)<br><br>CLASS ACTION |

1   **JOINT CASE MANAGEMENT STATEMENT**

2   Pursuant to the Court's January 10, 2011 Order, Lead Plaintiffs James Rafton and James
3   Darst, Jr. (collectively, "Lead Plaintiffs"), Defendants Rydex Series Funds, PADCO Advisors,
4   Inc. d/b/a Rydex Investments, Inc., Rydex Distributors, Inc., Richard M. Goldman, Carl G.
5   Verboncoeur, Nick Bonos, and Michael P. Byrum (collectively, the "Rydex Defendants"), and
6   Defendants John O. Demaret, Corey A. Colehour, J. Kenneth Dalton, Werner E. Keller, Thomas
7   F. Lydon, Patrick T. McCarville, and Roger Somers (collectively, the "Independent Trustee
8   Defendants") submit the following Joint Case Management Statement and Report of the Parties'
9   Discovery Planning Meeting pursuant to Rule 26(f).

10   1.   <u>Jurisdiction and Service</u>:

11   The Court has subject matter jurisdiction over Plaintiffs' claims pursuant to Section 22 of
12   the Securities Act, 15 U.S.C. §77v, and 28 U.S.C. §§1331, 1332(d).  The parties are not aware of
13   any issues regarding personal jurisdiction.  All parties have either been properly served or have
14   accepted service, and no parties remain to be served.

15   Defendants preserve their argument that, pursuant to 28 U.S.C. §1406(a), the venue of
16   this case should have been transferred to the District of Maryland.  *See* Dkt. 18.

17   2.   <u>Facts</u>:

18   (a)   <u>Plaintiffs' Statement</u>:

19   This action is brought by lead plaintiffs James Rafton and James Darst, Jr., on behalf of
20   themselves and the class of persons who purchased Class A, C, Advisor or Investor shares of the
21   Rydex Inverse Government Long Bond Strategy Fund (the "Fund") offered pursuant to the
22   Fund's 2007 and 2008 Prospectuses.  The stated objective of the Fund was "to provide total
23   returns that inversely correlate to the price movements of the 30-Year U.S. Treasury Bond" (the
24   "Long Treasury Bond").  Plaintiffs originally sought to represent purchasers under the Fund's
25   2009 Prospectus, and preserve their argument that the class representatives have standing to
26   assert these claims.

27   The First Amended Complaint alleges that the Prospectuses failed adequately to disclose
28   that due to the effect of mathematical compounding the Fund would inevitably deviate from the

-1-
JOINT CASE MANAGEMENT STATEMENT   No. CV 10-01171 LHK (HRL)

inverse of movements in its benchmark, especially during periods of market volatility. Specifically, Defendants failed to warn investors that the effects of compounding would make it a virtual certainty that the Fund would underperform its benchmark over long periods of time, unless the benchmark Long Bond Price consistently declined.  Thus, between March 20, 2008 and February 22, 2010, the price of the Long Treasury Bond fell by 4.91%, while due largely to the compounding effect, the Fund price *fell* over the same period by 11.29%.

Defendants also failed to adequately disclose that the Fund was unsuitable for investors who intended to hold the shares for longer than a single day.  Defendants not only marketed the Fund as a way to invest in anticipation of interest rate increases over time, they structured the fees of the Fund so as to discourage investors from trading the Fund short-term.  The fees associated with buying and selling Class-A shares, like those owned by Plaintiffs, were so high that short-term trading virtually guaranteed that investors would lose money.  It was not until after securities regulators warned brokers and investors that inverse funds were unsuitable for investors who intended to hold the shares for longer than a single day that Defendants acknowledged in a Prospectus supplement that the Fund was only appropriate as a short-term trading vehicle.

Defendants' untrue statements and omissions of material fact in the Prospectuses violate Sections 11, 12(a)(2) and 15 of the Securities Act of 1933, and Plaintiffs seek damages therefor as described in Paragraph 11 below.

The case was filed on March 19, 2010, and originally assigned to U.S. District Judge Charles R. Breyer.  On August 2, 2010, the matter was reassigned to this Court.

Defendants filed answers to the First Amended Complaint on January 19, 2011, after their motions to dismiss pursuant to Rule 12(b)(6) were granted in part and denied in part.  *See* Paragraph 4, i*nfra*.

(b)     Rydex Defendants' Statement:

The Fund's prospectuses clearly and repeatedly explained that the "the Fund's objective is to perform, on a *daily* basis, exactly opposite its benchmark, the Long Treasury Bond."  As the Fund's reports to shareholders explained, the Fund was remarkably successful in achieving this

1  objective both before and during the putative class period.

2  The Fund never even suggested, much less said, that its returns *over time* would correlate
3  with the inverse of the cumulative returns on the Long Treasury Bond.  Indeed, the Fund's
4  prospectuses specifically warned investors about the effects of compounding, and the historical
5  return information in the Fund's annual reports made clear that the Fund's returns over time did
6  *not* match the inverse of the cumulative returns on the Long Bond.  Thus, the fact that the Fund's
7  cumulative returns over the arbitrary 23-month period referred to by Plaintiffs allegedly did not
8  match the cumulative returns of the Long Treasury Bond over that period is neither surprising
9  nor of any legal consequence.  Any claim that the Fund's prospectuses materially misrepresented
10  its objective or the effects of compounding must be rejected.

11  Similarly, the Fund had no obligation to and did not opine about the types of investors for
12  whom the Fund was suitable.  Contrary to Plaintiffs' allegations, however, the Fund's
13  prospectuses made clear that the Fund's fee structure was designed to accommodate, not punish,
14  short-term trading.  Thus, any claim based on the allegation that the Fund marketed or structured
15  itself as a "buy and hold" investment fails.

16  Moreover, the relevant evidence, including the trading patterns of the Fund's
17  shareholders, will demonstrate that investors in fact did understand those characteristics of the
18  Fund that Plaintiffs allege were not disclosed and that many putative class members were never
19  adversely affected by compounding (or profited from it).  Not only is this further proof that the
20  Fund's prospectuses were not materially misleading, but it also creates numerous individual
21  issues that predominate over any common issues that may exist in this case, thereby rendering
22  this case unsuitable for class certification.

23        (c)    <u>Independent Trustee Defendants' Statement</u>:

24  The Independent Trustee Defendants agree with and adopt the Rydex Defendants'
25  Statement of the facts.  Further, the Independent Trustee Defendants state that they are not liable
26  to Plaintiffs either as outside directors or as control persons.

27

28

3. Legal Issues:

(a) <u>Plaintiffs' Statement</u>:

Plaintiffs' claims raise the following legal issues:

- Whether Defendants' 2007 and 2008 Registration Statements and Prospectuses for the Fund contained false and misleading statements and/or omitted material facts in violation of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933;

- Whether the Independent Trustee Defendants are control persons under Section 15;

- Whether a class should be certified; and

- Whether, and to what extent, the members of the class have sustained damages and the proper measure of damages.

(b) <u>Rydex Defendants' Statement</u>:

In addition to the issues described in Plaintiffs' statement, Plaintiffs' claims raise the following legal issues:

- Whether the Rydex Defendants had a duty to disclose any of the facts that Plaintiffs allege were omitted from the 2007 and 2008 Registration Statements;

- Whether the decline in the Fund's share prices alleged in the Complaint was caused by the alleged misrepresentations and omissions;

- Whether Plaintiffs' claims are barred by the statute of limitations;

- Whether the claims of Plaintiffs or any putative class members are barred by their actual knowledge of the facts that were purportedly misrepresented or omitted as alleged in the Complaint;

- Whether common issues constitute such a significant aspect of the action that there is clear justification for handling the action on a representative rather than on an individual basis;

- Whether a class action is superior to other available methods for the fair and efficient adjudication of the controversy; and

- Whether the requirements of Federal Rule of Civil Procedure 23(a) are satisfied, namely whether Lead Plaintiffs are typical and adequate representatives of a putative class.

   (c) <u>Independent Trustee Defendants' Statement</u>:

In addition to the issues identified above, Plaintiffs' claims raise the following legal issues:

- Whether the Independent Trustee Defendants are liable as outside directors under Section 11(f)(2)(A) of the Securities Act of 1933;
- Whether the Independent Trustee Defendants are liable as control persons under Section 15 of the Securities Act of 1933; and
- Whether the Independent Trustee Defendants are liable for damages as outside directors under Section 21D(f) of the Securities Exchange Act of 1934.

  4. <u>Motions</u>:

   (a) There are no pending motions before the Court.

   (b) The following motions were filed and decided previously:

- On May 18, 2010, Plaintiffs filed an unopposed motion to appoint the Rydex Litigation Group as Lead Plaintiff and approve Lead Plaintiff's selection of Counsel.
- On May 21, 2010, the Rydex and Independent Trustee Defendants filed a motion to transfer venue to the District of Maryland pursuant to 28 U.S.C. §1404(a). Defendants' motion was denied by U.S. District Court Judge Charles R. Breyer on June 29, 2010.
- On October 8, 2010, the Rydex and Independent Trustee Defendants filed motions to dismiss Plaintiffs' First Amended Class Action Complaint. On January 5, 2011, the Rydex Defendants' motion to dismiss was denied in its entirety, and the Independent Trustee Defendants' motion was granted in part and denied in part.

   (c) The parties anticipate that the following motions will be filed:

- Motion for class certification;
- *Daubert* motions;
- Motions for summary judgment; and
- Motions *in limine*

-5-
JOINT CASE MANAGEMENT STATEMENT  No. CV 10-01171 LHK (HRL)

5. <u>Amendment of Pleadings</u>:

Plaintiffs do not expect to amend the pleadings at this time. Defendants would oppose any amendment to the First Amended Complaint. Defendants do not expect to amend their Answers at this time.

6. <u>Evidence Preservation</u>:

    (a) <u>Plaintiffs' Statement</u>:

Plaintiffs have been instructed to preserve all documents, including electronic documents relevant to this case, and have assured Lead Counsel that they will do so.

    (b) <u>Rydex Defendants' Statement</u>:

The Rydex Defendants have taken appropriate steps to comply with their obligations to preserve evidence under the Private Securities Litigation Reform Act and the Federal Rules of Civil Procedure.

    (c) <u>Independent Trustee Defendants' Statement</u>:

The Independent Trustee Defendants have taken appropriate steps to comply with their obligations to preserve evidence under the Private Securities Litigation Reform Act and the Federal Rules of Civil Procedure.

7. <u>Disclosures</u>:

No initial disclosures have been made by any party pursuant to Rule 26. However, pursuant to the proposed schedule set forth in Paragraph 17 below, the parties intend to exchange initial disclosures on March 9, 2011.

8. <u>Discovery</u>:

The parties' proposed discovery plan is set forth below.

    (a) Subjects for Discovery

        i. <u>Plaintiffs' Statement</u>:

In addition to subjects for discovery identified by Defendants, Plaintiffs believe that discovery will be needed on at least the following subjects:

- The Fund's marketing materials and activities, including the Fund's registration statements and prospectuses;

1. • The activities of the Fund's Trustees;
2. • Whether the Fund's Trustees are statutory sellers pursuant to Section 12(a)(2);
3. • Whether (and/or which) defendants have control person liability under Section 15;
4. • Investor and Trading records of the Fund;
5. • Means by which the Fund tracked the inverse of the Treasury Long Bond;
6. • The nature and extent of tracking error not involving compounding;
7. • The nature and extent of compounding error;
8. • Trading patterns of Fund investors;
9. • Fee structure for different types of shares, fees charged and collected;
10. • Defendants' factual defenses to class certification;
11. • Loss causation;
12. • Damages; and
13. • Defendants' affirmative defenses.

          ii. <u>Defendants' Statement</u>:

Without conceding that any of Plaintiffs' listed topics are relevant to this litigation, Defendants submit that discovery will be needed on the following additional subjects:

- Plaintiffs' and the putative class's "actual knowledge" of the Fund's Registration Statements and shareholder reports.
- Plaintiffs' and the putative class's communications with their broker(s), including with respect to the Fund.
- Plaintiffs' and the putative class's investment history and expertise.
- Industry standards and practices regarding the responsibility for determining whether a mutual fund is "suitable" for a particular investor.

(b) Disclosure or discovery of electronically stored information should be handled as follows:

     i.  <u>Plaintiffs' Statement</u>:

Plaintiffs anticipate producing very little, if any, electronically stored information ("ESI") and will negotiate with Defendants' counsel about the format of that production before the information is produced.

     ii.  <u>Rydex Defendants' Statement</u>:

Defendants anticipate producing ESI and will negotiate with Plaintiffs' counsel regarding the scope and format of the production.

     iii.  <u>Independent Trustee Defendants' Statement</u>:

The Independent Trustee Defendants anticipate producing very little, if any, ESI and will negotiate with Plaintiffs' counsel concerning the scope and format of that production before the information is produced.

  (c)  The parties have agreed to enter into a protective order substantially in the form of the Northern District of California's Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets to administer claims of privilege or to protect documents containing confidential information.

  (d)  Maximum number of interrogatories:  The parties have not yet decided on the maximum number of interrogatories for each party, or the dates on which requests and responses will be due, but intend to establish a provisional limit after the Initial Disclosures have been exchanged.

  (e)  Maximum number of requests for admission:  the parties have not yet decided on the maximum number of requests for admission for each party, or dates on which requests and responses will be due, but intend to establish a provisional limit after the Initial Disclosures have been exchanged.

  (f)  Maximum number of depositions:  The parties have not yet decided on the maximum number of depositions for each party, but intend to establish a provisional limit after the Initial Disclosures have been exchanged.

       (g)    Limits on the length of depositions: Depositions will each be limited to eight hours, excluding breaks, absent mutual agreement to a shorter or longer period for good cause shown.

       (h)    Dates relating to discovery: *See* ¶ 17 (Scheduling) for dates relating to discovery, including dates for the commencement and completion of discovery, exchanging reports of expert witnesses, and supplementation pursuant to Rule 26(e).

9. <u>Class Actions</u>:

    (a)    Plaintiffs seek to bring this lawsuit as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

    (b)    Plaintiffs seek to maintain this lawsuit on behalf of the class of all persons, excluding certain persons affiliated with Defendants, who purchased Class A, C, Advisor or Investor shares offered pursuant to the Fund's 2007 or 2008 Registration Statements and Prospectuses, and who held such shares for more than a single trading session. Plaintiffs assert that this class definition is subject to modification based on discovery of investor information that is in the exclusive custody of Defendants.

    (c)    Plaintiffs contend that Mr. Rafton and Mr. Darst made a preliminary showing that they are entitled to maintain this action under Rules 23(a) and (b) at the time they moved for and were appointed Lead Plaintiffs under the applicable provisions of the PSLRA.

    (d)    Plaintiffs will move for class certification on the schedule set forth in Paragraph 17.

    (e)    Defendants intend to oppose any motion for class certification.

10. <u>Related Cases</u>:

The parties are not aware of any related case or controversy.

11. <u>Relief</u>:

    (a)    <u>Plaintiffs' Statement</u>:

Plaintiffs seek compensatory and/or rescissionary damages for all losses sustained as a result of Defendants' wrongdoing, including interest thereon, costs and expenses, attorneys' fees,

1  expert fees, and equitable/injunctive relief as deemed appropriate by the Court.  Plaintiffs also
2  seek statutory damages pursuant to Sections 11(e), 12(a)(2) and 15 of the Securities Act of 1933.
3        Damages pursuant to Section 11(e) of the Securities Act of 1933 are generally calculated
4  as the difference between the amount paid for the security (not exceeding the price at which the
5  security was offered to the public), and the price of the security at the time the lawsuit was filed
6  or the security was disposed of in the market.
7        Similarly, Section 12(a)(2) authorizes a plaintiff to recover from the statutory sellers
8  consideration paid for such security with interest thereon, less the amount of any income received
9  thereon, upon the tender of such security, or for damages if he no longer owns the security.
10       Under both Sections 11 and 12, recovery may be reduced to the extent defendants prove
11 that the loss did not result from the portion of the prospectus that is challenged as false or
12 misleading.  Section 15 provides for liability to be imposed on individuals who are alleged to be
13 control persons liable under Section 11 or 12, and are liable jointly and severally with and to the
14 same extent as such controlled person, unless the controlling person had no knowledge of or
15 reasonable ground to believe in the existence of the facts creating liability.
16       (b)    <u>Defendants' Statement</u>:
17       Defendants state that Plaintiffs will be unable to establish liability and that the
18 misstatements alleged in the Complaint did not cause any of Plaintiffs' alleged losses.
19       Furthermore, Defendants object to Plaintiffs' Statement as non-compliant with the
20 Standing Order regarding the contents of this Joint Case Management Conference Statement
21 because in merely reciting some of the potentially applicable legal standards, Plaintiffs have
22 failed to provide "a description of the bases on which damages are calculated."  At such time as
23 Plaintiffs articulate a description of the bases on which damages in this case would be calculated,
24 Defendants will provide any response thereto that the Court requests.  By way of example, if
25 Plaintiffs were able to establish liability, then the bases on which they would seek to calculate
26 damages would need to take into account all offsets to Plaintiffs' alleged damages, e.g., any
27 aspect of the Fund's alleged deviation from its benchmark over an arbitrary period of time for
28

each putative class member that is not the result of "compounding," as well as any benefit that Plaintiffs received.

12. <u>Settlement and ADR</u>:

The parties believe that mediation will be appropriate at some point in the future, but agree that the litigation is not sufficiently advanced to allow a meaningful mediation or even to set a date for mediation.

13. <u>Consent to Magistrate Judge for all Purposes</u>:

This case has been assigned to Magistrate Judge Howard R. Lloyd for all discovery matters. The parties decline to stipulate to a magistrate judge for all purposes.

14. <u>Other References</u>:

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>:

At this time, the parties do not believe that this case can be narrowed by agreement or by motion. In addition, the parties do not have suggestions for expediting the presentation of evidence at trial. The parties do not currently request bifurcation of any issues, claims, or defenses.

16. <u>Expedited Schedule</u>:

The parties do not believe this case should be handled on an expedited basis.

17. <u>Scheduling</u>:

The parties propose the following case schedule:

| | |
|---|---|
| File ADR Certification | 3/2/11 |
| Rule 26(a) Disclosures | 3/9/11 |
| Case Management Conference | 3/23/11 |
| Last Day to Produce Documents Identified in Initial Disclosures | 4/11/11 |
| Meet & Confer to Identify Class Certification Expert Topics | 5/02/11 |
| Disclosure of Class Certification Experts and Exchange of Reports | 6/1/11 |
| Disclosure of Class Certification Rebuttal Experts and Exchange of Reports | 6/29/11 |

| | | |
|---|---|---|
| 1 | End of Class Certification Expert Discovery | 7/22/11 |
| 2 | Plaintiffs File Class Certification Motion | 8/19/11 |
| 3 | Defendants File Opposition to Class Certification Motion | 9/16/11 |
| 4 | Plaintiffs File Reply in Support of Class Certification Motion | 10/7/11 |
| 5 | Hearing on Class Certification Motion | 10/27/11 |
| 6 | Close of Fact Discovery | 1/26/12 |
| 7 | Meet & Confer to Identify Issues on which Expert Testimony to be Offered | 2/2/12 |
| 8 | Disclosure of Merits Experts/Exchange of Reports | 2/23/12 |
| 9 | Disclosure of Merits Rebuttal Experts/Exchange of Reports | 3/15/12 |
| 10 | Close of Expert Discovery | 4/12/12 |
| 11 | *Daubert* Hearing | 5/25/12 |
| 12 | File Summary Judgment Motions | 6/20/12 |
| 13 | File Oppositions to Summary Judgment Motions | 7/17/12 |
| 14 | File Replies in Support of Summary Judgment Motions | 8/2/12 |
| 15 | Hearing on Summary Judgment motions | 8/23/12 |
| 16 | File Motions *in Limine* and Pretrial Conference Statement | 9/27/12 |
| 17 | Pretrial Conference | 10/18/12 |
| 18 | Trial | 11/5/12 |

18.   <u>Trial</u>:

Plaintiffs have requested a jury trial on all issues as to which trial by jury is permitted. Plaintiffs estimate the potential length of trial at 10 court days.  Defendants estimate the potential length of trial at 10-15 court days.

19.   <u>Disclosure of Non-party Interested Entities or Persons</u>:

Plaintiffs filed a "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-16 on March 19, 2010.  At that time Plaintiffs identified Cynthia Rafton as a potentially interested person.  Other than this individual, Plaintiffs are not aware of any entity or person, other than the defendants, who have a financial interest in the outcome of this litigation.

On April 30, 2010, the Rydex Defendants and the Independent Trustee Defendants each filed a "Certification of Interested Entities or Persons," which identified the entities that (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.  Other than these entities, Defendants are not aware of any other interested entities or persons.

20. <u>Other matters</u>:

None.

Dated: February 4, 2011

                                        Respectfully submitted,

                                        ALAN W. SPARER
                                        MARC HABER
                                        KEVIN H. LEWIS
                                        JAMES S. NABWANGU
                                        SPARER LAW GROUP

                                        By:          */s/ Alan W. Sparer*
                                                          ALAN W. SPARER

                                        Counsel for JAMES RAFTON, TRUSTEE OF THE JAMES AND CYNTHIS RAFTON TRUST and JAMES DARST, JR., AS TRUSTEE OF THE JAMES & HILLARY DARST TRUST

Concurrence in the filing of this document has been obtained from each of the other signatories.

```
                                        DECHERT LLP
                                        MATTHEW L. LARRABEE
                                        DAVID A. KOTLER
                                        MURIEL M. KOROL


                                        By:      /s/ Matthew L. Larrabee
                                                MATTHEW L. LARRABEE

                                        Counsel for Defendants
                                        RYDEX SERIES FUNDS; PADCO
                                        ADVISORS INC. d/b/a RYDEX
                                        INVESTMENTS, INC.; RYDEX
                                        DISTRIBUTORS, INC.; NICK BONOS;
                                        MICHAEL P. BYRUM; RICHARD M.
                                        GOLDMAN; and CARL VERBONCOEUR



                                        SCHIFF HARDIN LLP
                                        MICHAEL K. WOLENSKY
                                        CRAIG BRIDWELL


                                        By:      /s/ Craig Bridwell
                                                CRAIG BRIDWELL

                                        Counsel for Defendants
                                        JOHN O. DEMARET; COREY A.
                                        COLEHOUR; J. KENNETH DALTON;
                                        WERNER E. KELLER; THOMAS F.
                                        LYDON; PATRICK T. MCCARVILLE; and
                                        ROGER SOMERS
```