**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES RAFTON, TRUSTEE OF THE JAMES AND CYNTHIA RAFTON TRUST,<br><br>　　　　　Plaintiff,<br>　　v.<br>RYDEX SERIES FUNDS, ET AL.,<br>　　　　　Defendants. | Case No.: 10-CV-01171-LHK<br><br>ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND DENYING MOTION TO CERTIFY THE JANUARY 5, 2011 ORDER FOR INTERLOCUTORY APPEAL |

　　　　Defendants have jointly moved for leave to file a motion for reconsideration with respect to the portion of the Court's January 5, 2011 Order related to the affirmative defense of "loss causation." *See* Dkt. #85. Pursuant to the Local Rules, the motion for leave to file a motion for reconsideration was not noticed for a hearing. *See* Civ. L.R. 7-9(d). In the event that the Court denies the motion for reconsideration, Defendants also filed a separate motion requesting that the Court certify the January 5, 2011 Order for interlocutory appeal. *See* Dkt. #86. The motion for interlocutory appeal is noticed for a hearing on July 28, 2011. The Court deems both motions appropriate for resolution without oral argument, and vacates the July 28, 2011 motion hearing. *See* Civ. L.R. 7-1(b). As explained below, the Court DENIES both motions.

1

Defendants argue that their motion for leave is triggered by a recent out-of-Circuit decision by the U.S. District Court for the Southern District of New York dismissing Section 11 and Section 12 Securities Act claims at the motion to dismiss stage for failure to establish loss causation. *See In re State Street Bank & Trust Co. Fixed Income Funds Invs. Litig.*, 2011 U.S. Dist. LEXIS 35857 (S.D.N.Y. Mar. 31, 2011). The Court denies the motion for leave to file a motion for reconsideration because Defendants have not shown "the emergence of new material facts or a change of law" occurring after the January 5, 2011 Order, or shown "[a] manifest failure by the Court to consider material facts or dispositive legal arguments" that make reconsideration necessary or appropriate. *See* Civil. L.R. 7-9(b)(2)-(3). In the Ninth Circuit, loss causation, as it was at the time of the January 5, 2011 Order, is *not* an element of a Section 11 or Section 12 Securities Act claim, but Defendants may assert lack of loss causation as an affirmative defense. *See* 15 U.S.C. 77k(e); *see also See Sparling v. Daou (In re Daou Sys.)*, 411 F.3d 1006, 1025 (9th Cir. 2005) ("A plaintiff is not required to show 'that a misrepresentation was the *sole* reason for the investment's decline in value' in order to establish loss causation."). At this point, it is not clear to the Court solely from the face of the Complaint that Plaintiffs could not establish loss causation.

Similarly, the Court declines to certify the January 5, 2011 Order for immediate appeal. *See Matsunoki Group, Inc. v. Timberwork Or., Inc.*, 2011 U.S. Dist. LEXIS 33178, *7 (N.D. Cal. Feb. 18, 2011) ("A court has substantial discretion in deciding whether to grant a party's motion for certification."). The Court may only certify an order for immediate appeal upon finding: (1) the existence of a controlling question of law, (2) substantial grounds for difference of opinion, and (3) that an immediate appeal would materially advance the ultimate termination of the litigation. *See* 28 U.S.C. §1292(b); *see also In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982). Defendants have not established the exceptional circumstances necessary to "invoke the narrow exception to the final judgment rule embodied in 28 U.S.C. § 1292(b)." *See Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Defendants' affirmative defense of the absence of loss causation is not a pure question of law, and is, in any event, not evident from the face of Plaintiffs' Complaint. Moreover, "an interlocutory appeal prior to any discovery would deprive the

2

Case No.: 10-CV-01171-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND DENYING MOTION TO CERTIFY THE JANUARY 5, 2011 ORDER FOR INTERLOCUTORY APPEAL

appellate court of a factual record that likely would aid its consideration of the legal questions presented." *See Lenz v. Universal Music Corp.*, 2008 U.S. Dist. LEXIS 91890, *7 (N.D. Cal. Oct. 28, 2008). In these circumstances, development of the factual record will likely be helpful in determining loss causation, or the absence thereof, and will thus be critical to this Court's (and, in the event of an appeal, the appellate court's) determination of the legal issues presented and the ultimate termination of this litigation.

Accordingly, Defendants' motion for leave to file to file a motion for reconsideration [dkt. #85] and motion to certify the January 5, 2011 Order for interlocutory appeal [dkt. #86] are both DENIED. The deadlines in the Court's March 23, 2011 Case Management Order remain as set, as does the further case management conference set for June 8, 2011. The July 28, 2011 motion hearing is vacated.

**IT IS SO ORDERED.**

Dated: May 2, 2011

_____
LUCY H. KOH
United States District Judge