ALAN W. SPARER (No. 104921)
MARC HABER (No. 192981)
KEVIN H. LEWIS (No. 197421)
JAMES S. NABWANGU (No. 236601)
SPARER LAW GROUP
100 Pine Street, 33rd Floor
San Francisco, California  94111-5128
Telephone:     415/217-7300
Facsimile:     415/217-7307
asparer@sparerlaw.com
mhaber@sparerlaw.com
klewis@sparerlaw.com
jnabwangu@sparerlaw.com

Attorneys for LEAD PLAINTIFFS

MATTHEW L. LARRABEE (No. 97147)
DAVID A. KOTLER (*pro hac vice*)
MURIEL M. KOROL (No. 261909)
DECHERT LLP
One Maritime Plaza, Suite 2300
San Francisco, California  94111-3513
Telephone:  415/262-4500
Facsimile:  415/262-4555
matthew.larrabee@dechert.com
david.kotler@dechert.com
muriel.korol@dechert.com

Counsel for Defendants
RYDEX SERIES FUNDS; PADCO
ADVISORS INC. d/b/a RYDEX
INVESTMENTS, INC.; RYDEX
DISTRIBUTORS, INC.; NICK BONOS;
MICHAEL P. BYRUM; RICHARD M.
GOLDMAN; and CARL VERBONCOEUR

MICHAEL K. WOLENSKY (*pro hac vice*)
CRAIG BRIDWELL (No. 246124)
SCHIFF HARDIN LLP
One Market, Spear Street Tower
Thirty-Second Floor
San Francisco, CA  94105
Telephone:  415/901-8798
Facsimile:  415/901-8701
mwolensky@schiffhardin.com
cbridwell@schiffhardin.com

Counsel for Defendants
JOHN O. DEMARET; COREY A.
COLEHOUR; J. KENNETH DALTON;
WERNER E. KELLER; THOMAS F.
LYDON; PATRICK T. MCCARVILLE; AND
ROGER SOMERS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES RAFTON, TRUSTEE OF THE JAMES & CYNTHIA RAFTON TRUST, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RYDEX SERIES FUNDS, et al., <br><br> Defendants. | No. CV 10-01171 LHK <br><br> Action Filed:  March 19, 2010 <br><br> STIPULATION AND AGREEMENT OF SETTLEMENT <br><br> Dept:        Courtroom 4, 5th Floor <br> Judge:       Hon. Lucy H. Koh |

This Stipulation and Agreement of Settlement (the "Stipulation"), dated as of July 28, 2011, is made and entered into by and among James Rafton and James Darst, Jr. ("Lead Plaintiffs"), on behalf of themselves and the Class (as that term is defined herein), and Rydex Series Funds, Padco Advisors Inc. d/b/a Rydex Investments, Inc., Rydex Distributors, Inc. (collectively, the "Rydex Defendants"), and Richard M. Goldman, Carl G. Verboncoeur, Nick Bonos, Michael P. Byrum, John O. Demaret, Corey A. Colehour, J. Kenneth Dalton, Werner E. Keller, Thomas F. Lydon, Roger Somers and Patrick T. McCarville (collectively, the "Individual Defendants") (together, the Rydex Defendants and the Individual Defendants are referred to as "Defendants"), by and through their undersigned counsel.

WHEREAS:

a.     On March 19, 2010, a putative class action (the "Action") was filed in the United States District Court for the Northern District of California (the "District Court" or "Court") alleging violations of the Securities Act of 1933 (the "1933 Act") in connection with alleged misstatements in the registration statements of the Rydex Inverse Government Long Bond Strategy Fund (the "Fund");

b.     On May 21, 2010, Defendants filed a Motion to Transfer Venue; on June 4, 2010, Plaintiff filed his opposition to the motion; on June 11, 2010, Defendants filed their reply in further support of the motion; and on June 29, 2010, the Court denied the Motion to Transfer Venue;

c.     On June 29, 2010, James Rafton and James Darst Jr. were appointed as Lead Plaintiffs pursuant to the Private Securities Litigation Reform Act, and Lead Plaintiffs' retention of the Sparer Law Group as Lead Counsel was approved;

d.     On August 2, 2010, the Action, which had originally been assigned to the Honorable Charles R. Breyer, was transferred to the Honorable Lucy H. Koh;

e.     On August 13, 2010, Lead Plaintiffs filed a Consolidated Class Action Complaint (the "Complaint") asserting claims under Sections 11, 12(a)(2), and 15 of the 1933 Act (15 U.S.C. §§77k, 77l, and 77o) on behalf of a putative class of all persons and entities who bought shares of the Fund during the period from March 19, 2007 through March 19, 2010;

f.      On October 8, 2010, Defendants filed motions to dismiss the Complaint; on November 8, 2010, Lead Plaintiffs filed oppositions to the motions to dismiss; and on November 30, 2010, Defendants filed their replies in further support of their motions;

g.      On January 5, 2011, the Court granted in part and denied in part Defendants' motions to dismiss; specifically, finding that Lead Plaintiffs had sufficiently alleged claims regarding the Fund's registration statements filed in 2007 and 2008, but that they lacked standing to assert claims regarding the Fund's registration statement filed in 2009.

h.      Beginning on March 9, 2011, the Parties engaged in extensive discovery, including:  the exchange of Rule 26(a) disclosures; the production of over 22,000 pages of documents; the review of thousands of pages of documents produced pursuant to a third-party subpoena; the depositions of the Lead Plaintiffs; and Defendants' submission of an expert report regarding class certification.

i.      Following substantial and extensive discussions between the Parties, which included the informal exchange of customer transaction data and participation by experts from both sides, Lead Plaintiffs and Defendants entered into a Memorandum of Understanding ("MOU") dated June 7, 2011, setting forth the material terms of the Settlement (as that term is defined herein);

j.      Lead Plaintiffs and Lead Counsel believe that the Settlement confers substantial benefits on the Class and is in the best interests of the Class.

NOW, THEREFORE, without any admission or concession whatsoever by Lead Plaintiffs of any lack of merit to the claims alleged in the Action, and without any admission or concession whatsoever by Defendants of any liability or wrongdoing or lack of merit in their defenses, and in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, it is hereby agreed by and among the Lead Plaintiffs (individually and on behalf of the Class) and Defendants that, subject to the approval of the Court pursuant to Federal Rule of Civil Procedure 23, the Action shall be forever resolved, settled, compromised, and dismissed with prejudice on the following terms and conditions:

CERTAIN DEFINITIONS

1.      Capitalized terms not defined elsewhere in this Stipulation shall have the following meanings:

(a)     "Authorized Claimant" means a Class Member who has a Recognized Loss and who, as set forth in Paragraph 19(b) of this Stipulation, is entitled to be treated as such.

(b)     "Claimant" means an investor in the Fund who has asserted that the investor has a Recognized Loss and has attempted to demonstrate the validity of such Recognized Loss pursuant to the procedures for authorization of claims set forth in Paragraph 19 of this Stipulation.

(c)     "Claims Administrator" means the Garden City Group, Inc., designated by Lead Counsel subject to the approval of the District Court, which shall administer the Settlement.

(d)     "Class" or "Class Members" means all persons and entities who purchased or otherwise acquired shares of the Fund during the Class Period and who were damaged thereby. Excluded from the Class are:  Defendants; the Rydex Defendants' officers and directors; members of Defendants' immediate families; Defendants' legal representatives, heirs, successors, or assigns; and any entity in which Defendants have or had a controlling interest.  Also excluded from the Class are any proposed Class Members who properly exclude themselves by filing a valid and timely request for exclusion in accordance with the requirements set forth in the Notice.

(e)     "Class Period" means the period from August 1, 2007 through July 31, 2009, inclusive.

(f)     "Defendants' Counsel" means Dechert LLP and Schiff Hardin LLP.

(g)     "Distribution Order" means an order of the District Court that approves the Claims Administrator's administrative determinations concerning the acceptance and rejection of claims to the Settlement; that approves the reasonable remaining costs of providing Notice and administering the Settlement, including reasonable fees and expenses of the Claims Administrator and reasonable attorneys' fees and expenses not previously applied for; and that determines that the Effective Date has occurred and directs payment of the Net Settlement Fund to Authorized Claimants.

1         (h)     "Effective Date of Settlement" or "Effective Date" means the date upon

2  which the Settlement of the Action shall become effective and final, as set forth in Paragraph 22

3  of this Stipulation.

4         (i)     "Escrow Account" means the separate interest-bearing escrow account(s)

5  at a federally insured banking institution established pursuant to the Preliminary Approval Order

6  and designated by Lead Counsel into which the Settlement Amount is to be deposited for the

7  benefit of the Class in this Action.  Except as set forth elsewhere in this Stipulation, the Escrow

8  Account shall be controlled solely by Lead Counsel.

9         (j)     "Escrow Agent" means the Garden City Group, Inc., which will utilize as

10  custodian for the settlement funds Signature Bank, N.A., New York, New York.

11         (k)     "Fee and Expense Application" means an application to be filed by Lead

12  Counsel for attorneys' fees and reimbursement of expenses as defined in Paragraph 17(a) of this

13  Stipulation.

14         (l)     "Final Judgment" means a judgment entered by the District Court,

15  substantially in the form of Exhibit B attached hereto.

16         (m)     "Gross Settlement Fund" means the sum of the Settlement Amount and all

17  interest earned on the Settlement Amount.

18         (n)     "Lead Counsel" means Sparer Law Group.

19         (o)     "Net Settlement Fund" means the balance of the Gross Settlement Fund

20  available to be distributed to Authorized Claimants after subtracting the dollar amounts paid or

21  owing in connection with the Settlement as set forth in this Stipulation.

22         (p)     "Notice" means the "Notice of Pendency and Proposed Settlement of Class

23  Action for Purchasers with Identified Transactions" and the "Notice of Pendency and Proposed

24  Settlement of Class Action for Unidentified Purchasers or Purchasers with Unidentified

25  Transactions," substantially in the forms of Exhibits A-1 and A-2, respectively, to Exhibit A

26  attached hereto, which are to be sent to the Class, subject to the approval of the Court.

27         (q)     "Parties" means Lead Plaintiffs, on behalf of themselves and the Class, and

28  Defendants in the Action.

1        (r)       "Plan of Allocation" or "Distribution Plan" means the plan for allocating

2    the proceeds of the Net Settlement Fund to Class Members as set forth in the Notice or such other

3    plan of allocation as the District Court approves.

4        (s)       "Preliminary Approval Order" means the proposed order preliminarily

5    approving the Settlement and directing notice to the Class of the pendency of the Action and of

6    the Settlement, to be entered by the District Court, substantially in the form of Exhibit A attached

7    hereto.

8        (t)       "Proof of Claim" means the Proof of Claim form, substantially in the form

9    of Exhibit A-3 to Exhibit A attached hereto.

10       (u)       "Publication Notice" means the Summary Notice of Pendency and

11   Proposed Settlement of Class Action, substantially in the form of Exhibit A-5 to Exhibit A

12   attached hereto.

13       (v)       "Recognized Loss" means the amount of an Authorized Claimant's loss

14   that is determined by the Claims Administrator to be compensable under the Plan of Allocation.

15       (w)       "Record of Fund Transactions" means the letter, substantially in the form

16   of Exhibit A-4 to Exhibit A attached hereto, to be sent to Class Members for whom the Rydex

17   Defendants, broker-dealers, or other intermediaries have provided name, address, and Class

18   Period account transaction information.

19       (x)       "Released Claim(s)" means all claims, demands, rights, actions, suits, or

20   causes of action of every nature and description, whether known or unknown (including

21   Unknown Claims, as defined herein), whether the claims arise under federal, state, statutory,

22   regulatory, common, foreign or other law, whether foreseen or unforeseen, and whether asserted

23   individually, directly, representatively, derivatively, or in any other capacity, that the Releasing

24   Plaintiff Parties: (1) asserted in the Complaint or the Action as against the Released Defendant

25   Parties; (2) have asserted, could have asserted, or could assert in the future, in any forum against

26   the Released Defendant Parties that are based upon, arise out of, or relate to the facts, allegations,

27   claims, losses, damages, disclosures, filings, or statements set forth in the Complaint or at issue in

28   the Action; or (3) have asserted, could have asserted, or could assert in the future relating to the

1  prosecution, defense, or settlement of the Action as against the Released Defendant Parties.

2  Released Claim(s) does not include: (1) any claim to enforce the Settlement; or (2) any claim that

3  the Releasing Plaintiff Parties may have in connection with any Rydex Series Funds mutual fund

4  other than the Rydex Inverse Government Long Bond Strategy Fund.

5  (y)  "Released Defendant Parties" means any and all of the Defendants and/or

6  their current or former attorneys, auditors, officers, directors, employees, partners, subsidiaries,

7  affiliates, parents, insurers, heirs, executors, representatives, predecessors, successors, assigns,

8  trustees, or other individual or entity in which any Defendant has a controlling interest.  For the

9  avoidance of doubt, the Fund is included in the definition of Released Defendant Parties.

10  (z)  "Released Defendants' Claim(s)" means any and all claims and causes of

11  action of every nature and description, including known and unknown claims (including

12  Unknown Claims as defined herein), whether arising under federal, state, statutory, regulatory, or

13  common, or foreign or other law, that the Defendants asserted or could have asserted against the

14  Released Plaintiff Parties, which arise out of or relate in any way to the institution, prosecution, or

15  settlement of the Action (other than claims to enforce the Settlement).

16  (aa)  "Released Parties" means the Released Defendant Parties and the Released

17  Plaintiff Parties collectively.

18  (bb)  "Released Plaintiff Parties" means any and all of the Lead Plaintiffs, Class

19  Members, Lead Counsel, and their respective officers, directors, members, partners, employees,

20  attorneys, insurers, affiliates, heirs, executors, administrators, trustees, conservators,

21  representatives, successors, predecessors, and assigns.

22  (cc)  "Releasing Defendant Parties" means any and all of: (i) Defendants; (ii)

23  Defendants' current or former officers, directors, employees, partners, subsidiaries, affiliates,

24  parents, heirs, representatives, predecessors, successors, assigns, trustees, or any other individual

25  or entity in which any Defendant has a controlling interest; and (iii) any person or entity who

26  claims or purports to claim by, through, or on behalf of any Defendant.  For the avoidance of

27  doubt, the Fund is included in the definition of Releasing Defendant Parties.

28

(dd)   "Releasing Plaintiff Parties" means: (i) Lead Plaintiffs; (ii) all Class Members; (iii) the Lead Plaintiffs' and each Class Member's present or past heirs, executors, administrators, successors, assigns, trustees, representatives, officers, directors, members, partners, employees, or predecessors; and (iv) any person or entity who claims or purports to claim by, through, or on behalf of the Lead Plaintiffs or any Class Member.

(ee)   "Repayment Obligation" means the obligation, pursuant to Paragraphs 3(d), 17(b), and 22(e) of this Stipulation, to return the dollar amount distributed from the Gross Settlement Fund before the Effective Date for Lead Counsel's attorneys' fees and expense reimbursement, plus interest on those amounts equal to what would have been earned had the amounts remained in the Gross Settlement Fund.

(ff)   "Settlement" means the settlement contemplated by this Stipulation.

(gg)   "Settlement Amount" means $5,500,000 in United States currency.

(hh)   "Unknown Claims" means: (i) any and all Released Claims that any of the Releasing Plaintiff Parties does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties which, if known by him, her or it might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement (including the decision not to object or exclude himself, herself, or itself from the Settlement); and (ii) any and all Released Defendants' Claims that any Releasing Defendant Parties does not know to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which, if known by him, her or it might have affected his, her, or its settlement with and release of the Released Plaintiff Parties, or might have affected his, her, or its decision(s) with respect to the Settlement.  Moreover, with respect to any and all Released Claims and any and all Released Defendants' Claims, upon the Effective Date, the Releasing Plaintiff Parties and Releasing Defendant Parties, respectively, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

1    A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
     WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO
2    EXIST IN HIS OR HER FAVOR AT THE TIME OF
     EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR
3    HER MUST HAVE MATERIALLY AFFECTED HIS OR HER
     SETTLEMENT WITH THE DEBTOR.
4

5    The Releasing Plaintiff Parties, or any one of them, may hereafter discover facts other than or

6    different from those which he, she or it knows or believes to be true, but each of the Releasing

7    Plaintiff Parties hereby expressly waives and fully, finally, and forever settles and releases, upon

8    the Effective Date, any known or unknown, suspected or unsuspected, contingent or non-

9    contingent Released Claim.  Likewise, the Releasing Defendant Parties, or any one of them, may

10   hereafter discover facts other than or different from those which he, she or it knows or believes to

11   be true, but each of the Defendants hereby expressly waives and fully, finally, and forever settles

12   and releases, upon the Effective Date, any known or unknown, suspected or unsuspected,

13   contingent or non-contingent Released Defendants' Claim.  The Parties acknowledge that the

14   inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants'

15   Claims was separately bargained for and was a key element of the Settlement.

16                       SCOPE AND EFFECT OF SETTLEMENT

17       2.       The obligations incurred pursuant to this Stipulation shall be in full and final

18   disposition of the Action and any and all Released Claims as against all Released Defendant

19   Parties and any and all Released Defendants' Claims as against all Released Plaintiff Parties.

20              (a)       Upon the Effective Date of the Settlement, and without any further action,

21   Lead Plaintiffs shall dismiss the Action with prejudice and on the merits, without an assessment

22   of costs against any party.

23              (b)       Upon the Effective Date of the Settlement, and without any further action,

24   the Releasing Plaintiff Parties, for good and valuable consideration the adequacy of which is

25   hereby acknowledged, shall fully, finally, and forever release, relinquish, and discharge any and

26   all Released Claims against each and every one of the Released Defendant Parties, and shall

27   forever be barred and enjoined, without the necessity of any of the Released Defendant Parties

28

posting a bond, from commencing, instituting, prosecuting, or maintaining any of the Released Claims.

(c)  Upon the Effective Date of the Settlement, and without any further action, the Releasing Defendant Parties, for good and valuable consideration the receipt and adequacy of which is hereby acknowledged, shall fully, finally, and forever release, relinquish, and discharge any and all Released Defendants' Claims against each and every one of the Released Plaintiff Parties, and shall forever be barred and enjoined, without the necessity of any of the Released Plaintiff Parties posting a bond, from commencing, instituting, prosecuting, or maintaining any of the Released Defendants' Claims against any of the Released Plaintiff Parties.

(d)  Upon the Effective Date of the Settlement, and without any further action, the Releasing Plaintiff Parties, for good and valuable consideration the adequacy of which is hereby acknowledged, shall fully, finally, and forever release, relinquish, and discharge any right to monetary relief, however styled, that is based upon, arises out of, or relates to the Released Claims, to the extent that such monetary relief would give rise to a claim for indemnification, contribution or the like, however styled ("Indemnification"), against the Released Defendant Parties.  In the event any Releasing Plaintiff Party obtains a judgment against any third party based upon a right to monetary relief, however styled, that is based upon, arises out of, or relates to the Released Claims, the judgment shall be reduced by the greater of: (1) the amount of recovery obtained by the Releasing Plaintiff Party in connection with the Settlement; or (2) the amount necessary to extinguish any claim for Indemnification that the third party may have against the Released Defendant Parties.

(e)  Upon the Effective Date of the Settlement, and without any further action, the Parties to the Stipulation intend and agree that the Settlement is a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiffs and Class Members who have not timely excluded themselves from the Class against the Released Defendant Parties with respect to the Released Claims, and that all Class Members who have not timely excluded themselves from the Class shall look solely to the Net Settlement Fund for settlement and satisfaction of all such claims against Defendants.

THE SETTLEMENT CONSIDERATION

3.   (a)   Defendants shall pay or cause to be paid the Settlement Amount into the Escrow Account within fifteen (15) business days of the entry of the Preliminary Approval Order in the Action.  All Parties understand and agree that any obligation of the Individual Defendants hereunder will be satisfied by insurers or the Rydex Defendants and that no portion of the Settlement Amount is to be paid personally by any of the Individual Defendants.

(b)   No Defendant shall have any obligation to make any monetary contribution in Settlement of this Action, other than the payment of the Settlement Amount as described in Paragraph 3(a) of this Stipulation.

(c)   The Gross Settlement Fund shall be used only for the following purposes: (i) to compensate the Class pursuant to the Plan of Allocation approved by the District Court; (ii) to pay all reasonable and necessary costs of Notice to the Class and of administration of the Settlement, as approved and ordered by the District Court, as well as any and all taxes due to state or governmental authorities as a result of the establishment or distribution of the Gross Settlement Fund; (iii) to reimburse Lead Counsel for reasonable costs and expenses paid in connection with this litigation, as approved by the District Court; and (iv) to pay reasonable attorneys' fees to Lead Counsel, as approved by the District Court and subject to Paragraphs 17(b) and 22(e) of this Stipulation.

(d)   No money may be paid out of the Gross Settlement Fund before the Effective Date of the Settlement, except as follows: (i) reasonable costs of Notice and administration may be paid out of the Gross Settlement Fund, in accordance with orders of the District Court, up to the limit set forth in Paragraph 12(b) of this Stipulation; (ii) Taxes (as that term is defined in Paragraph 9 of this Stipulation) may be paid out of the Gross Settlement Fund, as they come due and owing; and (iii) Lead Counsel's attorneys' fees and expense reimbursement, as more fully set forth in Paragraph 17 of this Stipulation, may be paid out of the Gross Settlement Fund after the hearing on final approval, and as awarded by the District Court, provided, however, that in the event that the Effective Date does not occur, Lead Counsel shall repay to the Gross Settlement Fund the amount of the Repayment Obligation, and the Gross

1   Settlement Fund, less only disbursements actually made or incurred for the costs of Notice,

2   administration, and Taxes, shall be returned to Defendants.

3                              TAX TREATMENT AND ADMINISTRATION

4          4.      The Escrow Agent shall maintain the Settlement Amount in one or more Escrow

5   Accounts.  At the discretion of Lead Counsel, the Escrow Agent may invest the Settlement

6   Amount in instruments backed by the full faith and credit of the United States Government or

7   fully insured by the United States Government or an agency thereof, or money market funds

8   invested solely in such investments, and shall reinvest any income from these instruments and the

9   proceeds of these instruments as they mature in similar instruments at their current market value.

10         5.      All funds held in the Escrow Account shall be deemed and considered to be in

11  *custodia legis* of the District Court, and shall remain subject to the exclusive jurisdiction of the

12  District Court, until such time as such funds shall be distributed pursuant to this Stipulation

13  and/or further order(s) of the District Court.

14         6.      Other than the payment of the Settlement Amount as set forth in Paragraph 3(a) of

15  this Stipulation, neither the Released Defendant Parties nor Defendants' Counsel shall have any

16  liability or responsibility for the Escrow Account or the payment of any Taxes.

17         7.      After the Settlement Amount has been paid into the Escrow Account in accordance

18  with Paragraph 3 of this Stipulation, the Parties agree to treat the Escrow Account as a "qualified

19  settlement fund" within the meaning of Treas. Reg. §1.468B-1.  In addition, Lead Counsel shall

20  timely make, or cause to be made, such elections as necessary or advisable to carry out the

21  provisions of this paragraph, including the "relation-back election" (as defined in Treas. Reg.

22  §1.468B-1) back to the earliest permitted date.  Such election shall be made in compliance with

23  the procedures and requirements contained in such regulations.  It shall be the responsibility of

24  Lead Counsel to timely and properly prepare and deliver, or cause to be prepared and delivered,

25  the necessary documentation for signature by all necessary parties, and thereafter take all such

26  actions as may be necessary or appropriate to cause the appropriate filing to occur.

27         8.      For the purposes of Section 468B of the Internal Revenue Code of 1986, as

28  amended, and Treas. Reg. §1.468B promulgated thereunder, the "administrator" shall be Lead

1  Counsel or its successor, which shall timely and properly file, or cause to be filed, all

2  informational and other tax returns necessary or advisable with respect to the interest earned on

3  the funds deposited in the Escrow Account (including without limitation the returns described in

4  Treas. Reg. §1.468B-2(k)).  Such returns (as well as the election described above) shall be

5  consistent with this subparagraph and in all events shall reflect that all taxes (including any

6  estimated taxes, interest, or penalties) on the income earned on the funds deposited in the Escrow

7  Account shall be paid out of such funds as provided in Paragraph 9 of this Stipulation.

8        9.      Taxes on the income of the Settlement Amount and expenses and costs incurred in

9  connection with the taxation of the Settlement Amount (including, without limitation, interest,

10  penalties, and the expenses of tax attorneys and accountants) (collectively "Taxes") shall be paid

11  solely out of the Escrow Account.  In all events, the Released Defendant Parties and Defendants'

12  Counsel shall have no liability or responsibility whatsoever for the Taxes or the filing of any tax

13  returns or other documents with the Internal Revenue Service or any other state or local taxing

14  authority.  In the event any Taxes are owed by any of the Released Defendant Parties on any

15  interest earned on the funds on deposit in the Escrow Account, such amounts shall also be paid

16  out of the Escrow Account.  Any Taxes or tax expenses owed on any interest earned on the

17  Settlement Amount prior to its transfer to the Escrow Account shall be the sole responsibility of

18  Defendants.

19        10.     Taxes shall be treated as, and considered to be, a cost of administration of the

20  Settlement and shall be timely paid, or caused to be paid, by Lead Counsel out of the Escrow

21  Account without prior order from the District Court, and Lead Counsel shall be obligated

22  (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized

23  Claimants any funds necessary to pay such amounts (as well as any amounts that may be required

24  to be withheld under Treas. Reg. §1.468B-2(1)(2)).  The Parties agree to cooperate with the

25  Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably

26  necessary to carry out the provisions of this Paragraph.

27

28

PROVISION OF NOTICE; ADMINISTRATION EXPENSES

11.    Except as otherwise provided herein, all notice and administration costs, including without limitation the fees and expenses of the Claims Administrator in the administration and distribution of the Gross Settlement Fund, shall be paid out of the Gross Settlement Fund.

12.    (a)    At no cost to the Gross Settlement Fund, the Rydex Defendants will provide to the Claims Administrator, in electronic searchable form, the names, addresses, and all available account transaction data relating to Fund shares for individual Class Members during the Class Period to the extent that the Rydex Defendants possess such information.  In the event the Claims Administrator is unable, after reasonable efforts, to locate any Class Member utilizing this information, the Claims Administer may request that Defendants provide Social Security numbers of such Class Members.  Defendants will comply with such requests to the extent that such numbers are accessible and provide such numbers on a confidential and limited basis.  To the extent that certain Class Members held Fund shares at broker-dealers or other intermediaries and, as a result, the Rydex Defendants do not possess the names, addresses and account transaction data for these Class Members, at no cost to the Gross Settlement Fund, the Rydex Defendants will provide to the Claims Administrator the names and addresses of such broker-dealers or other intermediaries along with their aggregate account data to the extent that the Rydex Defendants possess such information.   Except as provided in Paragraphs 12(b) and 22(e)(iv) of the Stipulation, the Defendants are not obligated to and shall not bear any costs associated with obtaining Class Members' names, addresses, or Class Period account transactions data from broker-dealers or other intermediaries.

(b)    No later than July 28, 2011, Lead Plaintiffs will apply for entry of the Preliminary Approval Order which, among other things, approves, as reasonable, distribution from the Gross Settlement Fund prior to the Effective Date of up to $300,000 to pay the actual, reasonable costs of providing notice in the Action and administering the Gross Settlement Fund, and approves distribution from the Gross Settlement Fund for future payment of all Taxes pursuant to Paragraph 9 of this Stipulation that become due and owing.  This advancement of notice and administration costs, to the extent already expended or incurred for that purpose, shall

not be subject to repayment if the Settlement does not become effective.  Upon the occurrence of the Effective Date, Lead Plaintiffs may file additional motions for approval of additional amounts from the Gross Settlement Fund for payment of reasonable costs of providing Notice and administering the Gross Settlement Fund.

(c)     Except as provided in Paragraph 12(a) of this Stipulation, Defendants will not have any responsibility for or involvement in the administration of the Settlement.

(d)     Except as provided in Paragraphs 12(b) and 22(e)(iv) of this Stipulation, Defendants will not have any liability for the payment of any monies from the Gross Settlement Fund in connection with the administration of the Settlement.

(e)     After the Effective Date and after giving notice to Defendants, Lead Counsel will apply to the District Court for the Distribution Order.

## ALLOCATION OF SETTLEMENT AMOUNT TO AUTHORIZED CLAIMANTS

13.     The allocation of the Net Settlement Fund among the Class Members in this Action shall be subject to a Plan of Allocation to be proposed by Lead Counsel and approved by the District Court.  The Claims Administrator in consultation with Lead Counsel shall determine each Authorized Claimant's pro rata share of the portion of the cash in the Net Settlement Fund based upon each Authorized Claimant's Recognized Loss.

14.     The Plan of Allocation proposed in the Notice is not a necessary term of the Stipulation or this Settlement and is to be considered by the District Court separately from its determination of the fairness, reasonableness, and adequacy of the Settlement as set forth in the Stipulation.  Approval of the Plan of Allocation proposed in the Notice is not a condition of this Stipulation or this Settlement.  Any Plan of Allocation is a matter separate and apart from the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not affect the validity or finality of the Settlement or the Final Judgment or any other orders entered pursuant to the Stipulation.

15.     Defendants will not have any responsibility for, involvement in, or liability for allocation of the Net Settlement Fund or with the Plan of Allocation, and will take no position with respect to Lead Counsel's proposed Plan of Allocation.

16.     Each Authorized Claimant shall be allocated a pro rata share of the cash in the Net Settlement Fund based on the Authorized Claimant's Recognized Loss compared to the total Recognized Losses of all Authorized Claimants.  This is not a claims-made settlement, *i.e.*, the Settlement Amount will not increase or decrease by reason of the aggregate amount or value of claims filed by Class Members.  If all the conditions of the Stipulation are satisfied and the Effective Date occurs, none of the Gross Settlement Funds will be returned to Defendants or their respective insurers.  Defendants will have no involvement in reviewing or challenging Class Members' claims.

ATTORNEYS' FEES AND EXPENSES

17.     (a)     Lead Counsel, on behalf of all plaintiffs' counsel in the Action, will apply to the District Court for an award from the Gross Settlement Fund of (i) attorneys' fees not to exceed twenty-five percent (25%) of the Settlement Amount, plus any interest on such amount at the same rate and for the same periods as earned by the Settlement Amount; and (ii) reimbursement of out-of-pocket expenses incurred in prosecuting the Action, plus any interest on such amount at the same rate and for the same periods as earned by the Settlement Amount ("Fee and Expense Application").  Defendants shall take no position with respect to the Fee and Expense Application.  Any attorneys' fees and expenses awarded by the District Court shall be paid from the Gross Settlement Fund to Lead Counsel within ten (10) calendar days of entry of Final Judgment by the District Court and the order awarding such attorneys' fees and expenses in the Action, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof.  The Fee and Expense Application shall be considered separately from the Settlement and any decision by the District Court concerning attorneys' fees, allocation, or expenses shall not affect the validity or finality of the Settlement.

(b)     Lead Counsel is obligated to refund in whole or in part to the Gross Settlement Fund the amount received by it in attorneys' fees and expenses plus accrued interest at the rate earned by the Settlement Amount, if as a result of any appeal or further proceeding on remand, or successful collateral attack: (i) the attorneys' fees or expense award is reversed or

1  reduced; (ii) the attorneys' fees or expense award does not become final; (iii) the Settlement itself

2  is voided by any party as provided herein; or (iv) the Settlement is later reversed or modified by

3  any court.

4  ADMINISTRATION OF THE SETTLEMENT

5       18.    The Claims Administrator shall administer the Settlement under Lead Counsel's

6  supervision and subject to the exclusive jurisdiction of the District Court.  Defendants shall have

7  no role in or responsibility (including without limitation monetary responsibility subject to

8  Paragraphs 12(b) and 22(e)(iv) of this Stipulation) for administering the Settlement; no role in or

9  responsibility for reviewing or challenging the claims submitted; and no liability whatsoever to

10  any person or entity including, but not limited to, Lead Plaintiffs, other Class Members, any Class

11  Member's counsel, or Lead Counsel in connection with the administration of the Settlement.

12  Without limiting the foregoing, the Defendants shall not be liable to any person with regard to

13  any disclosure to the Claims Administrator of personal or potentially private account information,

14  including without limitation the names, addresses, Social Security numbers, and account

15  transaction data for individual Class Members, the accuracy of such information, or the identity

16  of the Class Members.

17       19.    The administration of the Settlement is defined as the allocation and distribution of

18  the Net Settlement Fund and may include: the investment of such funds; the determination,

19  calculation, processing, or payment of claims; the review and approval or rejection of Proofs of

20  Claim and Dispute Forms; processing the Plan of Allocation; and the determination, payment, or

21  withholding of Taxes or any loss incurred in connection therewith.  No person or entity, including

22  but not limited to, the Class Members, Lead Plaintiffs, and Lead Counsel, shall have any claims

23  against Defendants in connection with the foregoing.

24          (a)    Lead Counsel shall be responsible for supervising the administration of the

25  Settlement and disbursement of the Net Settlement Fund by the Claims Administrator.  Lead

26  Counsel shall have the right, but not the obligation, to waive what it deems to be technical defects

27  in any Proof of Claim, Record of Fund Transaction or Dispute Form in the interest of achieving

28  substantial justice.

(b)     For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(i)     For each Class Member for whom the Rydex Defendants provide name, address, and Class Period account transaction information, or for whom broker-dealers or other intermediaries provide name, address, and Class Period account transaction information, the Claims Administrator shall send to the Class Member: the Notice attached as Exhibit A-1 to Exhibit A, and a complete Record of Fund Transactions, substantially in the form of Exhibit A-4 to Exhibit A, listing the Fund shares the Class Member acquired during the Class Period, any sales of those shares, and any dividends or distribution during the period from August 1, 2007 through March 19, 2010.  The Record of Fund Transactions shall also include a calculation of the Recognized Loss that the Class Member sustained, and which would be the basis of the Class Member's pro rata distribution from the Net Settlement Fund.

(ii)     If the Class Member accepts the personal Record of Fund Transactions as accurate, and does not wish to be excluded from the Class, no further action is required.  The Class Member is an Authorized Claimant and will receive upon Final Approval of the Settlement and issuance of the Court's Distribution Order, a pro rata share of the Net Settlement Fund based on the Class Member's Recognized Loss.

(iii)     If the Class Member believes that the Record of Fund Transactions provided by the Claims Administrator is incorrect or incomplete, and does not wish to be excluded from the Class, the Notice will direct the Class Member to return a Dispute Form, substantially in the form included with the Record of Fund Transactions (Exhibit A-4 to Exhibit A) to the Claims Administrator by the date specified in the Notice and in the Record of Fund Transactions.  Within thirty (30) calendar days of receiving the dispute form, the Claims Administrator shall respond.

(iv)     If the Class Member wishes to be excluded from the Class, the Class Member must timely seek exclusion in accordance with the requirements set forth in the Notice (Exhibit A-1 of Exhibit A).

(c)     Each Class Member for whom the Claims Administrator has contact information but does not receive account transaction data, and each Class Member who contacts the Claims Administrator without having received a personally addressed Notice, shall be sent a Notice in the form attached as Exhibit A-2 to Exhibit A, and shall be required to submit a Proof of Claim substantially in the form attached as Exhibit A-3 to Exhibit A, supported by such documents as are designated therein, including proof of the Class Member's loss or such other documents or proof as Lead Counsel, in its discretion, may deem acceptable.  All required Proofs of Claim must be submitted to the Claims Administrator by the date specified in the Notice unless such period is extended at the discretion of the Claims Administrator or by order of the District Court.  Any Class Member who is required to submit a Proof of Claim but fails to submit a Proof of Claim to the Claims Administrator by the specified date shall be forever barred from receiving any payment pursuant to this Stipulation (unless a later submitted Proof of Claim by such Class Member is approved by the Claims Administrator or by order of the District Court), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Final Judgment entered in the Action and the releases provided for herein, and will be barred from bringing any action against any of the Released Defendant Parties concerning the Released Claims.  Provided that it is actually received no later than thirty (30) calendar days after the final date for submission of Proofs of Claim, a Proof of Claim shall be deemed to have been submitted when posted, if received with a postmark on the envelope and if mailed first-class postage prepaid and addressed in accordance with the instructions provided in the Proof of Claim. In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

(d)     Each Proof of Claim and Dispute Form shall be submitted to and reviewed by the Claims Administrator who, under the supervision of Lead Counsel and subject to review by the District Court pursuant to Subparagraph (iv) below, shall determine whether the claim should be allowed and the amount, if any, of the Claimant's Recognized Loss in accordance with this Stipulation and the Plan of Allocation.  Except as needed to fulfill its obligations under Paragraph 19(b)(i) of this Stipulation, the Claims Administrator shall keep confidential the Class

Member and other shareholder information provided to it in connection with the administration of the Settlement.

(i)     The Claims Administrator may reject any and all Proofs of Claim or Dispute Forms that do not meet the filing requirements.  Prior to rejection of a Proof of Claim or Dispute Form, the Claims Administrator shall communicate with the Claimant in order to afford such Claimant the opportunity to remedy any curable deficiencies in the Proof of Claim or Dispute Form submitted.  The Claims Administrator, under supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all Claimants whose Proofs of Claim or Dispute Forms they propose to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose claim or dispute is to be rejected has the right to a review by the District Court if the Claimant so desires and complies with the requirements of Subparagraph (ii) below.

(ii)     Any Claimant whose Dispute Form or Proof of Claim has been rejected in whole or in part and who desires to contest such rejection, must, within thirty (30) calendar days after the date of mailing of the notice of such rejection required in Subparagraph (i) above, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection, along with any supporting documentation, and, if sought,  a request for review thereof by the District Court.  If a dispute concerning a Proof of Claim or Dispute Form cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the District Court for a final determination.

(iii)     Any exclusions from the Class, Dispute Forms, or Proofs of Claim may be submitted electronically via a website that will be established by the Claims Administrator to facilitate the administration of claims.

(iv)     After the claim review process is complete, and after notice to Defendants' Counsel, the determinations of the Claims Administrator with respect to the Dispute Forms and Proofs of Claim shall be presented to the District Court for approval by the District Court in the Distribution Order.

1    (e)    Each Claimant shall be deemed to have submitted to the jurisdiction of the

2    District Court with respect to the Claimant's claim, and the claim will be subject to investigation

3    and discovery under the Federal Rules of Civil Procedure, provided that such investigation and

4    discovery shall be limited to that Claimant's status as a Class Member and the validity and

5    amount of the Claimant's claim.  No discovery shall be allowed on the merits of the Action or the

6    Settlement in connection with processing of claims.

7    (f)    Payment pursuant to this Stipulation shall be deemed final and conclusive

8    against all Authorized Claimants.  All Class Members whose claims are not approved by the

9    District Court or who were required to submit a claim but fail to do so shall be barred from

10   participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of

11   the terms of this Stipulation and the Settlement, including the terms of the Final Judgment to be

12   entered in the Action and the releases provided for herein, and shall be barred from bringing any

13   Released Claims against any of the Released Parties.

14   (g)    All proceedings with respect to the administration, processing, and

15   determination of claims described in this Stipulation, and the determination of all controversies

16   relating thereto, including disputed questions of law and fact with respect to the validity of

17   claims, shall be subject to the exclusive jurisdiction of the District Court.

18   (h)    The Net Settlement Fund shall be distributed to Authorized Claimants by

19   the Claims Administrator only after the Effective Date and after: (i) all claims have been

20   processed, and all claimants whose claims have been rejected or disallowed, in whole or in part,

21   have been notified and provided the opportunity to present their objections to the Claims

22   Administrator; (ii) all objections with respect to all rejected or disallowed claims have been

23   resolved by the District Court, and all appeals therefrom have been resolved, or the time to appeal

24   has expired; (iii) all matters with respect to attorneys' fees, costs, and disbursements have been

25   resolved by the District Court, all appeals therefrom have been resolved, or the time to appeal has

26   expired; and (iv) all Notice and administrative expenses and Taxes have been paid.

27   (i)    If one year after the initial distribution of settlement funds to Class

28   Members, funds remain in the Net Settlement Fund by reason of un-cashed checks, returned

checks or otherwise, and after the Claims Administrator has made reasonable and diligent efforts to complete the distribution of the Net Settlement Fund, Lead Counsel shall to the extent feasible cause the remaining Net Settlement Fund to be reallocated among Class Members who have cashed their previous distribution checks and who would receive at least $10 from such redistribution after payment of any additional costs or fees incurred in administering the reallocation.  After an additional six months, any remaining funds in the Net Settlement Fund shall be contributed to one or more nonsectarian, not for profit 501(c)(3) organizations designated by Lead Counsel.

(j)   No Class Member or agent thereof shall have any claim against Defendants, Defendants' Counsel, Lead Counsel, Lead Plaintiffs, the Claims Administrator or any other entity designated by Lead Counsel based on distributions made substantially in accordance with this Stipulation and the Settlement provided for herein, or further order(s) of the District Court.

<u>PRELIMINARY APPROVAL OF SETTLEMENT</u>

20.   No later than July 28, 2011, Lead Counsel shall apply to the District Court for preliminary approval of the Settlement and for entry of a Preliminary Approval Order, substantially in the form of Exhibit A attached hereto.  The Preliminary Order will, *inter alia*, certify the class for settlement purposes only, preliminarily approve the Settlement, set the date for the Settlement Hearing and prescribe the method for giving notice of the Settlement to the Class.

<u>FINAL JUDGMENT</u>

21.   If the Settlement contemplated by this Stipulation is approved by the Court, Lead Plaintiffs and Defendants shall request that the Court enter the Final Judgment, substantially in the form of Exhibit B attached hereto.

<u>EFFECTIVE DATE OF SETTLEMENT, WAIVER, OR TERMINATION</u>

22.   (a)   The Effective Date of Settlement shall be the date when all the following shall have occurred:

(i)      the District Court has entered the Preliminary Approval Order in the Action;

(ii)      the Settlement Amount has been deposited into the Escrow Account as described in Paragraph 3 of this Stipulation;

(iii)      the District Court has finally certified the Class for settlement purposes and approved the Settlement in the Action as fair, reasonable, and adequate;

(iv)      the District Court has entered the Final Judgment in the Action and the Final Judgment in the Action has been upheld through the resolution of all appeals and writs of certiorari, or through the expiration of all time to appeal and file writs of certiorari, except that the Effective Date shall not be delayed by any modification of or appeal from those parts of the Final Judgment in the Action that pertain solely to: (i) the Plan of Allocation; or (ii) any award or allocation of attorneys' fees or expenses.

(b)      Any Party to the Stipulation shall have the right to terminate the Settlement and the Stipulation by providing written notice of the election to do so to all other Parties to the Stipulation within thirty (30) calendar days of:  (i) the District Court's decision not to enter the Preliminary Approval Order in whole or in any material part; (ii) the District Court's refusal to approve this Stipulation in whole or in any material part; (iii) the District Court's decision not to enter the Final Judgment in whole or in any material respect; and (iv) the date upon which the Final Judgment is modified or reversed in any material respect by the United States Court of Appeals or the United States Supreme Court, provided that a modification to the Plan of Allocation or to the award of attorneys' fees or expenses shall of themselves not be deemed material.

(c)      Pursuant to the procedure set forth in the Notice, potential Class Members have the right and ability to exclude themselves from the Class as set forth in the Preliminary Order.  Lead Counsel, in conjunction with the Claims Administrator, shall cause copies of requests for exclusion from the Class to be provided to Defendants' Counsel on a weekly basis. No later than ten (10) calendar days after the final date for mailing requests for exclusion, Lead Counsel shall provide Defendants' Counsel with a complete and final list of all known Class

1   Members who have excluded themselves from the Settlement and the amount of their Recognized

2   Loss or such other information that is known about the potential size of their Recognized Loss if

3   not already known.

4          (d)     Simultaneously herewith, Lead Counsel and Defendants' Counsel are

5   executing a confidential letter agreement (the "Letter Agreement") that sets forth the conditions

6   and timetable under which the Defendants may terminate the Settlement in the event that Class

7   Members who suffered a given total amount of potentially Recognized Losses timely and validly

8   request exclusion from the Class.  Unless otherwise directed by the Court, or in the event of a

9   dispute relating to the Letter Agreement, the Letter Agreement will not be filed with the Court.  In

10  the event that the Defendants terminate the Settlement pursuant to the Letter Agreement, this

11  Stipulation shall become null and void and of no further force and effect, except that the

12  provisions of Paragraphs 12(b), 22(e) and 23 of this Stipulation shall apply.  Notwithstanding the

13  foregoing, this Stipulation shall not become null and void as a result of the election by the

14  Defendants to terminate the Settlement pursuant to the Letter Agreement unless all conditions set

15  forth in the Letter Agreement have been satisfied.

16         (e)     If the Effective Date does not occur, or if the Settlement is terminated

17  pursuant to the terms of Paragraphs 22(b) or 22(d) of this Stipulation, then:

18              (i)     the class certification order shall be vacated and shall not be used as

19  evidence in any further class certification proceedings;

20              (ii)     the Parties to the Stipulation shall be deemed to have reverted to

21  their respective status in the Action as of the date and time immediately prior to the execution of

22  the MOU and, except as otherwise expressly provided, the Parties shall proceed in all respects as

23  if the MOU, this Stipulation and any related orders had not been entered;

24              (iii)     within thirty (30) calendar days from Lead Counsel's receipt of a

25  valid notice from Defendants' Counsel of termination, modification of the Stipulation or Final

26  Judgment in any material respect, or failure of the Effective Date to occur, Lead Counsel shall

27  honor its Repayment Obligation by returning to the Gross Settlement Fund the total dollar amount

28  distributed from the Gross Settlement Fund before the Effective Date for Lead Counsel's

1   attorneys' fees and expense reimbursement, plus interest equal to what would have been earned

2   had such amount remained in the Gross Settlement Fund; and

3                  (iv)        within forty-five (45) calendar days from Lead Counsel's receipt of

4   a valid notice from Defendants' Counsel of termination, modification of the Stipulation or Final

5   Judgment in any material respect, or failure of the Effective Date to occur, the Gross Settlement

6   Fund, including amounts repaid or that should have been repaid pursuant to the Repayment

7   Obligation, shall be returned to Defendants, less only any Notice and administration costs actually

8   incurred and paid or owing out of the Settlement Fund pursuant to an Order of the District Court

9   obtained in accordance with Paragraphs 12 and 20 of this Stipulation, and any Taxes paid or

10   owing in accordance with Paragraph 9 of this Stipulation.

11   <u>NO ADMISSION OF WRONGDOING OR LACK OF MERIT</u>

12         23.     (a)     Defendants have denied and continue to deny that they have committed any

13   act or omission giving rise to any liability in this Action, and state that they are entering into the

14   Settlement to eliminate the burden, expense, uncertainty and risk of further litigation.  This

15   Settlement is therefore without admission of fault or liability on the part of any Defendant.

16            (b)     Lead Plaintiffs believe that the claims asserted in the Action have merit and

17   that the evidence developed to date supports the claims asserted, and state that they are entering

18   into the Settlement to eliminate the burden, expense, uncertainty, and risk of further litigation.

19   This Settlement is therefore without admission of any lack of merit of the Action or the validity of

20   any defense on the part of Lead Plaintiffs.

21            (c)     The terms of this Stipulation (whether the Stipulation becomes final or

22   not), the negotiations leading up to this Stipulation, the fact of the Settlement, and the

23   proceedings taken pursuant to the Settlement, shall not: (1) be construed as an admission of

24   liability or an admission of any claim or defense on the part of any Party, in any respect; (2) form

25   the basis for any claim of estoppel by any third party against any of the Parties; or (3) be

26   admissible in any action, suit, proceeding, or investigation as evidence, or as an admission, of any

27   wrongdoing or liability whatsoever by any Party or as evidence of the truth of any of the claims

28   or allegations contained in any complaint filed in the Action.  Neither this Stipulation, nor any of

its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any action taken to carry out this Stipulation by any of the Parties shall be referred to, offered into evidence, or received in evidence in any pending or future civil, criminal or administrative action or proceeding, except in a proceeding to enforce this Stipulation, to enforce any insurance rights, to defend against the assertion of Released Claims (including to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction), or by Lead Counsel to demonstrate its adequacy to serve as class counsel pursuant to Federal Rule of Civil Procedure 23(g) (or its state law analogs), or as otherwise required by law.

<u>MISCELLANEOUS PROVISIONS</u>

24. (a) All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

(b) Lead Plaintiffs and Defendants agree not to assert in this Action that the litigation was brought or defended in bad faith or without a reasonable basis, and agree not to assert any claim of any violation of Federal Rule of Civil Procedure 11 relating to the prosecution or defense of the Action.  The Parties to the Stipulation agree that the amount paid and the other terms of the Settlement were negotiated at arm's length in good faith by the Parties to the Stipulation and reflect a Settlement that was reached voluntarily after consultation with experienced legal counsel.

(c) Until a motion for a Preliminary Approval Order is filed with the District Court, the Parties shall maintain this Stipulation and the Settlement in confidence, except for disclosures to Defendants' insurers and auditors, consultants assisting with the Plan of Allocation, the District Court, or as required by law or otherwise consented to by the Parties.

(d) This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Parties to the Stipulation or their successors-in-interest.

(e) The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

1          (f)      The administration and consummation of the Settlement as embodied in

2  this Stipulation shall be under the authority of the District Court, and the District Court shall

3  retain exclusive, continuing jurisdiction for the purpose of enforcing the terms of the Stipulation

4  and for any other purpose related to the prosecution or resolution of the Action.

5          (g)      The Parties to the Stipulation hereby irrevocably submit to the continuing

6  and exclusive jurisdiction of the District Court for any suit, action, proceeding, or dispute arising

7  out of or relating to this Settlement as embodied in the Stipulation or its applicability, and agree

8  that they will not oppose the designation of such suit, action, proceeding, or dispute as a related

9  case to this Action.

10         (h)      The waiver by one Party to the Stipulation of any term or condition of this

11  Stipulation shall not be deemed a waiver of any other Party to the Stipulation.  Nor shall the

12  waiver by one Party to the Stipulation of any term or condition of the Stipulation be deemed a

13  waiver of a prior or subsequent term or condition of the Stipulation.

14         (i)      This Stipulation and its exhibits, together with the Letter Agreement,

15  constitute the entire agreement between the Lead Plaintiffs (individually and on behalf of the

16  Class) and Defendants concerning the Settlement of the Action, and no representations,

17  warranties, payments, or inducements have been made by any Defendant to Lead Plaintiffs, or by

18  Lead Plaintiffs to any Defendant concerning the subject matter hereof, other than those contained

19  and memorialized in the Stipulation, its exhibits, and the Letter Agreement.

20         (j)      The Stipulation may be executed in one or more counterparts.  All executed

21  counterparts and each of them shall be deemed to be one and the same instrument, provided that

22  counsel for the Parties to the Stipulation shall exchange among themselves original signed

23  counterparts.  Electronically transmitted signatures are valid signatures as of the date thereof.

24         (k)      The Stipulation shall be binding upon, and inure to the benefit of, the

25  successors and assigns of the Parties to the Stipulation.

26         (l)      All agreements made and orders entered during the course of this Action

27  relating to the confidentiality of documents and information shall survive this Stipulation in

28  accordance with their terms.

(m)     The construction, interpretation, operation, effect, and validity of the Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of California without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.  Lead Plaintiffs (on behalf of themselves and the Class) and Defendants understand and agree that any disputes arising out of the Stipulation shall be governed and construed by and in accordance with the laws of the State of California, without reference to choice of law principles.

(n)     The Stipulation shall not be construed more strictly against one Party to the Stipulation than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that the Stipulation is the result of arm's length negotiations between the Parties to the Stipulation, and all Parties to the Stipulation have contributed substantially and materially to the preparation of the Stipulation.

(o)     Any and all counsel and Parties to the Stipulation who execute the Stipulation and any of the exhibits hereto, or any related Settlement documents, represent that they have the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

(p)     Lead Counsel and Defendants' Counsel agree to recommend approval of the Stipulation by the District Court and to undertake their best efforts and cooperate fully with one another in seeking District Court approval of the Preliminary Approval Order, the Stipulation, and the Settlement, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the District Court of the Settlement and the entry of the Final Judgment.  Lead Counsel and Defendants' Counsel agree to take all reasonable actions necessary to effectuate the performance of, and uphold the validity and enforceability of, this Stipulation.

(q)     The Parties agree that the Rydex Defendants will make the first press notice of this proposed Settlement up to and including the day of the Court's final approval of the settlement and will provide reasonable advance notice to the other Parties of any such press notice.  Lead Counsel will have a reasonable opportunity for prior review and comment on any

1  such press notice by the Rydex Defendants relating to the Settlement. The Parties further agree

2  that the Rydex Defendants will have a reasonable opportunity for prior review and comment on

3  any press notice relating to the Settlement to be made thereafter by Lead Plaintiffs, the Class, or

4  Lead Counsel, and the terms thereof including the Plan of Allocation and claims process as

5  approved by the Court.

6          IN WITNESS WHEREOF, the Parties have, through their respective counsel, executed

7  this Stipulation as of the date first above written.

8  DATED: July 28, 2011

9  SPARER LAW GROUP

10

11  By: _____
                ALAN W. SPARER

12

13  100 Pine Street, 33rd Floor
    San Francisco, CA 94111.5128
    Telephone:    415.217.7300
14  Facsimile:    415-217.7307

15  Lead Counsel for LEAD PLAINTIFFS

16

    DECHERT LLP                                      SCHIFF HARDIN LLP
17

18

    By: _____               By: _____
19        MATTHEW L. LARRABEE                      MICHAEL K. WOLENSKY

20  One Maritime Plaza, Suite 2300          One Market, Spear Street Tower, 32nd Floor
    San Francisco, California 94111-3513    San Francisco, CA 94105
21  Telephone: 415.262.4500                 Telephone:  415.901.8798
    Facsimile:  415.262.4555                Facsimile:  415.901.8701
22
    Counsel for Defendants RYDEX SERIES     Counsel for Defendants JOHN O.
23  FUNDS; PADCO ADVISORS INC.              DEMARET; COREY A. COLEHOUR; J.
    D/B/A RYDEX INVESTMENTS, INC.;          KENNETH DALTON; WERNER E.
24  RYDEX DUSTRIBUTORS, INC.; NICK          KELLER; THOMAS F. LYDON; PATRICK
    BONOS; MICHAEL P. BYRUM;                T. MCCARVILLE; AND ROGER SOMERS
25  RICHARD M. GOLDMAN; AND CARL
    G. VERBONCOEUR

26

27

28

                                            -28-

1   such press notice by the Rydex Defendants relating to the Settlement.  The Parties further agree

2   that the Rydex Defendants will have a reasonable opportunity for prior review and comment on

3   any press notice relating to the Settlement to be made thereafter by Lead Plaintiffs, the Class, or

4   Lead Counsel, and the terms thereof including the Plan of Allocation and claims process as

5   approved by the Court.

6          IN WITNESS WHEREOF, the Parties have, through their respective counsel, executed

7   this Stipulation as of the date first above written.

8   DATED:  July 28, 2011

9   SPARER LAW GROUP

10

11  By: _____
              ALAN W. SPARER
12

13  100 Pine Street, 33rd Floor
    San Francisco, CA 94111.5128
14  Telephone:     415.217.7300
    Facsimile:     415-217.7307

15  Lead Counsel for LEAD PLAINTIFFS

16

17  DECHERT LLP                                SCHIFF HARDIN LLP

18

19  By: _____       By: _____   MMK
              MATTHEW L. LARRABEE                        MICHAEL K. WOLENSKY

20  One Maritime Plaza, Suite 2300             One Market, Spear Street Tower, 32nd Floor
    San Francisco, California  94111-3513      San Francisco, CA  94105
21  Telephone:  415.262.4500                   Telephone:  415.901.8798
    Facsimile:  415.262.4555                   Facsimile:  415.901.8701
22

23  Counsel for Defendants RYDEX SERIES        Counsel for Defendants JOHN O.
    FUNDS; PADCO ADVISORS INC.                 DEMARET; COREY A. COLEHOUR; J.
24  D/B/A RYDEX INVESTMENTS, INC.;             KENNETH DALTON; WERNER E.
    RYDEX DUSTRIBUTORS, INC.; NICK             KELLER; THOMAS F. LYDON; PATRICK
25  BONOS; MICHAEL P. BYRUM;                   T. MCCARVILLE; AND ROGER SOMERS
    RICHARD M. GOLDMAN; AND CARL
26  G. VERBONCOEUR

27

28

                                          -28-