ALAN W. SPARER (No. 104921)
MARC HABER (No. 192981)
JAMES S. NABWANGU (No. 236601)
SPARER LAW GROUP
100 Pine Street, 33rd Floor
San Francisco, California 94111-5128
Telephone:   415/217-7300
Facsimile:   415/217-7307
asparer@sparerlaw.com
mhaber@sparerlaw.com
jnabwangu@sparerlaw.com

Attorneys for LEAD PLAINTIFFS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES RAFTON, TRUSTEE OF THE JAMES AND CYNTHIA RAFTON TRUST, et al.,<br><br>          Plaintiffs,<br>     v.<br><br>RYDEX SERIES FUNDS; et al.,<br><br>          Defendants. | No. CV 10-01171 LHK<br><br>Action Filed: March 19, 2010<br><br>[PROPOSED] ORDER GRANTING UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS SETTLEMENT AND APPROVAL OF NOTICE PLAN<br><br>Date:    September 8, 2011<br>Time:   1:30 p.m.<br>Dept:    Courtroom 8, 4th Floor<br>Judge:   Hon. Lucy H. Koh |

1  WHEREAS, Lead Plaintiffs James Rafton and James Darst, on behalf of themselves and
2  the Settlement Class (as hereinafter defined) have applied to the Court pursuant to Rule 23(e) of
3  the Federal Rules of Civil Procedures for: (1) an order approving the settlement of the above-
4  captioned litigation (the "Action") in accordance with the Stipulation and Settlement Agreement
5  dated July 28, 2011 ("Stipulation"), which together with the exhibits annexed thereto, sets forth
6  the terms and conditions for a proposed settlement of the Action (the "Settlement"); (2) dismissal
7  of the Action with prejudice as to all Defendants upon the terms and conditions set forth in the
8  Stipulation; and (3) certification of the Action as a class action for settlement purposes only; and
9  (4) approval of the form and method for providing notice of the Settlement to the Class and the
10  schedule therefor.

11  WHEREAS, the Defendants do not oppose the motion for preliminary approval of the
12  settlement;

13  WHEREAS, the Court is familiar with and has reviewed the record in the Action and has
14  reviewed the Stipulation, including the exhibits attached to the Stipulation, and found good cause
15  for entering the following Order;

16  NOW, THEREFORE, IT IS HEREBY ORDERED:

17  1.  This Preliminary Approval Order ("Order") hereby incorporates by reference the
18  definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth
19  in the Stipulation.

20  2.  The Court hereby grants preliminary approval to the Settlement and the
21  Stipulation, subject to further consideration at the Final Approval Hearing described below;

22  3.  Pending further order of the Court, all litigation activity, except that contemplated
23  in this order, in the Stipulation and the Notice(s) of Pendency and Proposed Settlement of Class
24  Action, annexed thereto is hereby stayed and all hearings, deadlines and other proceedings in this
25  Action, except the Final Approval Hearing, are hereby taken off calendar.

26  **CLASS CERTIFICATION**

27  4.  Pursuant to Federal Rule 23, the Court certifies the following Class for settlement
28  purposes:

1  All persons and entities ("Class" or "Class Members") who purchased or otherwise acquired
2  shares of the Rydex Inverse Government Long Bond Strategy Fund ("Rydex Fund") from August
3  1, 2007 through July 31, 2009, inclusive ("Class Period") and who were damaged thereby.
4  Excluded from the Class are:  Defendants; the Rydex Defendants' officers and directors;
5  members of Defendants' immediate families; Defendants' legal representatives, heirs, successors,
6  or assigns; and any entity in which Defendants have or had a controlling interest.  Also excluded
7  from the Class are any proposed Class Members who properly exclude themselves by filing a
8  valid and timely request for exclusion in accordance with the requirements set forth in the Notice
9  and Publication Notice.
10         5.      The Court finds that certification of the Class meets the requirements of Federal
11 Rule 23 as follows:
12              a.      The Class consists of thousands of members, and is sufficiently large and
13 geographically dispersed that joinder of all Class Members is impracticable, and accordingly
14 satisfies Federal Rule 23(a)(1).
15              b.      There are questions of law and fact common to the Class that satisfy
16 Federal Rule 23(a)(2), including but not limited to:  whether the 2007 and 2008 Rydex Fund
17 Registration Statements contained a material misstatement or omission when they became
18 effective in violation of §11 of the Securities Act of 1933; whether either the 2007 or the 2008
19 Rydex Fund Prospectus contained "an untrue statement of material fact or omit[ted] to state a
20 material fact necessary in order to make the statements, in light of the circumstances under which
21 they were made, not misleading," in violation of §12(a)(2) of the Securities Act of 1933; whether
22 and to what extent Class Members have sustained damages and the proper measure of damages;
23 and whether certain Defendants exercised actual power or control over primary violators giving
24 rise to liability under §15 of the Securities Act of 1933.
25              c.      Lead Plaintiffs' asserted claims that the Defendants violated Sections 11,
26 12(a)(2) and 15 of the Securities Act of 1933 are typical of the Class, and accordingly satisfy the
27 requirements of Federal Rule 23(a)(3).
28

-2-
[PROPOSED] ORDER GRANTING UNOPPOSED MOTION FOR        No. CV 10-01171 LHK
PRELIMINARY APPROVAL OF PROPOSED CLASS SETTLEMENT

1       d.      Lead Plaintiffs James Rafton and James Darst, Jr. and their counsel, Sparer Law Group, will fairly and adequately protect the interest of the Class, and accordingly their appointment satisfies Federal Rule 23(a)(4).

       e.      Lead Plaintiffs also satisfy the requirements of Federal Rule 23(b)(3) since questions of law and fact common to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this matter.

6.      Lead Plaintiffs James Rafton and James Darst, Jr., are hereby appointed representatives of the Class.

7.      Sparer Law Group is hereby appointed Class Counsel.

**CLASS NOTICE**

8.      The Court approves the form and content of the "Notice of Pendency and Proposed Settlement of Class Action for Purchasers with Identified Transactions" and the "Notice of Pendency and Proposed Settlement of Class Action for Unidentified Purchasers or Purchasers with Unidentified Transactions," (collectively, the "Notice"), and the Publication Notice, in substantially the forms annexed hereto as Exhibits A-1, A-2, and A-5.

9.      The Court finds that the mailing and distribution of the Notice and publishing of the Publication Notice, as set forth herein, meet the requirements of Federal Rule 23(c)(2)(B), due process, and Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons and entities entitled thereto.

**CLAIMS PROCESS AND ADMINISTRATION**

10.     The Court hereby appoints the Garden City Group, Inc. as the Claims Administrator to supervise and execute the notice program as well as the administration of the Settlement, as set forth in Paragraph 9 of this Order and as more fully set forth in the Stipulation:

       a.      Within four (4) business days after entry of this Order and the execution of a non-disclosure agreement between the Claims Administrator and the Rydex Defendants, the

1   Rydex Defendants shall provide to the Claims Administrator in electronic, searchable form: (1)
2   the names and addresses and account data for all accounts reflected in Defendant's records as
3   having acquired Rydex Fund shares during the Class Period; and (2) the names and addresses and
4   account data of all broker-dealers or other intermediaries ("Intermediaries") reflected in
5   Defendant's records as having acquired Rydex Fund shares on behalf of Class Members during
6   the Class Period.  This information and data shall be provided at no cost and in electronic,
7   searchable form.  In the event the Claims Administrator is unable, after reasonable efforts, to
8   locate any Class Member utilizing this information, the Claims Administer may request that
9   Defendants provide Social Security numbers of such Class Members.  Defendants will comply
10  with such requests to the extent that such numbers are accessible and provide such numbers on a
11  confidential and limited basis.
12           b.      Within eight (8) business days after entry of this Order, the Claims
13  Administrator shall send a notification to all Intermediaries ("Intermediary Notification").
14  Pursuant to this Order, the Intermediary Notification:
15                   i.      will request, in electronic, searchable form, the name(s),
16  address(es), and all transaction data for all accounts that acquired Rydex Fund shares during the
17  Class Period through an Intermediary ("Intermediary Accounts");
18                   ii.     shall inform the Intermediaries that, if it is not feasible to provide
19  the name(s), address(es), and Fund transaction data for each Intermediary Account within fifteen
20  (15) business days from the date of such notification, the Intermediary shall promptly contact the
21  Claims Administrator to make arrangements to provide full information or explain the failure to
22  do so.
23           c.      The Court hereby orders the Intermediaries to provide all Intermediary
24  Account information by the deadlines set forth in Paragraph 10(b) in order for all Class Members
25  to benefit from the proposed Settlement.
26           d.      After the Claims Administrator has sent the Intermediary Notification, the
27  Rydex Defendants will make reasonable good-faith efforts to inform the Intermediaries of the
28  importance of their release of the name(s), address(es), and Fund transaction data for each

1   Intermediary Account.  Defendants are not obligated to bear any costs associated with obtaining
2   such Intermediary Account information from the Intermediaries.

3           e.      Within fifteen (15) business days of the entry of this Order, Defendants
4   shall pay or cause to be paid the Settlement Amount into the Escrow Account.  The Gross
5   Settlement Fund shall be used only for the purposes specified in the Stipulation.

6           f.      Within thirty-three (33) business days after entry of this Order, the Claims
7   Administrator shall commence mailing the Notice of Pendency and Proposed Settlement of Class
8   Action for Identified Purchasers with Identified Transactions (substantially in the form annexed
9   as Exhibit A-1 hereto) and a Record of Fund Transactions (substantially in the form annexed as
10  Exhibit A-4 hereto) to those Class Members for whom the Claims Administrator has obtained the
11  requisite contact information and transaction data or later obtains such information and data.

12          g.      If a Class Member believes that the Record of Fund Transactions provided
13  by the Claims Administrator is incorrect or incomplete, and does not wish to be excluded from
14  the Class, the Class Member must return a Dispute Form, substantially in the form included with
15  the Record of Fund Transactions (Exhibit A-4 hereto) to the Claims Administrator no later than
16  thirty (30) days after the date of the letter from the Claims Administrator enclosing the Notice
17  and Record of Fund Transactions.   Within thirty (30) calendar days after the date of Mailing of
18  the Dispute Form, the Claims Administrator shall respond to the Class Member by accepting or
19  rejecting it in whole or in part.

20          h.      Any Class Member whose Dispute Form has been rejected in whole or in
21  part by the Claim Administrator, and who desires to contest such rejection, must, within thirty
22  (30) calendar days after the date of mailing of the notice of such rejection, serve upon the Claims
23  Administrator a notice and statement of reasons indicating the Class Member's grounds for
24  contesting the rejection, along with any supporting documentation, and, if sought, a request for
25  review thereof by the District Court.  If any dispute concerning a Dispute Form cannot be
26  otherwise resolved, Class Counsel shall thereafter present the request for review to the District
27  Court for a final determination.
28

[PROPOSED] ORDER GRANTING UNOPPOSED MOTION FOR     No. CV 10-01171 LHK
PRELIMINARY APPROVAL OF PROPOSED CLASS SETTLEMENT

   i. Any Class Member who does not obtain exclusion from the Class and who does not submit his or her Dispute Form by the deadline shall be forever barred from disputing the Record of Fund Transactions and shall receive a pro-rata share of his or her Recognized Losses based on that Record unless the late submission of the Dispute Form is approved by the Claims Administrator or by order of the Court as if timely submitted for consideration under the provisions of this order.

   j. Within (30) business days after entry of this Order, the Claims Administrator shall commence mailing the Notice of Pendency and Proposed Settlement of Class Action for Unidentified Purchasers or Purchasers with Unidentified Transactions (substantially in the form annexed as Exhibit A-2 hereto) and a Proof of Claim form (substantially in the form annexed as Exhibit A-3 hereto) to those Class Members for whom the Claims Administrator has contact information but has been unable to obtain complete transaction data.

   k. If a Class Member is required to submit a Proof of Claim, and does not wish to be excluded from the Class, the Class Member must submit to the Claims Administrator a Proof of Claim, substantially in the form attached as Exhibit A-3 hereto, by the later of thirty (30) days after the date of Publication Notice (Exhibit A-5 hereto) or thirty (30) days after the date of mailing to the Class Member of the Notice and Proof of Claim (Exhibits A-2 and A-3 hereto).  Within thirty (30) calendar days after the date of mailing of the Proof of Claim, the Claims Administrator shall respond to the Class Member by accepting or rejecting the Proof of Claim, in whole or in part.

   l. Any Class Member whose Proof of Claim has been rejected in whole or in part by the Claim Administrator and who desires to contest such rejection must, within thirty (30) calendar days after the date of mailing of the notice of such rejection, serve upon the Claims Administrator a notice and statement of reasons indicating the Class Member's grounds for contesting the rejection, along with any supporting documentation, and, if sought, a request for review thereof by the District Court.  If a dispute concerning a Proof of Claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the District Court for a final determination.

1         m.      Any Class Member who does not obtain exclusion from the Class, and
2 who would be required to submit a Proof of Claim in order to share in the Net Settlement Fund,
3 but does not submit a Proof of Claim to the Claims Administrator by the deadline, shall be
4 forever barred from receiving any payment pursuant to the Stipulation (unless a later submitted
5 Proof of Claim by such Class Member is approved by the Claims Administrator or by order of
6 this Court for consideration as if timely submitted under the provisions of this Order), but shall in
7 all other respects be bound by all of the terms of this Stipulation and the Settlement.

8         n.      No later than thirty (30) days prior to the deadline to submit requests for
9 exclusion from or objections to the proposed Settlement, the Claims Administrator shall cause
10 the Publication Notice substantially in the form attached as Exhibit A-5 hereto to be published
11 once in *Investor's Business Daily* and transmitted over PRNewswire.

12         o.      Concurrently with the filing of the motion for final approval of the
13 Settlement and in any event no later than thirty-five (35) days prior to the Final Settlement
14 Hearing, Class Counsel shall file with the Clerk of this Court, declaration(s) of the person or
15 persons under whose general direction the mailing of the Notice and the publication of the
16 Publication Notice were made, showing that such mailing and publication have occurred in
17 accordance with this Order.

18         p.      The Net Settlement Fund shall be distributed to Class Members by the
19 Claims Administrator only after: (i) the Effective Date of the Settlement as defined in the
20 Stipulation and after; (ii) all claims have been processed by the Claims Administrator and all
21 objections with respect to rejected or disallowed claims have been resolved by the District Court,
22 and all appeals therefrom have been resolved, or the time to appeal has expired; (iii) all matters
23 with respect to attorneys' fees, costs, and disbursements have been resolved by the District Court,
24 all appeals therefrom have been resolved, or the time to appeal has expired; and (iv) all Notice
25 and administrative expenses and Taxes have been paid.

26         q.      As set forth in the Stipulation, immediately after payment of the Gross
27 Settlement Fund to the Escrow agent and without further order of the Court, Class Counsel may
28 direct payment from the Escrow Account up to $300,000 as provided in the Stipulation to pay the

-7-
[PROPOSED] ORDER GRANTING UNOPPOSED MOTION FOR     No. CV 10-01171 LHK
PRELIMINARY APPROVAL OF PROPOSED CLASS SETTLEMENT

actual, reasonable costs of providing notice to the Settlement Class, locating Class Members, assisting with the filing and processing of Proof of Claim Forms and Dispute Forms, administering the Gross Settlement Fund, and paying Taxes, escrow fees and costs. This advancement of notice and administration costs, to the extent already expended or incurred for these purposes, shall not be subject to repayment if the Settlement does not become effective, and Lead Plaintiffs and Class Counsel shall have no obligation to repay any amounts actually and properly incurred or disbursed for the above purposes. Upon the occurrence of the Effective Date, Lead Plaintiffs may file additional motions for approval of additional amounts from the Gross Settlement Fund for payment of reasonable costs of providing Notice and administering the Gross Settlement Fund.

**REQUESTS FOR EXCLUSION**

11. Class Members shall be bound by all orders, determinations and judgments in this Action, whether favorable or unfavorable, unless a request for exclusion from the Class in a timely and proper manner, as provided herein.

12. Class Members may request to be excluded from the Class.

13. In order to be valid, a request for exclusion must: (i) set forth the name, address, and telephone number of the person or entity requesting exclusion; (ii) state that the person or entity requests exclusion from the Class in *Rafton v. Rydex Series Funds*, Case No. 10-cv-1171 LHK; (iii) be signed and dated by the person or entity requesting exclusion; and (iv) be postmarked no later than twenty one (21) days prior to the date of the Final Approval Hearing. Requests for exclusion must be mailed to the Claims Administrator at the address set forth in the Notice and Publications Notice. Requests for exclusion may also be submitted electronically by following the instructions on the claims administration website, www.rydexfundsettlement.com. The request for exclusion shall not be effective unless it provides all of the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Claims Administrator or the Court.

1        14.     Class Members who timely and validly request exclusion from the Class shall not
2   be eligible to receive any payment under the settlement as described in the Stipulation and the
3   Notice, unless otherwise ordered by the Court.

**HEARING; RIGHT TO BE HEARD**

5        15.     A Final Approval Hearing shall be held before this Court on January 5, 2012, at
6   1:30 p.m., at the United States District Court for the Northern District of California, San Jose
7   Courthouse, Courtroom 8, 4th Floor, 280 South 1st Street, San Jose, CA 95113, to determine
8   whether:  (i) the Settlement of the Action on the terms and conditions set forth in the Stipulation
9   is fair, reasonable and adequate to the Class and should be approved by the Court; (ii) whether a
10  Judgment dismissing the Action with prejudice in the form attached as Exhibit B to the
11  Stipulation should be entered; (iii) whether the proposed Plan of Allocation set forth in the
12  Notice should be approved; (iv) whether the motion for reimbursement of Lead Plaintiffs' time
13  and expenses should be approved; (v) whether the motion for an award of Class Counsel's
14  attorneys' fees and reimbursement of Class Counsel's litigation expenses should be approved;
15  and (vi) to consider any other matters that may properly be brought before the Court in
16  connection with the Settlement.

17       16.     Class Counsel's motion for approval of the Settlement and Plan of Allocation and
18  any motion for reimbursement of Lead Plaintiffs' time and expenses and motion for an award of
19  Class Counsel's attorneys' fees and reimbursement of litigation expenses shall be filed and
20  served no later than thirty-five (35) days prior to  the date of the Final Approval Hearing; any
21  opposition thereto shall be filed and served no later than twenty-one (21) days prior to the
22  Hearing; and any Reply in Support of the motions shall be filed and served no later than fourteen
23  (14) days prior to the Hearing.

24       17.     Any Class Member may object to the matters set for consideration at the Final
25  Approval Hearing by submitting written objections thereto.  The written objection must state that
26  it is made in connection with the matter of *Rafton v. Rydex Series Funds*, Case No. 10-cv-1171
27  LHK, and must include the objecting Class Member's name, address, telephone number,
28  signature, the number of Rydex Fund shares purchased during the period from August 1, 2007

-9-
[PROPOSED] ORDER GRANTING UNOPPOSED MOTION FOR         No. CV 10-01171 LHK
PRELIMINARY APPROVAL OF PROPOSED CLASS SETTLEMENT

through July 31, 2009, inclusive, the reasons for the objection and all supporting papers. Any objection must be postmarked no later than twenty-one (21) days prior to the date of the Final Approval Hearing and mailed to the Court, Counsel for Plaintiffs and Counsel for Defendants at the following addresses:

*Court*:

Richard W. Wieking
Office of the Clerk
United States District Court
Northern District of California, San Jose Division
Robert F. Peckham Federal Building
280 South 1st Street San Jose, CA 95113

*Counsel for Plaintiffs:*

Alan W. Sparer
Sparer Law Group
100 Pine Street, 33rd Floor
San Francisco, CA 94111-5128

*Counsel for Defendants:*

Matthew L. Larrabee
Dechert LLP
One Maritime Plaza, Suite 2300
San Francisco, California  94111-3513

Michael K. Wolensky
Schiff Hardin LLP
One Market, Spear Street Tower, 32nd Floor
San Francisco, CA  94105

18.     In order to speak at the settlement hearing in person or through legal counsel, a Class Member must send written notice stating that it is his or her intention to appear in *Rafton v. Rydex Series Funds*, Case No. 10-cv-1171 LHK. The notice must be signed by the Class Member or counsel and must include the name, address, telephone number of the Class Member and counsel, if applicable, and the number of Rydex Fund shares the Class Member purchased during the Class Period. If a Class Member or counsel intends to present evidence at the Settlement Hearing, the notice must identify any witnesses that will be called and any exhibits that will be introduced. Notices of intention to appear must be postmarked no later than seven (7) days prior to the Final Approval Hearing and be mailed to the Court, Class Counsel for Plaintiffs and Counsel for Defendants at the addresses set forth in Paragraph 17 of this Order.

19.     Any Class Member who does not make his, her or its objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness of the Settlement as reflected in the Stipulation, the Plan of Allocation, the application of Lead Plaintiffs for reimbursement of

-10-
[PROPOSED] ORDER GRANTING UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS SETTLEMENT             No. CV 10-01171 LHK

1 expenses, the application of Class Counsel for an award of attorneys' fees and reimbursement of
2 expenses or any other matter properly before the Court at the Final Approval Hearing.

3      20. By objecting to any matter which is the subject of the Final Approval Hearing, a
4 person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to
5 the person's or entity's objection or request to be heard and the subject matter of the Settlement,
6 including but not limited to, enforcement of the terms of the Settlement as provided in the
7 Stipulation.

8      21. At or after the Final Approval Hearing, the Court shall determine whether the
9 Settlement, the Plan of Allocation, the proposed Judgment, the Motion of Lead Plaintiffs' for
10 reimbursement of time and expenses, the Motion of Class Counsel for an award of attorneys' fees
11 and reimbursement of expenses, and any other matter properly brought before the Court shall be
12 approved or ordered.

13 **MISCELLANEOUS MATTERS**

14      22. The passage of title and ownership of the Settlement Fund to the Escrow Agent in
15 accordance with the terms and obligations of the Stipulation is approved. No person who is not a
16 Class Member or Class Counsel shall have any right to any portion of, or to any distribution of,
17 the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the
18 Stipulation.

19      23. All funds held in the Escrow Account shall be deemed and considered to be in
20 *custodia legis* of the Court, and shall remain subject to the exclusive jurisdiction of the Court,
21 until such time as such funds shall be distributed pursuant to this Stipulation and/or further
22 order(s) of the Court.

23      24. The administration and consummation of the Settlement as embodied in the
24 Stipulation shall be under the authority of this Court, and the Court shall retain exclusive,
25 continuing jurisdiction for the purpose of enforcing the terms of the Stipulation and for any other
26 purpose related to the prosecution or resolution of the Action.

27      25. The Defendants shall not have any responsibility for or liability with respect to the
28 Plan of Allocation or any application for attorneys' fees or reimbursement of expenses submitted

1  by Class Counsel or Lead Plaintiffs, and such matters will be considered separately from the
2  fairness, reasonableness, and adequacy of the Settlement.

3      26.    This Preliminary Approval Order, the terms of this Stipulation (whether the
4  Stipulation becomes final or not), the negotiations leading up to this Stipulation, the fact of the
5  Settlement, and the proceedings taken pursuant to the Settlement, shall not: (1) be construed as
6  an admission of liability or an admission of any claim or defense on the part of any party to the
7  Action ("Party"), in any respect; (2) form the basis for any claim of estoppel by any third party
8  against any of the Parties; or (3) be admissible in any action, suit, proceeding, or investigation as
9  evidence, or as an admission, of any wrongdoing or liability whatsoever by any Party or as
10  evidence of the truth of any of the claims or allegations contained in any complaint or Answer
11  filed in the Action, or deemed to be evidence of an admission or concession that any Class
12  Member has suffered any damages, harm, or loss.  Neither this Preliminary Approval Order, nor
13  the Stipulation, nor any of their terms and provisions, nor any of the negotiations or proceedings
14  connected with them, nor any action taken to carry out this Preliminary Approval Order or
15  Stipulation by any of the Parties shall be referred to, offered into evidence, or received in
16  evidence in any pending or future civil, criminal or administrative action or proceeding, except in
17  a proceeding to enforce this Preliminary Approval Order or the Stipulation, to enforce any
18  insurance rights, to defend against the assertion of Released Claims (including to support a
19  defense or counterclaim based on principles of res judicata, collateral estoppel, release, good
20  faith settlement, judgment bar or reduction), or by Class Counsel to demonstrate its adequacy to
21  serve as class counsel pursuant to Federal Rule of Civil Procedure 23(g) (or its state law
22  analogs), lead counsel pursuant to the PSLRA, or as otherwise required by law.

23      27.    In the event that the Settlement does not become effective in accordance with the
24  terms of the Stipulation or the Effective Date does not occur, or in the event that the Gross
25  Settlement Fund, or any portion thereof, is returned to the Defendants, then this, and all other,
26  Orders shall be rendered null and void to the extent provided by and in accordance with the
27  Stipulation, the Stipulation shall be deemed terminated, and the parties shall return to their
28  positions without prejudice in any way, as provided for in the Stipulation.

[PROPOSED] ORDER GRANTING UNOPPOSED MOTION FOR    No. CV 10-01171 LHK
PRELIMINARY APPROVAL OF PROPOSED CLASS SETTLEMENT

28. The Court reserves the right to adjourn the date of the Final Approval Hearing or any continuance thereof without further notice to the Class Members, and to retain jurisdiction to consider all further applications arising out of or connected with the proposed Settlement or otherwise warranted. The Court may approve the Settlement or Stipulation with such modifications as may be agreed to by the settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

Dated: September 13, 2011

*Lucy H. Koh*

THE HONORABLE LUCY H. KOH
UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER GRANTING UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS SETTLEMENT     No. CV 10-01171 LHK