UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES RAFTON, TRUSTEE OF THE JAMES & CYNTHIA RAFTON TRUST, et al.,<br><br>　　　　Plaintiffs,<br>　　v.<br><br>RYDEX SERIES FUNDS, et al.,<br><br>　　　　Defendants. | No. CV 10-01171 LHK<br><br>Action Filed: March 19, 2010<br><br>[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL<br><br>CLASS ACTION<br><br>Date:　　January 5, 2012<br>Time:　　1:30 p.m.<br>Dept:　　Courtroom 8, 4th Floor<br>Judge:　 Hon. Lucy H. Koh |

This Court having considered: the Stipulation and Agreement of Settlement dated July 28, 2011, including all Exhibits thereto (the "Stipulation"), between James Rafton and James Darst, Jr. ("Lead Plaintiffs"), on behalf of themselves and the Class, and Rydex Series Funds, Padco Advisors Inc. d/b/a Rydex Investments, Inc., Rydex Distributors, Inc., (collectively, the "Rydex Defendants"), and Richard M. Goldman, Carl G. Verboncoeur, Nick Bonos, Michael P. Byrum, John O. Demaret, Corey A. Colehour, J. Kenneth Dalton, Werner E. Keller, Thomas F. Lydon, Roger Somers, and Patrick T. McCarville (collectively, the "Individual Defendants") (together, the Rydex Defendants and the Individual Defendants are referred to as "Defendants"); and having held a hearing on January 5, 2012; and having considered all of the submissions and arguments with respect thereto, and otherwise being fully informed, and good cause appearing therefore,

IT IS HEREBY ORDERED that:

**Introductory Findings**

1. This Final Judgment and Order of Dismissal ("Judgment") incorporates herein and makes a part hereof, the Stipulation, including the Exhibits thereto. Unless otherwise defined herein, all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. The Court has personal jurisdiction over Lead Plaintiffs, the Class Members and Defendants for purposes of this Action and settlement, and has subject matter jurisdiction to approve the Stipulation and the terms and conditions of the settlement set forth therein (the "Settlement").

**Affirmance Of Class Certification**

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Federal Rule 23"), the Court confirms certification of the following Class, as ordered by the Court in its September 13, 2011 Order Preliminarily Approving Settlement and Providing for Notice (Docket No. 99) (the "Preliminary Approval Order"):

-1-

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL          No. CV 10-01171 LHK

"All persons and entities who purchased or otherwise acquired shares of the Fund during the Class Period and who were damaged thereby. Excluded from the Class are Defendants; the Rydex Defendants's officers and directors; members of Defendants' immediate families; Defendants' legal representatives, heirs, successors, or assigns; and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are any proposed Class Members who properly excluded themselves by filing a valid and timely request for exclusion in accordance with the requirements set forth in the Notice ("the Class")."

"Class Period" means the period from August 1, 2007 through July 31, 2009, inclusive.

4. The Court confirms that certification of the Class met the requirements of Federal Rule 23 as follows:

(a) There are thousands of Members of the Class, and the Class is of sufficient size and geographical dispersion that joinder of all Class Members is impracticable, satisfying Federal Rule 23(a)(1).

(b) There are questions of law and fact common to the Class, thus satisfying Federal Rule 23(a)(2). Among the questions of law and fact common to the Class are whether the Securities Act of 1933 was violated by Defendants' acts as alleged; whether statements made in the Rydex Inverse Government Long Bond Strategy Fund Registration Statements and Prospectuses misrepresented or omitted material facts; and whether the Members of the Class have sustained damages and, if so, what is the proper measure thereof.

(c) Lead Plaintiffs' claims for violations of Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 are typical of the claims of the Class, satisfying Federal Rule 23(a)(3).

(d) Lead Plaintiffs and Sparer Law Group ("Class Counsel") have and will fairly and adequately protect the interests of the Class, thus satisfying Federal Rule 23(a)(4).

(e) The questions of law and fact common to the Class predominate over any questions affecting only individual members, satisfying Federal Rule 23(b)(3).

(f) A class action is superior to other available methods for the fair and efficient adjudication of the controversy, satisfying Federal Rule 23(b)(3).

5. In making all of the foregoing findings, the Court has exercised its discretion in certifying the Class.

### Class Notice Findings And Opt-Outs

6. The record shows that Notice has been given to the Class in the manner approved by the Court in its Preliminary Approval Order. The Court finds that such Notice: (i) constitutes reasonable and the best practicable notice; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, the terms of the Settlement, and the Class Members' right to object to or exclude themselves from the Class and to appear at the settlement final approval hearing held on January 5, 2012 (the "Final Approval Hearing"); (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) meets the requirements of due process, Federal Rule 23, and Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

7. No individuals or entities, other than those listed on Exhibit A hereto, have timely and validly excluded themselves from the Class. This Judgment shall have no force or effect on the persons or entities listed on Exhibit A hereto.

### Findings That Arm's-Length Negotiations Occurred

8. The Court finds that extensive arm's-length negotiations have taken place in good faith between Class Counsel and Defendants' Counsel resulting in the Stipulation.

### Approval Of The Settlement

9. Pursuant to Federal Rule 23(e), the Court hereby finally approves in all respects the Settlement on the terms and conditions set forth in the Stipulation and finds that the Settlement and the Stipulation are, in all respects, fair, reasonable and adequate, and in the best interest of the Class.

10. The settling parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Stipulation. In addition, the settling parties are authorized to agree to and adopt such amendments and modifications to the Stipulation, or any Exhibits attached thereto, to effectuate the Settlement as (i) shall be consistent in all material respects with this Judgment, and (ii) do not limit the rights of the Class in

connection with the Settlement. Without further order of the Court, the settling parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

**Approval Of The Plan Of Allocation**

11. The Court hereby finds that Lead Plaintiff and Lead Counsel's proposed Plan of Allocation is fair, adequate and reasonable. The Plan of Allocation appropriately utilizes a formula that takes into consideration both major claims in the First Amended Complaint to determine each Class Member's Summary of Recognized Losses. *Class Plaintiffs. v City of Seattle*, 955 F.2d 1268, 1284-85 (9th Cir 1992)). "It is reasonable to allocate the settlement funds to class members based on the extent of their injuries or the strength of their claims on the merits."

12. Distributions will be made to Class Members who do not exclude themselves from the settlement after all claims have been processed. The distributions will allocate the Net Settlement Fund pro-rata based on the amount of each Class Member's Recognized Losses compared to the total Recognized Losses of all Class Members.

13. If any funds remain in the Net Settlement Fund by reason of un-cashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to distribute such funds, any balance remaining shall be contributed to one or more nonsectarian, not for profit, 501(c)(3) organization(s) designated by Class Counsel.

**Dismissal Of Claims And Release**

14. The Consolidated Class Action Complaint filed in the Action and all claims asserted therein (except the individual claims of those individuals and entities listed on Exhibit A hereto) are hereby dismissed with prejudice and without costs to any party, except as otherwise provided in the Stipulation.

15. The Court finds that during the course of the Action, the settling parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

16. Upon the Effective Date of the Settlement (as defined in Paragraph 22 of the Stipulation), the Releasing Plaintiff Parties (as defined in Paragraph 1(dd) of the Stipulation) shall

release and forever discharge the Released Claims (as defined in Paragraph 1(x) of the Stipulation) as against the Released Defendant Parties (as defined in Paragraph 1(y) of the Stipulation).

17. Upon the Effective Date of the Settlement (as defined in Paragraph 22 of the Stipulation), the Releasing Defendant Parties (as defined in Paragraph 1(cc) of the Stipulation) shall release and forever discharge the Released Defendants' Claims (as defined in Paragraph 1(z) of the Stipulation) as against the Released Plaintiff Parties (as defined in Paragraph 1(bb) of the Stipulation).

18. No Class Member, either directly, representatively, or in any other capacity (other than the individuals or entities listed on Exhibit A hereto), shall commence, continue, or prosecute against any or all Released Defendant Parties any action or proceeding in any court or tribunal asserting any of the Released Claims defined in the Stipulation, and are hereby permanently enjoined from so proceeding.

19. Each Class Member, except the individuals and entities listed on Exhibit A hereto, whether or not such Class Member executes and delivers a Proof of Claim or Dispute Form, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

20. This Judgment, the Preliminary Approval Order, the Stipulation and its terms, the negotiations leading up to the Stipulation, the Settlement, and the proceedings taken pursuant to the Settlement, shall not: (1) be construed as an admission of liability or an admission of any claim or defense on the part of any Party, in any respect; (2) form the basis for any claim of estoppel by any third party against any of the Released Defendant Parties; or (3) be admissible in any action, suit, proceeding, or investigation as evidence, or as an admission, of any wrongdoing or liability whatsoever by any of the Released Defendant Parties or as evidence of the truth of any of the claims or allegations contained in any complaint filed in the Action, or deemed to be evidence of or an admission or concession that Lead Plaintiffs or any Class Members have suffered any damages, harm or loss. Neither this Judgment, nor the Preliminary Approval Order, nor the Stipulation, nor any of their terms and provisions, nor any of the negotiations or

proceedings connected with them, nor any action taken to carry out this Judgment, the Preliminary Approval Order, or Stipulation by any of the Parties shall be referred to, offered into evidence, or received in evidence in any pending or future civil, criminal or administrative action or proceeding, except in a proceeding to enforce this Judgment, the Preliminary Approval Order or the Stipulation, or to enforce any insurance rights, to defend against the assertion of Released Claims (including to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction), or by Class Counsel to demonstrate its adequacy to serve as lead counsel under the PSLRA or class counsel pursuant to Federal Rule 23(g) (or its state law analogs), or as otherwise required by law.

### Escrow Account

21. The Court finds that the Escrow Account (as defined in Paragraph 1(i) of the Stipulation) is a "Qualified Settlement Fund" as defined in Section 1.468B-1(a) of the Treasury Regulations in that it satisfies each of the following requirements:

    (a) The Escrow Account was established pursuant to an order of this Court, specifically the Preliminary Approval Order, and is subject to the continuing jurisdiction of this Court;

    (b) The Escrow Account was established to resolve or satisfy one or more contested or uncontested claims that have resulted or may result from an event that has occurred and that has given rise to at least one claim asserting liability arising out of an alleged violation of law; and

    (c) The assets of the Escrow Account are segregated from other assets of Defendants, the transferors of payments to the Settlement Fund, and from the assets of persons related to Defendants.

22. Under the "relation-back" rule provided under section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that:

    (a) The Escrow Account met the requirements of Paragraphs 19(b) of this Judgment at the time it was established pursuant to the Preliminary Approval Order, subject to the continued jurisdiction of this Court; and

    (b)  Defendants and the "administrator" under Section 1.468B-2(k)(3) of the Treasury Regulations may jointly elect to treat the Escrow Account as coming into existence as a "Qualified Settlement Fund" on the earlier of the date the Escrow Account met the requirements of Paragraph 19(b) of this Judgment or January 1 of the calendar year in which all of the requirements of Paragraph 19 of this Judgment are met. If such relation-back election is made, the assets held by the Escrow Account on such date shall be treated as having been transferred to the Escrow Account on that date.

**Continuing Jurisdiction**

23.  Without affecting the finality of this Judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to administration, consummation, enforcement and interpretation of the Stipulation, the Settlement, and of this Judgment, to protect and effectuate this Judgment, and for any other necessary purpose. Defendants, Lead Plaintiffs and each Class Member are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court for the purpose of any suit, action, proceeding or dispute arising out of or relating to the Settlement or the Stipulation, including the Exhibits thereto, and only for such purposes. Without limiting the generality of the foregoing, and without affecting the finality of this Judgment, the Court retains exclusive jurisdiction over any such suit, action or proceeding. Solely for purposes of such suit, action or proceeding, to the fullest extent they may effectively do so under applicable law, Defendants, Lead Plaintiffs and each Class Member are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

**Miscellaneous**

24.  Any plan for allocating the Net Settlement Fund to eligible Class Members submitted by Class Counsel or any order regarding any fee and expense application, or any appeal, modification or change thereof, shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

-7-
[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL  No. CV 10-01171 LHK

-8-

25. In the event that the Settlement does not become effective according to the terms of the Stipulation, this Judgment shall be rendered null and void as provided by the Stipulation, shall be vacated, and all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

DATED: _____

                                                                 THE HONORABLE LUCY H. KOH
                                                                  UNITED STATES DISTRICT JUDGE